AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ESURANCE INSURANCE COMPANY; and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiffs,

Civil Action No. 2:19-cv-13721

-v-

INSCRIBED, PLLC; INTEGRATIVE NEUROLOGY, PLLC; DIAGNOSTIC SOLUTIONS, LLC, WOOK KIM, M.D. P.C. d/b/a FARMBROOK INTERVENTIONAL PAIN & EMG; DETROIT INSTITUTE OF PAIN MUSCULOSKELETAL MEDICINE, PLLC; MICHIGAN MUSCULOSKELETAL MEDICINE PLLC; ZMC PHARMACY, LLC; INTEGRA LAB MANAGEMENT, LLC; GIREESH VELUGUBANTI MD; ARVINDER DHILLON, MD; BACHU ABRAHAM, MD; and JALAL ZAWAIDEH, RPH,

Defendants.
_____________________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DIAGNOSTIC SOLUTIONS, LLC**

Now comes Defendant, Diagnostic Solutions, LLC, and states the following as an answer and affirmative defenses to the Plaintiff's complaint:

## I. INTRODUCTION

1. With respect to the allegations contained in paragraph one (1), denies as untrue.

2. With respect to the allegations contained in paragraph two (2), denies as untrue.

3. With respect to the allegations contained in paragraph three (3), denies as untrue.

4.      With respect to the allegations contained in paragraph four (4), denies as untrue.

5.      With respect to the allegations contained in paragraph five (5), denies as untrue.

6.      With respect to the allegations contained in paragraph six (6), denies as untrue.

7.      With respect to the allegations contained in paragraph seven (7), denies as untrue.

8.      With respect to the allegations contained in paragraph eight (8), denies as untrue.

9.      With respect to the allegations contained in paragraph nine (9), denies as untrue.

10.      With respect to the allegations contained in paragraph ten (10), denies as untrue.

11.      With respect to the allegations contained in paragraph eleven (11), denies as untrue.

12.      With respect to the allegations contained in paragraph twelve (12), denies as untrue.

13.      With respect to the allegations contained in paragraph thirteen (13), denies as untrue.

14.      With respect to the allegations contained in paragraph fourteen (14), denies as untrue.

15.      With respect to the allegations contained in paragraph fifteen (15), admitted only to the extent that Plaintiffs have brought sought allegations and causes of action against Defendants herein. As to the veracity, validity, and merit of such accusations, Defendant denies as untrue.

16.      With respect to the allegations contained in paragraph sixteen (16), admitted only to the extent that Plaintiffs have brought sought allegations and request for relief against Defendants herein. As to the veracity, validity, and merit of such accusations, Defendant denies as untrue.

17.      With respect to the allegations contained in paragraph seventeen (17), admitted only to the extent that Plaintiffs have brought sought allegations and causes of action against Defendants herein. As to the veracity, validity, and merit of such accusations, Defendant denies as untrue.

18.      With respect to the allegations contained in paragraph eighteen (18), Defendant lacks sufficient information to formulate an opinion concerning the truth of the matter asserted; therefore, Defendant leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

## II. PARTIES

### A. PLAINTIFFS

19. With respect to the allegations contained in paragraph nineteen (19), admitted.

20. With respect to the allegations contained in paragraph twenty (20), admitted.

21. With respect to the allegations contained in paragraph twenty-one (21), admitted.

22. With respect to the allegations contained in paragraph twenty-two (22), admitted.

23. With respect to the allegations contained in paragraph twenty-three (23), admitted.

### B. DEFENDANTS

**Inscribed, PLLC**

24. With respect to the allegations contained in paragraph twenty-four (24), admitted.

25. With respect to the allegations contained in paragraph twenty-five (25), admitted only to the extent that Gireesh Velugubanti, M.D. (hereinafter referred to as "Dr. V") was the sole owner responsible for the activities of Inscribed, PLLC. Dr. V denies as untrue the allegations set forth by Plaintiffs in their complaint therein as untrue.

26. With respect to allegations contained in paragraph twenty-six (26), denied as untrue.

27. With respect to the allegations contained in paragraph twenty-seven (27), admitted.

28. With respect to the allegations contained in paragraph twenty-eight (28), denied as untrue.

**Integrative Neurology, PLLC**

29. With respect to the allegations contained in paragraph twenty-nine (29), admitted.

30. With respect to the allegations contained in paragraph thirty (30), admitted only to the extent that Gireesh Velugubanti, M.D. (hereinafter referred to as "Dr. V") was the sole owner responsible for the activities of Integrative Neurology, PLLC. Dr. V denies as untrue the allegations

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

set forth by Plaintiffs in their complaint therein as untrue.

31. With respect to allegations contained in paragraph thirty-one (31), denied as untrue.

32. With respect to the allegations contained in paragraph thirty-two (32), admitted.

33. With respect to the allegations contained in paragraph thirty-three (33), denied as untrue.

**Diagnostic Solutions, LLC**

34. With respect to the allegations contained in paragraph thirty-four (34), admitted.

35. With respect to the allegations contained in paragraph thirty-five (35), admitted only to the extent that Gireesh Velugubanti, M.D. (hereinafter referred to as "Dr. V") was the sole owner responsible for the activities of Diagnostic Solutions, LLC. Dr. V denies as untrue the allegations set forth by Plaintiffs in their complaint therein as untrue.

36. With respect to allegations contained in paragraph thirty-six (36), denied as untrue.

37. With respect to the allegations contained in paragraph thirty-seven (37), admitted.

38. With respect to the allegations contained in paragraph thirty-eight (38), denied as untrue.

**Wook Kim, M.D.. P.C. d/b/a Farmbrook Interventional Pain & EMG**

39. With respect to the allegations contained in paragraph thirty (39), denies for lack of knowledge and leaves Plaintiff to their proofs.

40. With respect to the allegations contained in paragraph forty (40), denies for lack of knowledge and leaves Plaintiff to their proofs.

41. With respect to the allegations contained in paragraph forty-one (41), denies as untrue.

42. With respect to the allegations contained in paragraph forty-two (42), denies for lack of knowledge and leaves Plaintiff to their proofs.

43. With respect to the allegations contained in paragraph forty-three (43), denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**Detroit Institute of Pain Musculoskeletal Medicine, PLLC**

44. With respect to the allegations contained in paragraph forty-four (44), denies for lack of knowledge and leaves Plaintiff to their proofs.

45. With respect to the allegations contained in paragraph forty-five (45), denies for lack of knowledge and leaves Plaintiff to their proofs.

46. With respect to the allegations contained in paragraph forty-six (46), denies as untrue.

47. With respect to the allegations contained in paragraph forty-seven (47), denies for lack of knowledge and leaves Plaintiff to their proofs.

48. With respect to the allegations contained in paragraph forty-eight (48), denies for lack of knowledge and leaves Plaintiff to their proofs.

**Michigan Institute of Musculoskeletal Medicine, PLLC**

49. With respect to the allegations contained in paragraph forty-nine (49), denies for lack of knowledge and leaves Plaintiff to their proofs.

50. With respect to the allegations contained in paragraph fifty (50), denies for lack of knowledge and leaves Plaintiff to their proofs.

51. With respect to the allegations contained in paragraph fifty-one (51), denies as untrue.

52. With respect to the allegations contained in paragraph fifty-two (52), denies for lack of knowledge and leaves Plaintiff to their proofs.

53. With respect to the allegations contained in paragraph fifty-three (53), denies for lack of knowledge and leaves Plaintiff to their proofs.

**ZMC Pharmacy, LLC**

54. With respect to the allegations contained in paragraph fifty-four (54), denies for lack of knowledge and leaves Plaintiff to their proofs.

55.     With respect to the allegations contained in paragraph fifty-five (55), denies for lack of knowledge and leaves Plaintiff to their proofs.

56.     With respect to the allegations contained in paragraph fifty-six (56), denies as untrue.

57.     With respect to the allegations contained in paragraph fifty-seven (57), denies for lack of knowledge and leaves Plaintiff to their proofs.

58.     With respect to the allegations contained in paragraph fifty-eight (58), denies for lack of knowledge and leaves Plaintiff to their proofs.

**Integra Lab Management, LLC**

59. With respect to the allegations contained in paragraph fifty-nine (59), denies for lack of knowledge and leaves Plaintiff to their proofs.

60.     With respect to the allegations contained in paragraph sixty (60), denies for lack of knowledge and leaves Plaintiff to their proofs.

61.     With respect to the allegations contained in paragraph sixty-one (61), denies as untrue.

62.     With respect to the allegations contained in paragraph sixty-two (62), denies for lack of knowledge and leaves Plaintiff to their proofs.

63.     With respect to the allegations contained in paragraph sixty-three (63), denies for lack of knowledge and leaves Plaintiff to their proofs.

Gireesh Velugubanti, M.D.

64. With respect to the allegations contained in paragraph sixty-four (64, admitted.

65. With respect to the allegations contained in paragraph sixty-five (65), admitted in part and denied in part. Defendant admits only to the extent that Dr. V. is the sole owner and manager of Inscribed, Integrative Neurology and Diagnostic Solutions only. Defendant Dr. V denies as untrue that he took part in any capacity in the ownership or operation of any other named

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

Defendant therein this paragraph or Plaintiff's Complaint as a whole.

66. With respect to the allegations contained in paragraph sixty-six (66), denies as untrue.

**Arvinder Dhillon, M.D.**

67. With respect to the allegations contained in paragraph sixty-seven (67), denies for lack of knowledge and leaves Plaintiff to their proofs.

68. With respect to the allegations contained in paragraph sixty-eight (68), denies for lack of knowledge and leaves Plaintiff to their proofs.

69. With respect to the allegations contained in paragraph sixty-nine (69), denies for lack of knowledge and leaves Plaintiff to their proofs.

**Bachu Ambraham, M.D.**

70. With respect to the allegations contained in paragraph seventy (70), denies for lack of knowledge and leaves Plaintiff to their proofs.

71. With respect to the allegations contained in paragraph seventy-one (71), denies for lack of knowledge and leaves Plaintiff to their proofs.

72. With respect to the allegations contained in paragraph seventy-two (72), denies for lack of knowledge and leaves Plaintiff to their proofs.

**Jalal Zawaideh, R. Ph.**

73. With respect to the allegations contained in paragraph seventy-three (73), denies for lack of knowledge and leaves Plaintiff to their proofs.

74. With respect to the allegations contained in paragraph seventy-four (74), denies for lack of knowledge and leaves Plaintiff to their proofs.

75. With respect to the allegations contained in paragraph seventy-five (75), denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

## III. JURISDICTION AND VENUE

76. With respect to the allegations contained in paragraph seventy-six (76), admitted.

77. With respect to the allegations contained in paragraph seventy-seven (77), admitted.

78. With respect to the allegations contained in paragraph seventy-eight (78), admitted.

79. With respect to the allegations contained in paragraph seventy-nine (79), admitted.

80. With respect to the allegations contained in paragraph eighty (80), admitted.

81. With respect to the allegations contained in paragraph eighty-one (81), admitted.

82. With respect to the allegations contained in paragraph eighty-two (82), admitted.

83. With respect to the allegations contained in paragraph eighty-three (83), admitted.

84. With respect to the allegations contained in paragraph eighty-four (84), admitted.

85. With respect to the allegations contained in paragraph eighty-five (85), admitted.

86. With respect to the allegations contained in paragraph eighty-six (86), admitted.

87. With respect to the allegations contained in paragraph eighty-seven (87), admitted.

88. With respect to the allegations contained in paragraph eighty-eight (88), admitted.

89. With respect to the allegations contained in paragraph eighty-nine (89), denies for lack of knowledge, leaving Plaintiff to their proofs.

90. With respect to the allegations contained in paragraph ninety (90), denies for lack of knowledge and leaves Plaintiff to their proofs.

91. With respect to the allegations contained in paragraph ninety-one (91), denies for lack of knowledge and leaves Plaintiff to their proofs.

92. With respect to the allegations contained in paragraph ninety-two (92), denies for lack of knowledge and leaves Plaintiff to their proofs.

93. With respect to the allegations contained in paragraph ninety-three (93), denies for lack of knowledge and leaves Plaintiff to their proofs.

94. With respect to the allegations contained in paragraph ninety-four (94), denies for lack of knowledge and leaves Plaintiff to their proofs.

95. With respect to the allegations contained in paragraph ninety-five (95), denies for lack of knowledge and leaves Plaintiff to their proofs.

96. With respect to the allegations contained in paragraph ninety-six (96), denies for lack of knowledge and leaves Plaintiff to their proofs.

97. With respect to the allegations contained in paragraph ninety-seven (97), denies for lack of knowledge and leaves Plaintiff to their proofs.

98. With respect to the allegations contained in paragraph ninety-eight (98), denies for lack of knowledge and leaves Plaintiff to their proofs.

99. With respect to the allegations contained in paragraph ninety-nine (99), denies for lack of knowledge and leaves Plaintiff to their proofs.

100. With respect to the allegations contained in paragraph 100, denies for lack of knowledge and leaves Plaintiff to their proofs.

101. With respect to the allegations contained in paragraph 101, denies for lack of knowledge and leaves Plaintiff to their proofs.

102. With respect to the allegations contained in paragraph 102, denies for lack of knowledge and leaves Plaintiff to their proofs.

103. With respect to the allegations contained in paragraph 103, denies for lack of knowledge and leaves Plaintiff to their proofs.

104. With respect to the allegations contained in paragraph 104, admitted.

**AT LAW GROUP, PLLC**
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

105. With respect to the allegations contained in paragraph 105, denies for lack of knowledge and leaves Plaintiff to their proofs.

106. With respect to the allegations contained in paragraph 106, denies for lack of knowledge and leaves Plaintiff to their proofs.

107. With respect to the allegations contained in paragraph 107, denies for lack of knowledge and leaves Plaintiff to their proofs.

108. With respect to the allegations contained in paragraph 108, admitted.

109. With respect to the allegations contained in paragraph 109, admitted.

## IV. BACKGROUND ON THE DEFENDANTS' SCHEME TO DEFRAUD

110. With respect to the allegations contained in paragraph 110, denied as untrue.

111. With respect to the allegations contained in paragraph 111, denied as untrue.

112. With respect to the allegations contained in paragraph 112, denied as untrue.

113. With respect to the allegations contained in paragraph 113, denied as untrue.

114. With respect to the allegations contained in paragraph 114, denied as untrue.

115. With respect to the allegations contained in paragraph 115, denied as untrue.

116. With respect to the allegations contained in paragraph 116, denied as untrue.

117. With respect to the allegations contained in paragraph 117, denied as untrue.

118. With respect to the allegations contained in paragraph 118, denied as untrue.

119. With respect to the allegations contained in paragraph 119, denied as untrue.

120. With respect to the allegations contained in paragraph 120, denied as untrue.

121. With respect to the allegations contained in paragraph 121, denied as untrue.

122. With respect to the allegations contained in paragraph 122, denied as untrue.

123. With respect to the allegations contained in paragraph 123, denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

124. With respect to the allegations contained in paragraph 124, denied as untrue.

125. With respect to the allegations contained in paragraph 125, denied as untrue.

126. With respect to the allegations contained in paragraph 126, denied as untrue.

127. With respect to the allegations contained in paragraph 127, denied as untrue.

128. With respect to the allegations contained in paragraph 128, denied as untrue.

129. With respect to the allegations contained in paragraph 129, denied as untrue.

130. With respect to the allegations contained in paragraph 130, denied as untrue.

131. With respect to the allegations contained in paragraph 131, denied as untrue.

132. With respect to the allegations contained in paragraph 132, denied as untrue.

133. With respect to the allegations contained in paragraph 133, denied as untrue.

134. With respect to the allegations contained in paragraph 134, denied as untrue.

135. With respect to the allegations contained in paragraph 135, denied as untrue.

136. With respect to the allegations contained in paragraph 136, denied as untrue.

137. With respect to the allegations contained in paragraph 137, denied as untrue.

138. With respect to the allegations contained in paragraph 138, denied as untrue.

139. With respect to the allegations contained in paragraph 139, denied as untrue.

140. With respect to the allegations contained in paragraph 140, denied as untrue.

141. With respect to the allegations contained in paragraph 141, denied as untrue.

142. With respect to the allegations contained in paragraph 142, denied as untrue.

143. With respect to the allegations contained in paragraph 143, denied as untrue.

144. With respect to the allegations contained in paragraph 144, denied as untrue.

145. With respect to the allegations contained in paragraph 145, denied as untrue.

146. With respect to the allegations contained in paragraph 146, denied as untrue.

147. With respect to the allegations contained in paragraph 147, denied as untrue.

148. With respect to the allegations contained in paragraph 148, denied as untrue.

149. With respect to the allegations contained in paragraph 149, denied as untrue.

150. With respect to the allegations contained in paragraph 150, denied as untrue.

151. With respect to the allegations contained in paragraph 151, denied as untrue.

152. With respect to the allegations contained in paragraph 152, denied as untrue.

153. With respect to the allegations contained in paragraph 153, denied as untrue.

## V. BILLING FOR SERVICES NOT RENDERED

154. With respect to the allegations contained in paragraph 154, denied as untrue.

155. With respect to the allegations contained in paragraph 155, denied as untrue.

156. With respect to the allegations contained in paragraph 156, denied as untrue.

157. With respect to the allegations contained in paragraph 157, denied as untrue.

158. With respect to the allegations contained in paragraph 158, denied as untrue.

159. With respect to the allegations contained in paragraph 159, denied as untrue.

### Billing for Evaluations not Performed

160. With respect to the allegations contained in paragraph 160, denied as untrue.

161. With respect to the allegations contained in paragraph 161, denied as untrue.

162. With respect to the allegations contained in paragraph 162, denied as untrue.

163. With respect to the allegations contained in paragraph 163, denied as untrue.

164. With respect to the allegations contained in paragraph 164, denied as untrue.

### Billing for Ambulatory EEGs not Performed

165. With respect to the allegations contained in paragraph 165, denied as untrue.

166. With respect to the allegations contained in paragraph 166, denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

167.    With respect to the allegations contained in paragraph 167, denied as untrue.

168.    With respect to the allegations contained in paragraph 168, denied as untrue.

169.    With respect to the allegations contained in paragraph 169, denied as untrue.

170.    With respect to the allegations contained in paragraph 170, denied as untrue.

171.    With respect to the allegations contained in paragraph 171, denied as untrue.

172.    With respect to the allegations contained in paragraph 172, denied as untrue.

**Billing for Neurobehavioral Assessments not Performed**

173.    With respect to the allegations contained in paragraph 173, denied as untrue.

174.    With respect to the allegations contained in paragraph 174, denied as untrue.

175.    With respect to the allegations contained in paragraph 175, denied as untrue.

176.    With respect to the allegations contained in paragraph 176, denied as untrue.

177.    With respect to the allegations contained in paragraph 177, denied as untrue.

178.    With respect to the allegations contained in paragraph 178, denied as untrue.

179.    With respect to the allegations contained in paragraph 179, denied as untrue.

180.    With respect to the allegations contained in paragraph 180, denied as untrue.

181.    With respect to the allegations contained in paragraph 181, denied as untrue.

182.    With respect to the allegations contained in paragraph 182, denied as untrue.

183.    With respect to the allegations contained in paragraph 183, denied as untrue.

184.    With respect to the allegations contained in paragraph 184, denied as untrue.

185.    With respect to the allegations contained in paragraph 185, denied as untrue.

**Billing for Surgical Assistant Services not Performed**

186.    With respect to the allegations contained in paragraph 186, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

187.    With respect to the allegations contained in paragraph 187, denies for lack of knowledge and leaves Plaintiff to their proofs.

188.    With respect to the allegations contained in paragraph 188, denies for lack of knowledge and leaves Plaintiff to their proofs.

189.    With respect to the allegations contained in paragraph 189, denies for lack of knowledge and leaves Plaintiff to their proofs.

190.    With respect to the allegations contained in paragraph 190, denies for lack of knowledge and leaves Plaintiff to their proofs.

191.    With respect to the allegations contained in paragraph 191, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Specific Examples of Billing for Services not Rendered**

**Patient S.G. (Claim No. 0482998035)**

192.    With respect to the allegations contained in paragraph 192, denies for lack of knowledge and leaves Plaintiff to their proofs.

193.    With respect to the allegations contained in paragraph 193, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Patient M.M. (Claim No. 0421745613)**

194.    With respect to the allegations contained in paragraph 194, denies for lack of knowledge and leaves Plaintiff to their proofs.

195.    With respect to the allegations contained in paragraph 195, denies for lack of knowledge and leaves Plaintiff to their proofs.

196.    With respect to the allegations contained in paragraph 196, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

197. With respect to the allegations contained in paragraph 197, denies for lack of knowledge and leaves Plaintiff to their proofs.

198. With respect to the allegations contained in paragraph 198, denies for lack of knowledge and leaves Plaintiff to their proofs.

199. With respect to the allegations contained in paragraph 199, denies for lack of knowledge and leaves Plaintiff to their proofs.

200. With respect to the allegations contained in paragraph 200, denies for lack of knowledge and leaves Plaintiff to their proofs.

201. With respect to the allegations contained in paragraph 201, denies for lack of knowledge and leaves Plaintiff to their proofs.

202. With respect to the allegations contained in paragraph 202, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Patient S.H. (Claim No. 0421535188)**

203. With respect to the allegations contained in paragraph 203, denies for lack of knowledge and leaves Plaintiff to their proofs.

204. With respect to the allegations contained in paragraph 204, denies for lack of knowledge and leaves Plaintiff to their proofs.

205. With respect to the allegations contained in paragraph 205, denies for lack of knowledge and leaves Plaintiff to their proofs.

206. With respect to the allegations contained in paragraph 206, denies for lack of knowledge and leaves Plaintiff to their proofs.

207. With respect to the allegations contained in paragraph 207, denies for lack of knowledge and leaves Plaintiff to their proofs.

208.     With respect to the allegations contained in paragraph 208, denies for lack of knowledge and leaves Plaintiff to their proofs.

209.     With respect to the allegations contained in paragraph 209, denies for lack of knowledge and leaves Plaintiff to their proofs.

210.     With respect to the allegations contained in paragraph 210, denies for lack of knowledge and leaves Plaintiff to their proofs.

211.     With respect to the allegations contained in paragraph 211, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Patient R.P. (Claim No. 0461342511)**

212.     With respect to the allegations contained in paragraph 212, denies for lack of knowledge and leaves Plaintiff to their proofs.

213.     With respect to the allegations contained in paragraph 213, denies for lack of knowledge and leaves Plaintiff to their proofs.

214.     With respect to the allegations contained in paragraph 214, denies for lack of knowledge and leaves Plaintiff to their proofs.

215.     With respect to the allegations contained in paragraph 215, denies for lack of knowledge and leaves Plaintiff to their proofs.

216.     With respect to the allegations contained in paragraph 216, denies for lack of knowledge and leaves Plaintiff to their proofs.

217.     With respect to the allegations contained in paragraph 217, denies for lack of knowledge and leaves Plaintiff to their proofs.

218.     With respect to the allegations contained in paragraph 218, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

219. With respect to the allegations contained in paragraph 219, denies for lack of knowledge and leaves Plaintiff to their proofs.

220. With respect to the allegations contained in paragraph 220, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Patient A.F. (Claim No. 0541405619)**

221. With respect to the allegations contained in paragraph 221, denies for lack of knowledge and leaves Plaintiff to their proofs.

222. With respect to the allegations contained in paragraph 222, denies for lack of knowledge and leaves Plaintiff to their proofs.

223. With respect to the allegations contained in paragraph 223, denies for lack of knowledge and leaves Plaintiff to their proofs.

224. With respect to the allegations contained in paragraph 224, denies for lack of knowledge and leaves Plaintiff to their proofs.

225. With respect to the allegations contained in paragraph 225, denies for lack of knowledge and leaves Plaintiff to their proofs.

226. With respect to the allegations contained in paragraph 226, denies for lack of knowledge and leaves Plaintiff to their proofs.

227. With respect to the allegations contained in paragraph 227, denies for lack of knowledge and leaves Plaintiff to their proofs.

228. With respect to the allegations contained in paragraph 228, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Patient J. M. (Claim No. 0479909185)**

229. With respect to the allegations contained in paragraph 229, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

230. With respect to the allegations contained in paragraph 230, denies for lack of knowledge and leaves Plaintiff to their proofs.

231. With respect to the allegations contained in paragraph 231, denies for lack of knowledge and leaves Plaintiff to their proofs.

232. With respect to the allegations contained in paragraph 232, denies for lack of knowledge and leaves Plaintiff to their proofs.

233. With respect to the allegations contained in paragraph 233, denies for lack of knowledge and leaves Plaintiff to their proofs.

234. With respect to the allegations contained in paragraph 234, denies for lack of knowledge and leaves Plaintiff to their proofs.

235. With respect to the allegations contained in paragraph 235, denies for lack of knowledge and leaves Plaintiff to their proofs.

236. With respect to the allegations contained in paragraph 236, denies for lack of knowledge and leaves Plaintiff to their proofs.

237. With respect to the allegations contained in paragraph 237, denies for lack of knowledge and leaves Plaintiff to their proofs.

## VI. UNLAWFUL AND UNLICENSED TREATMENT AND SERVICES

238. With respect to the allegations contained in paragraph 238, denied as untrue.

239. Paragraph 239 is a statement of law, speaks for itself, and requires no response.

240. Paragraph 240 is a statement of law, speaks for itself, and requires no response.

241. Paragraph 241 is a statement of law, speaks for itself, and requires no response.

242. With respect to the allegations contained in paragraph 242, denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

243. With respect to the allegations contained in paragraph 243, denies for lack of knowledge and leaves Plaintiff to their proofs.

244. With respect to the allegations contained in paragraph 244, denied as untrue.

245. With respect to the allegations contained in paragraph 245, denied as untrue.

246. With respect to the allegations contained in paragraph 246, denies for lack of knowledge and leaves Plaintiff to their proofs.

247. With respect to the allegations contained in paragraph 247, denied as untrue.

248. With respect to the allegations contained in paragraph 248, denied as untrue.

249. With respect to the allegations contained in paragraph 249, denies for lack of knowledge and leaves Plaintiff to their proofs.

250. With respect to the allegations contained in paragraph 250, denied as untrue.

251. With respect to the allegations contained in paragraph 251, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

252. With respect to the allegations contained in paragraph 252, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Unlicensed Treatment Rendered by Physician Assistants**

253. With respect to the allegations contained in paragraph 253, denied as untrue.

254. Paragraph 254 is a statement of law, speaks for itself, and requires no response.

255. Paragraph 255 is a statement of law, speaks for itself, and requires no response.

256. Paragraph 256 is a statement of law, speaks for itself, and requires no response.

257. Paragraph 257 is a statement of law, speaks for itself, and requires no response.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

258. Paragraph 258 is a statement of law, speaks for itself, and requires no response.

259. With respect to the allegations contained in paragraph 259, denies for lack of knowledge and leaves Plaintiff to their proofs.

260. With respect to the allegations contained in paragraph 260, denies for lack of knowledge and leaves Plaintiff to their proofs.

261. With respect to the allegations contained in paragraph 261, denies for lack of knowledge and leaves Plaintiff to their proofs.

262. With respect to the allegations contained in paragraph 262, denies for lack of knowledge and leaves Plaintiff to their proofs.

263. With respect to the allegations contained in paragraph 263, denies for lack of knowledge and leaves Plaintiff to their proofs.

264. With respect to the allegations contained in paragraph 264, denies for lack of knowledge and leaves Plaintiff to their proofs.

265. With respect to the allegations contained in paragraph 265, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

266. With respect to the allegations contained in paragraph 266, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

267. With respect to the allegations contained in paragraph 267, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Defendants Failed to Obtain the Required Licensure to Issue DME in the State of**

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**Michigan**

268. With respect to the allegations contained in paragraph 268, denied as untrue.

269. Paragraph 269 is a statement of law, speaks for itself, and requires no response.

270. Paragraph 270 is a statement of law, speaks for itself, and requires no response.

271. Paragraph 271 is a statement of law, speaks for itself, and requires no response.

272. Paragraph 272 is a statement of law, speaks for itself, and requires no response.

273. Paragraph 273 is a statement of law, speaks for itself, and requires no response.

274. Paragraph 274 is a statement of law, speaks for itself, and requires no response.

275. With respect to the allegations contained in paragraph 275, such allegations call for a conclusion of law, thus Defendant can neither admit nor deny the allegations as currently formulated.

276. With respect to the allegations contained in paragraph 276, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

277. With respect to the allegations contained in paragraph 277, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

278. With respect to the allegations contained in paragraph 278, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

279. With respect to the allegations contained in paragraph 279, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

## VII. UNLAWFUL SOLICITATION

**Michigan's Anti-Solicitation Laws**

280. Paragraph 280 is a statement of law, speaks for itself, and requires no response.

281. Paragraph 281 is a statement of law, speaks for itself, and requires no response.

282. With respect to the allegations contained in paragraph 282, denies for lack of knowledge and leaves Plaintiff to their proofs.

283. With respect to the allegations contained in paragraph 283, denies for lack of knowledge and leaves Plaintiff to their proofs.

284. Paragraph 284 is a statement of law, speaks for itself, and requires no response.

285. Paragraph 285 is a statement of law, speaks for itself, and requires no response.

286. With respect to the allegations contained in paragraph 286, denied as untrue.

**Illegal Solicitation of Motor Vehicle Accident Victims**

287. With respect to the allegations contained in paragraph 287, denied as untrue.

288. With respect to the allegations contained in paragraph 288, denied as untrue.

289. With respect to the allegations contained in paragraph 289, denied as untrue.

290. With respect to the allegations contained in paragraph 290, denied as untrue.

291. With respect to the allegations contained in paragraph 291, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

292. With respect to the allegations contained in paragraph 292, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

293. With respect to the allegations contained in paragraph 293, denied as untrue.

294. With respect to the allegations contained in paragraph 294, denied as untrue.

295. With respect to the allegations contained in paragraph 295, denied as untrue.

**<u>Specific Examples of Patient Solicitation</u>**

296. With respect to the allegations contained in paragraph 296, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Patient K.L. (Claim No. TXA-0187454)**

297. With respect to the allegations contained in paragraph 297, denies for lack of knowledge and leaves Plaintiff to their proofs.

298. With respect to the allegations contained in paragraph 298, denies for lack of knowledge and leaves Plaintiff to their proofs.

299. With respect to the allegations contained in paragraph 299, denies for lack of knowledge and leaves Plaintiff to their proofs.

300. With respect to the allegations contained in paragraph 300, denies for lack of knowledge and leaves Plaintiff to their proofs.

301. With respect to the allegations contained in paragraph 301, denies for lack of knowledge and leaves Plaintiff to their proofs.

302. With respect to the allegations contained in paragraph 302, denies for lack of knowledge and leaves Plaintiff to their proofs.

303. With respect to the allegations contained in paragraph 303, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient S.G. (Claim No. 0482998035)**

304. With respect to the allegations contained in paragraph 304, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

305. With respect to the allegations contained in paragraph 305, denies for lack of knowledge and leaves Plaintiff to their proofs.

306. With respect to the allegations contained in paragraph 306, denies for lack of knowledge and leaves Plaintiff to their proofs.

307. With respect to the allegations contained in paragraph 307, denies for lack of knowledge and leaves Plaintiff to their proofs.

308. With respect to the allegations contained in paragraph 308, denies for lack of knowledge and leaves Plaintiff to their proofs.

309. With respect to the allegations contained in paragraph 309, denies for lack of knowledge and leaves Plaintiff to their proofs.

310. With respect to the allegations contained in paragraph 310, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient T.S. (Claim No. 0461626020)**

311. With respect to the allegations contained in paragraph 311, denies for lack of knowledge and leaves Plaintiff to their proofs.

312. With respect to the allegations contained in paragraph 312, denies for lack of knowledge and leaves Plaintiff to their proofs.

313. With respect to the allegations contained in paragraph 313, denies for lack of knowledge and leaves Plaintiff to their proofs.

314. With respect to the allegations contained in paragraph 314, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

315. With respect to the allegations contained in paragraph 315, denies for lack of knowledge and leaves Plaintiff to their proofs.

316. With respect to the allegations contained in paragraph 316, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient D.J. (Claim No. TXA-0185605)**

317. With respect to the allegations contained in paragraph 317, denies for lack of knowledge and leaves Plaintiff to their proofs.

318. With respect to the allegations contained in paragraph 318, denies for lack of knowledge and leaves Plaintiff to their proofs.

319. With respect to the allegations contained in paragraph 319, denies for lack of knowledge and leaves Plaintiff to their proofs.

320. With respect to the allegations contained in paragraph 320, denies for lack of knowledge and leaves Plaintiff to their proofs.

321. With respect to the allegations contained in paragraph 321, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient R.L. (Claim No. TXA-0197188)**

322. With respect to the allegations contained in paragraph 322, denies for lack of knowledge and leaves Plaintiff to their proofs.

323. With respect to the allegations contained in paragraph 323, denies for lack of knowledge and leaves Plaintiff to their proofs.

324. With respect to the allegations contained in paragraph 324, denies for lack of knowledge

 AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

325. With respect to the allegations contained in paragraph 325, denies for lack of knowledge and leaves Plaintiff to their proofs.

326. With respect to the allegations contained in paragraph 326, denies for lack of knowledge and leaves Plaintiff to their proofs.

327. With respect to the allegations contained in paragraph 327, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

## VIII. UNREASONABLE AND UNNECESSARY MEDICAL TREATMENT

328. With respect to the allegations contained in paragraph 328, denied as untrue.

329. With respect to the allegations contained in paragraph 329, denied as untrue.

330. With respect to the allegations contained in paragraph 330, denied as untrue.

331. With respect to the allegations contained in paragraph 331, denied as untrue.

332. With respect to the allegations contained in paragraph 332, denied as untrue.

333. With respect to the allegations contained in paragraph 333, denied as untrue.

334. With respect to the allegations contained in paragraph 334, denied as untrue.

335. With respect to the allegations contained in paragraph 335, denied as untrue.

### Predetermined Treatment Protocol

336. With respect to the allegations contained in paragraph 336, denied as untrue.

337. With respect to the allegations contained in paragraph 337, denied as untrue.

338. With respect to the allegations contained in paragraph 338, denied as untrue.

339. With respect to the allegations contained in paragraph 339, denied as untrue.

340. With respect to the allegations contained in paragraph 340, denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

341. With respect to the allegations contained in paragraph 341, denied as untrue.

342. With respect to the allegations contained in paragraph 342, denied as untrue.

343. With respect to the allegations contained in paragraph 343, denied as untrue.

344. With respect to the allegations contained in paragraph 344, denied as untrue.

345. With respect to the allegations contained in paragraph 345, denied as untrue.

346. With respect to the allegations contained in paragraph 346, denied as untrue.

347. With respect to the allegations contained in paragraph 347, denied as untrue.

348. With respect to the allegations contained in paragraph 348, denied as untrue.

349. With respect to the allegations contained in paragraph 349, denied as untrue.

350. With respect to the allegations contained in paragraph 350, denied as untrue.

351. With respect to the allegations contained in paragraph 351, denied as untrue.

352. With respect to the allegations contained in paragraph 352, denied as untrue.

353. With respect to the allegations contained in paragraph 353, denied as untrue.

354. With respect to the allegations contained in paragraph 354, denied as untrue.

355. With respect to the allegations contained in paragraph 355, denied as untrue.

356. With respect to the allegations contained in paragraph 356, denied as untrue.

357. With respect to the allegations contained in paragraph 357, denied as untrue.

358. With respect to the allegations contained in paragraph 358, denied as untrue.

359. With respect to the allegations contained in paragraph 359, denied as untrue.

360. With respect to the allegations contained in paragraph 360, denied as untrue.

361. With respect to the allegations contained in paragraph 361, denied as untrue.

362. With respect to the allegations contained in paragraph 362, denied as untrue.

363. With respect to the allegations contained in paragraph 363, denied as untrue.

364. With respect to the allegations contained in paragraph 364, denied as untrue.

365. With respect to the allegations contained in paragraph 365, denied as untrue.

366. With respect to the allegations contained in paragraph 366, denied as untrue.

367. With respect to the allegations contained in paragraph 367, denied as untrue.

368. With respect to the allegations contained in paragraph 368, denied as untrue.

369. With respect to the allegations contained in paragraph 369, denied as untrue.

370. With respect to the allegations contained in paragraph 370, denied as untrue.

371. With respect to the allegations contained in paragraph 371, denied as untrue.

372. With respect to the allegations contained in paragraph 372, denied as untrue.

373. With respect to the allegations contained in paragraph 373, denied as untrue.

374. With respect to the allegations contained in paragraph 374, denied as untrue.

375. With respect to the allegations contained in paragraph 375, denied as untrue.

376. With respect to the allegations contained in paragraph 376, denied as untrue.

377. With respect to the allegations contained in paragraph 377, denied as untrue.

378. With respect to the allegations contained in paragraph 378, denied as untrue.

379. With respect to the allegations contained in paragraph 379, denied as untrue.

380. With respect to the allegations contained in paragraph 380, denied as untrue.

381. With respect to the allegations contained in paragraph 381, denied as untrue.

382. With respect to the allegations contained in paragraph 382, denied as untrue.

383. With respect to the allegations contained in paragraph 383, denied as untrue.

384. With respect to the allegations contained in paragraph 384, denied as untrue.

385. With respect to the allegations contained in paragraph 385, denied as untrue.

**Unnecessary and Excessive Diagnostic Testing**

**AT LAW GROUP, PLLC**
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

386. With respect to the allegations contained in paragraph 386, denied as untrue.

387. With respect to the allegations contained in paragraph 387, denied as untrue.

388. With respect to the allegations contained in paragraph 388, denied as untrue.

389. With respect to the allegations contained in paragraph 389, denied as untrue.

390. With respect to the allegations contained in paragraph 390, denied as untrue.

391. With respect to the allegations contained in paragraph 391, denied as untrue.

392. With respect to the allegations contained in paragraph 392, denied as untrue.

393. With respect to the allegations contained in paragraph 393, denied as untrue.

394. With respect to the allegations contained in paragraph 394, denied as untrue.

395. With respect to the allegations contained in paragraph 395, denied as untrue.

396. With respect to the allegations contained in paragraph 396, denied as untrue.

397. With respect to the allegations contained in paragraph 397, denied as untrue.

398. With respect to the allegations contained in paragraph 398, denied as untrue.

399. With respect to the allegations contained in paragraph 399, denied as untrue.

400. With respect to the allegations contained in paragraph 400, denied as untrue.

401. With respect to the allegations contained in paragraph 401, denied as untrue.

402. With respect to the allegations contained in paragraph 402, denied as untrue.

403. With respect to the allegations contained in paragraph 403, denied as untrue.

404. With respect to the allegations contained in paragraph 404, denied as untrue.

405. With respect to the allegations contained in paragraph 405, denied as untrue.

406. With respect to the allegations contained in paragraph 406, denied as untrue.

407. With respect to the allegations contained in paragraph 407, denied as untrue.

408. With respect to the allegations contained in paragraph 408, denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

409. With respect to the allegations contained in paragraph 409, denied as untrue.

410. With respect to the allegations contained in paragraph 410, denied as untrue.

411. With respect to the allegations contained in paragraph 411, denied as untrue.

412. With respect to the allegations contained in paragraph 412, denied as untrue.

413. With respect to the allegations contained in paragraph 413, denied as untrue.

414. With respect to the allegations contained in paragraph 414, denied as untrue.

415. With respect to the allegations contained in paragraph 415, denied as untrue.

416. With respect to the allegations contained in paragraph 416, denied as untrue.

417. With respect to the allegations contained in paragraph 417, denied as untrue.

418. With respect to the allegations contained in paragraph 418, denied as untrue.

419. With respect to the allegations contained in paragraph 419, denied as untrue.

420. With respect to the allegations contained in paragraph 420, denied as untrue.

**Unnecessary and Excessive Use of Injection Procedures**

421. With respect to the allegations contained in paragraph 421, denied as untrue.

422. With respect to the allegations contained in paragraph 422, denied as untrue.

423. With respect to the allegations contained in paragraph 423, denied as untrue.

424. With respect to the allegations contained in paragraph 424, denied as untrue.

425. With respect to the allegations contained in paragraph 425, denied as untrue.

426. With respect to the allegations contained in paragraph 426, denied as untrue.

427. With respect to the allegations contained in paragraph 427, denied as untrue.

428. With respect to the allegations contained in paragraph 428, denied as untrue.

429. With respect to the allegations contained in paragraph 429, denied as untrue.

430. With respect to the allegations contained in paragraph 430, denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

431. With respect to the allegations contained in paragraph 431, denied as untrue.

432. With respect to the allegations contained in paragraph 432, denied as untrue.

433. With respect to the allegations contained in paragraph 433, denied as untrue.

434. With respect to the allegations contained in paragraph 434, denied as untrue.

435. With respect to the allegations contained in paragraph 435, denied as untrue.

436. With respect to the allegations contained in paragraph 436, denied as untrue.

437. With respect to the allegations contained in paragraph 437, denied as untrue.

438. With respect to the allegations contained in paragraph 438, denied as untrue.

439. With respect to the allegations contained in paragraph 439, denied as untrue.

440. With respect to the allegations contained in paragraph 440, denied as untrue.

441. With respect to the allegations contained in paragraph 441, denied as untrue.

442. With respect to the allegations contained in paragraph 442, denied as untrue.

**Unnecessary and Excessive Use of Neurofeedback Therapy**

443. With respect to the allegations contained in paragraph 443, denied as untrue.

444. With respect to the allegations contained in paragraph 444, denied as untrue.

445. With respect to the allegations contained in paragraph 445, denied as untrue.

446. With respect to the allegations contained in paragraph 446, denied as untrue.

447. With respect to the allegations contained in paragraph 447, denied as untrue.

448. With respect to the allegations contained in paragraph 448, denied as untrue.

449. With respect to the allegations contained in paragraph 449, denied as untrue.

450. With respect to the allegations contained in paragraph 450, denied as untrue.

451. With respect to the allegations contained in paragraph 451, denied as untrue.

452. With respect to the allegations contained in paragraph 452, denied as untrue.

453.   With respect to the allegations contained in paragraph 453, denied as untrue.

454.   With respect to the allegations contained in paragraph 454, denied as untrue.

455.   With respect to the allegations contained in paragraph 455, denied as untrue.

456.   With respect to the allegations contained in paragraph 456, denied as untrue.

457.   With respect to the allegations contained in paragraph 457, denied as untrue.

458.   With respect to the allegations contained in paragraph 458, denied as untrue.

459.   With respect to the allegations contained in paragraph 459, denied as untrue.

**Medically Unnecessary Medication**

460.   With respect to the allegations contained in paragraph 460, denied as untrue.

461.   With respect to the allegations contained in paragraph 461, denied as untrue.

462.   With respect to the allegations contained in paragraph 462, denied as untrue.

**Medically Unnecessary Controlled Substances**

463.   With respect to the allegations contained in paragraph 463, denied as untrue.

464.   With respect to the allegations contained in paragraph 464, denied as untrue.

465.   With respect to the allegations contained in paragraph 465, denied as untrue.

466.   With respect to the allegations contained in paragraph 466, denied as untrue.

467.   With respect to the allegations contained in paragraph 467, denied as untrue.

468.   With respect to the allegations contained in paragraph 468, denied as untrue.

469.   With respect to the allegations contained in paragraph 469, denied as untrue.

470.   With respect to the allegations contained in paragraph 470, denied as untrue.

**Medically Unnecessary Compounded Medications**

471.   With respect to the allegations contained in paragraph 471, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

472. With respect to the allegations contained in paragraph 472, denies for lack of knowledge and leaves Plaintiff to their proofs.

473. With respect to the allegations contained in paragraph 473, denies for lack of knowledge and leaves Plaintiff to their proofs.

474. With respect to the allegations contained in paragraph 474, denies for lack of knowledge and leaves Plaintiff to their proofs.

475. With respect to the allegations contained in paragraph 475, denies for lack of knowledge and leaves Plaintiff to their proofs.

476. With respect to the allegations contained in paragraph 476, denies for lack of knowledge and leaves Plaintiff to their proofs.

477. With respect to the allegations contained in paragraph 477, denies for lack of knowledge and leaves Plaintiff to their proofs.

478. With respect to the allegations contained in paragraph 478, denies for lack of knowledge and leaves Plaintiff to their proofs.

479. With respect to the allegations contained in paragraph 479, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Other Medically Unnecessary Medications**

480. With respect to the allegations contained in paragraph 480, denied as untrue.

481. With respect to the allegations contained in paragraph 481, denied as untrue.

482. With respect to the allegations contained in paragraph 482, denied as untrue.

483. With respect to the allegations contained in paragraph 483, denied as untrue.

**Medically Unnecessary Urine Drug Testing**

484. With respect to the allegations contained in paragraph 484, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

485.     With respect to the allegations contained in paragraph 485, denies for lack of knowledge and leaves Plaintiff to their proofs.

486.     With respect to the allegations contained in paragraph 486, denies for lack of knowledge and leaves Plaintiff to their proofs.

487.     With respect to the allegations contained in paragraph 487, denies for lack of knowledge and leaves Plaintiff to their proofs.

488.     With respect to the allegations contained in paragraph 488, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Medically Unnecessary Presumptive Urine Drug Screens**

489.     With respect to the allegations contained in paragraph 489, denies for lack of knowledge and leaves Plaintiff to their proofs.

490.     With respect to the allegations contained in paragraph 490, denies for lack of knowledge and leaves Plaintiff to their proofs.

491.     With respect to the allegations contained in paragraph 491, denies for lack of knowledge and leaves Plaintiff to their proofs.

492.     With respect to the allegations contained in paragraph 492, denies for lack of knowledge and leaves Plaintiff to their proofs.

493.     With respect to the allegations contained in paragraph 493, denies for lack of knowledge and leaves Plaintiff to their proofs.

494.     With respect to the allegations contained in paragraph 494, denies for lack of knowledge and leaves Plaintiff to their proofs.

495.     With respect to the allegations contained in paragraph 495, such allegations call for a

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Medically Unnecessary Definitive Urine Drug Testing**

496. With respect to the allegations contained in paragraph 496, denies for lack of knowledge and leaves Plaintiff to their proofs.

497. With respect to the allegations contained in paragraph 497, denies for lack of knowledge and leaves Plaintiff to their proofs.

498. With respect to the allegations contained in paragraph 498, denies for lack of knowledge and leaves Plaintiff to their proofs.

499. With respect to the allegations contained in paragraph 499, denies for lack of knowledge and leaves Plaintiff to their proofs.

500. With respect to the allegations contained in paragraph 500, denies for lack of knowledge and leaves Plaintiff to their proofs.

501. With respect to the allegations contained in paragraph 501, denies for lack of knowledge and leaves Plaintiff to their proofs.

502. With respect to the allegations contained in paragraph 502, denies for lack of knowledge and leaves Plaintiff to their proofs.

503. With respect to the allegations contained in paragraph 503, denies for lack of knowledge and leaves Plaintiff to their proofs.

504. With respect to the allegations contained in paragraph 504, denies for lack of knowledge and leaves Plaintiff to their proofs.

505. With respect to the allegations contained in paragraph 505, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

506. With respect to the allegations contained in paragraph 506, denies for lack of knowledge and leaves Plaintiff to their proofs.

507. With respect to the allegations contained in paragraph 507, denies for lack of knowledge and leaves Plaintiff to their proofs.

508. With respect to the allegations contained in paragraph 508, denies for lack of knowledge and leaves Plaintiff to their proofs.

509. With respect to the allegations contained in paragraph 509, denies for lack of knowledge and leaves Plaintiff to their proofs.

510. With respect to the allegations contained in paragraph 510, denies for lack of knowledge and leaves Plaintiff to their proofs.

511. With respect to the allegations contained in paragraph 511, denies for lack of knowledge and leaves Plaintiff to their proofs.

512. With respect to the allegations contained in paragraph 512, denies for lack of knowledge and leaves Plaintiff to their proofs.

513. With respect to the allegations contained in paragraph 513, denies for lack of knowledge and leaves Plaintiff to their proofs.

514. With respect to the allegations contained in paragraph 514, denies for lack of knowledge and leaves Plaintiff to their proofs.

515. With respect to the allegations contained in paragraph 515, denies for lack of knowledge and leaves Plaintiff to their proofs.

516. With respect to the allegations contained in paragraph 516, denies for lack of knowledge and leaves Plaintiff to their proofs.

517. With respect to the allegations contained in paragraph 517, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

518. With respect to the allegations contained in paragraph 518, denies for lack of knowledge and leaves Plaintiff to their proofs.

519. With respect to the allegations contained in paragraph 519, denies for lack of knowledge and leaves Plaintiff to their proofs.

520. With respect to the allegations contained in paragraph 520, denies for lack of knowledge and leaves Plaintiff to their proofs.

521. With respect to the allegations contained in paragraph 521, denies for lack of knowledge and leaves Plaintiff to their proofs.

522. With respect to the allegations contained in paragraph 522, denies for lack of knowledge and leaves Plaintiff to their proofs.

523. With respect to the allegations contained in paragraph 523, denies for lack of knowledge and leaves Plaintiff to their proofs.

524. With respect to the allegations contained in paragraph 524, denies for lack of knowledge and leaves Plaintiff to their proofs.

525. With respect to the allegations contained in paragraph 525, denies for lack of knowledge and leaves Plaintiff to their proofs.

526. With respect to the allegations contained in paragraph 526, denies for lack of knowledge and leaves Plaintiff to their proofs.

527. With respect to the allegations contained in paragraph 527, denies for lack of knowledge and leaves Plaintiff to their proofs.

528. With respect to the allegations contained in paragraph 528, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

529.    With respect to the allegations contained in paragraph 529, denies for lack of knowledge and leaves Plaintiff to their proofs.

530.    With respect to the allegations contained in paragraph 530, denies for lack of knowledge and leaves Plaintiff to their proofs.

531.    With respect to the allegations contained in paragraph 531, denies for lack of knowledge and leaves Plaintiff to their proofs.

532.    With respect to the allegations contained in paragraph 532, denies for lack of knowledge and leaves Plaintiff to their proofs.

533.    With respect to the allegations contained in paragraph 533, denies for lack of knowledge and leaves Plaintiff to their proofs.

534.    With respect to the allegations contained in paragraph 534, denies for lack of knowledge and leaves Plaintiff to their proofs.

535.    With respect to the allegations contained in paragraph 535, denies for lack of knowledge and leaves Plaintiff to their proofs.

536.    With respect to the allegations contained in paragraph 536, denies for lack of knowledge and leaves Plaintiff to their proofs.

537.    With respect to the allegations contained in paragraph 537, denies for lack of knowledge and leaves Plaintiff to their proofs.

538.    With respect to the allegations contained in paragraph 538, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Specific Examples of Unreasonable and Unnecessary Treatment**

539.    480.    With respect to the allegations contained in paragraph 539, denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**Patient S.G. (Claim No. 0482998035)**

540. With respect to the allegations contained in paragraph 540, denies for lack of knowledge and leaves Plaintiff to their proofs.

541. With respect to the allegations contained in paragraph 541, denies for lack of knowledge and leaves Plaintiff to their proofs.

542. With respect to the allegations contained in paragraph 542, denies for lack of knowledge and leaves Plaintiff to their proofs.

543. With respect to the allegations contained in paragraph 543, denies for lack of knowledge and leaves Plaintiff to their proofs.

544. With respect to the allegations contained in paragraph 544, denies for lack of knowledge and leaves Plaintiff to their proofs.

545. With respect to the allegations contained in paragraph 545, denies for lack of knowledge and leaves Plaintiff to their proofs.

546. With respect to the allegations contained in paragraph 546, denies for lack of knowledge and leaves Plaintiff to their proofs.

547. With respect to the allegations contained in paragraph 547, denies for lack of knowledge and leaves Plaintiff to their proofs.

548. With respect to the allegations contained in paragraph 548, denies for lack of knowledge and leaves Plaintiff to their proofs.

549. With respect to the allegations contained in paragraph 549, denies for lack of knowledge and leaves Plaintiff to their proofs.

550. With respect to the allegations contained in paragraph 550, denies for lack of knowledge and leaves Plaintiff to their proofs.

551. With respect to the allegations contained in paragraph 551, denies for lack of knowledge and leaves Plaintiff to their proofs.

552. With respect to the allegations contained in paragraph 552, denies for lack of knowledge and leaves Plaintiff to their proofs.

553. With respect to the allegations contained in paragraph 553, denies for lack of knowledge and leaves Plaintiff to their proofs.

554. With respect to the allegations contained in paragraph 554, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient I.S. (Claim No. 0428425573)**

555. With respect to the allegations contained in paragraph 555, denies for lack of knowledge and leaves Plaintiff to their proofs.

556. With respect to the allegations contained in paragraph 556, denies for lack of knowledge and leaves Plaintiff to their proofs.

557. With respect to the allegations contained in paragraph 557, denies for lack of knowledge and leaves Plaintiff to their proofs.

558. With respect to the allegations contained in paragraph 558, denies for lack of knowledge and leaves Plaintiff to their proofs.

559. With respect to the allegations contained in paragraph 559, denies for lack of knowledge and leaves Plaintiff to their proofs.

560. With respect to the allegations contained in paragraph 560, denies for lack of knowledge and leaves Plaintiff to their proofs.

561. With respect to the allegations contained in paragraph 561, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

562. With respect to the allegations contained in paragraph 562, denies for lack of knowledge and leaves Plaintiff to their proofs.

563. With respect to the allegations contained in paragraph 563, denies for lack of knowledge and leaves Plaintiff to their proofs.

564. With respect to the allegations contained in paragraph 564, denies for lack of knowledge and leaves Plaintiff to their proofs.

565. With respect to the allegations contained in paragraph 565, denies for lack of knowledge and leaves Plaintiff to their proofs.

566. With respect to the allegations contained in paragraph 566, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient T.S. (Claim No. 0461626020)**

567. With respect to the allegations contained in paragraph 567, denies for lack of knowledge and leaves Plaintiff to their proofs.

568. With respect to the allegations contained in paragraph 568, denies for lack of knowledge and leaves Plaintiff to their proofs.

569. With respect to the allegations contained in paragraph 569, denies for lack of knowledge and leaves Plaintiff to their proofs.

570. With respect to the allegations contained in paragraph 570, denies for lack of knowledge and leaves Plaintiff to their proofs.

571. With respect to the allegations contained in paragraph 571, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

572. With respect to the allegations contained in paragraph 572, denies for lack of knowledge and leaves Plaintiff to their proofs.

573. With respect to the allegations contained in paragraph 573, denies for lack of knowledge and leaves Plaintiff to their proofs.

574. With respect to the allegations contained in paragraph 574, denies for lack of knowledge and leaves Plaintiff to their proofs.

575. With respect to the allegations contained in paragraph 575, denies for lack of knowledge and leaves Plaintiff to their proofs.

576. With respect to the allegations contained in paragraph 576, denies for lack of knowledge and leaves Plaintiff to their proofs.

577. 495. With respect to the allegations contained in paragraph 577, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient S.N. (Claim No. TXA-0178760)**

578. With respect to the allegations contained in paragraph 578, denies for lack of knowledge and leaves Plaintiff to their proofs.

579. With respect to the allegations contained in paragraph 579, denies for lack of knowledge and leaves Plaintiff to their proofs.

580. With respect to the allegations contained in paragraph 580, denies for lack of knowledge and leaves Plaintiff to their proofs.

581. With respect to the allegations contained in paragraph 581, denies for lack of knowledge and leaves Plaintiff to their proofs.

582. With respect to the allegations contained in paragraph 582, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

583. With respect to the allegations contained in paragraph 583, denies for lack of knowledge and leaves Plaintiff to their proofs.

584. With respect to the allegations contained in paragraph 584, denies for lack of knowledge and leaves Plaintiff to their proofs.

585. With respect to the allegations contained in paragraph 585, denies for lack of knowledge and leaves Plaintiff to their proofs.

586. With respect to the allegations contained in paragraph 586, denies for lack of knowledge and leaves Plaintiff to their proofs.

587. With respect to the allegations contained in paragraph 587, denies for lack of knowledge and leaves Plaintiff to their proofs.

588. With respect to the allegations contained in paragraph 588, denies for lack of knowledge and leaves Plaintiff to their proofs.

589. With respect to the allegations contained in paragraph 589, denies for lack of knowledge and leaves Plaintiff to their proofs.

590. With respect to the allegations contained in paragraph 590, denies for lack of knowledge and leaves Plaintiff to their proofs.

591. With respect to the allegations contained in paragraph 591, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient J.F. (Claim No. 0491502597)**

592. With respect to the allegations contained in paragraph 592, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

593. With respect to the allegations contained in paragraph 593, denies for lack of knowledge and leaves Plaintiff to their proofs.

594. With respect to the allegations contained in paragraph 594, denies for lack of knowledge and leaves Plaintiff to their proofs.

595. With respect to the allegations contained in paragraph 595, denies for lack of knowledge and leaves Plaintiff to their proofs.

596. With respect to the allegations contained in paragraph 596, denies for lack of knowledge and leaves Plaintiff to their proofs.

597. With respect to the allegations contained in paragraph 597, denies for lack of knowledge and leaves Plaintiff to their proofs.

598. With respect to the allegations contained in paragraph 598, denies for lack of knowledge and leaves Plaintiff to their proofs.

599. With respect to the allegations contained in paragraph 599, denies for lack of knowledge and leaves Plaintiff to their proofs.

600. With respect to the allegations contained in paragraph 600, denies for lack of knowledge and leaves Plaintiff to their proofs.

601. With respect to the allegations contained in paragraph 601, denies for lack of knowledge and leaves Plaintiff to their proofs.

602. With respect to the allegations contained in paragraph 602, denies for lack of knowledge and leaves Plaintiff to their proofs.

603. With respect to the allegations contained in paragraph 603, denies for lack of knowledge and leaves Plaintiff to their proofs.

604. With respect to the allegations contained in paragraph 604, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

605. With respect to the allegations contained in paragraph 605, denies for lack of knowledge and leaves Plaintiff to their proofs.

606. With respect to the allegations contained in paragraph 606, denies for lack of knowledge and leaves Plaintiff to their proofs.

607. With respect to the allegations contained in paragraph 607, denies for lack of knowledge and leaves Plaintiff to their proofs.

608. With respect to the allegations contained in paragraph 608, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient J.W. (Claim No. TXA-0205887)**

609. With respect to the allegations contained in paragraph 609, denies for lack of knowledge and leaves Plaintiff to their proofs.

610. With respect to the allegations contained in paragraph 610, denies for lack of knowledge and leaves Plaintiff to their proofs.

611. With respect to the allegations contained in paragraph 611, denies for lack of knowledge and leaves Plaintiff to their proofs.

612. With respect to the allegations contained in paragraph 612, denies for lack of knowledge and leaves Plaintiff to their proofs.

613. With respect to the allegations contained in paragraph 613, denies for lack of knowledge and leaves Plaintiff to their proofs.

614. With respect to the allegations contained in paragraph 614, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

615.    With respect to the allegations contained in paragraph 615, denies for lack of knowledge and leaves Plaintiff to their proofs.

616.    With respect to the allegations contained in paragraph 616, denies for lack of knowledge and leaves Plaintiff to their proofs.

617.    With respect to the allegations contained in paragraph 617, denies for lack of knowledge and leaves Plaintiff to their proofs.

618.    With respect to the allegations contained in paragraph 618, denies for lack of knowledge and leaves Plaintiff to their proofs.

619.    With respect to the allegations contained in paragraph 619, denies for lack of knowledge and leaves Plaintiff to their proofs.

620.    With respect to the allegations contained in paragraph 620, denies for lack of knowledge and leaves Plaintiff to their proofs.

621.    With respect to the allegations contained in paragraph 621, denies for lack of knowledge and leaves Plaintiff to their proofs.

622.    With respect to the allegations contained in paragraph 622, denies for lack of knowledge and leaves Plaintiff to their proofs.

623.    With respect to the allegations contained in paragraph 623, denies for lack of knowledge and leaves Plaintiff to their proofs.

624.    With respect to the allegations contained in paragraph 624, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient J.F. (Claim No. TXA-0193637)**

625.    With respect to the allegations contained in paragraph 625, denies for lack of knowledge

and leaves Plaintiff to their proofs.

626. With respect to the allegations contained in paragraph 626, denies for lack of knowledge and leaves Plaintiff to their proofs.

627. With respect to the allegations contained in paragraph 627, denies for lack of knowledge and leaves Plaintiff to their proofs.

628. With respect to the allegations contained in paragraph 628, denies for lack of knowledge and leaves Plaintiff to their proofs.

629. With respect to the allegations contained in paragraph 629, denies for lack of knowledge and leaves Plaintiff to their proofs.

630. With respect to the allegations contained in paragraph 630, denies for lack of knowledge and leaves Plaintiff to their proofs.

631. With respect to the allegations contained in paragraph 631, denies for lack of knowledge and leaves Plaintiff to their proofs.

632. With respect to the allegations contained in paragraph 632, denies for lack of knowledge and leaves Plaintiff to their proofs.

633. With respect to the allegations contained in paragraph 633, denies for lack of knowledge and leaves Plaintiff to their proofs.

634. With respect to the allegations contained in paragraph 634, denies for lack of knowledge and leaves Plaintiff to their proofs.

635. With respect to the allegations contained in paragraph 635, denies for lack of knowledge and leaves Plaintiff to their proofs.

636. With respect to the allegations contained in paragraph 636, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

637.    With respect to the allegations contained in paragraph 637, denies for lack of knowledge and leaves Plaintiff to their proofs.

638.    With respect to the allegations contained in paragraph 638, denies for lack of knowledge and leaves Plaintiff to their proofs.

639.    With respect to the allegations contained in paragraph 639, denies for lack of knowledge and leaves Plaintiff to their proofs.

640.    With respect to the allegations contained in paragraph 640, denies for lack of knowledge and leaves Plaintiff to their proofs.

641.    With respect to the allegations contained in paragraph 641, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient D.C. (Claim No. 0556565588)**

642.    With respect to the allegations contained in paragraph 642, denies for lack of knowledge and leaves Plaintiff to their proofs.

643.    With respect to the allegations contained in paragraph 643, denies for lack of knowledge and leaves Plaintiff to their proofs.

644.    With respect to the allegations contained in paragraph 644, denies for lack of knowledge and leaves Plaintiff to their proofs.

645.    With respect to the allegations contained in paragraph 645, denies for lack of knowledge and leaves Plaintiff to their proofs.

646.    With respect to the allegations contained in paragraph 646, denies for lack of knowledge and leaves Plaintiff to their proofs.

647.    With respect to the allegations contained in paragraph 647, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

648. With respect to the allegations contained in paragraph 648, denies for lack of knowledge and leaves Plaintiff to their proofs.

649. With respect to the allegations contained in paragraph 649, denies for lack of knowledge and leaves Plaintiff to their proofs.

650. With respect to the allegations contained in paragraph 650, denies for lack of knowledge and leaves Plaintiff to their proofs.

651. With respect to the allegations contained in paragraph 651, denies for lack of knowledge and leaves Plaintiff to their proofs.

652. With respect to the allegations contained in paragraph 652, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Patient T.A. (Claim No. TXA-0187110)**

653. With respect to the allegations contained in paragraph 653, denies for lack of knowledge and leaves Plaintiff to their proofs.

654. With respect to the allegations contained in paragraph 654, denies for lack of knowledge and leaves Plaintiff to their proofs.

655. With respect to the allegations contained in paragraph 655, denies for lack of knowledge and leaves Plaintiff to their proofs.

656. With respect to the allegations contained in paragraph 656, denies for lack of knowledge and leaves Plaintiff to their proofs.

657. With respect to the allegations contained in paragraph 657, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

658.    With respect to the allegations contained in paragraph 658, denies for lack of knowledge and leaves Plaintiff to their proofs.

659.    With respect to the allegations contained in paragraph 659, denies for lack of knowledge and leaves Plaintiff to their proofs.

660.    With respect to the allegations contained in paragraph 660, denies for lack of knowledge and leaves Plaintiff to their proofs.

661.    With respect to the allegations contained in paragraph 661, denies for lack of knowledge and leaves Plaintiff to their proofs.

662.    With respect to the allegations contained in paragraph 662, denies for lack of knowledge and leaves Plaintiff to their proofs.

663.    With respect to the allegations contained in paragraph 663, denies for lack of knowledge and leaves Plaintiff to their proofs.

664.    With respect to the allegations contained in paragraph 664, denies for lack of knowledge and leaves Plaintiff to their proofs.

665.    With respect to the allegations contained in paragraph 665, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

## IX.    FRAUDULENT BILLING PRACTICES

666.    With respect to the allegations contained in paragraph 666, denies for lack of knowledge and leaves Plaintiff to their proofs.

667.    With respect to the allegations contained in paragraph 667, denied as untrue.

668.    With respect to the allegations contained in paragraph 668, admitted.

669.    With respect to the allegations contained in paragraph 669, admitted.

670.     With respect to the allegations contained in paragraph 670, admitted.

671.     With respect to the allegations contained in paragraph 671, denied as untrue.

**Improper Billing for Evaluations**

**Fraudulently Upcoded Office Visits**

672.     With respect to the allegations contained in paragraph 672, admitted.

673.     With respect to the allegations contained in paragraph 673, denies for lack of knowledge

and leaves Plaintiff to their proofs.

674.     With respect to the allegations contained in paragraph 674, denied as untrue.

675.     With respect to the allegations contained in paragraph 675, denied as untrue.

676.     With respect to the allegations contained in paragraph 676, denied as untrue.

677.     With respect to the allegations contained in paragraph 677, admitted.

678.     With respect to the allegations contained in paragraph 678, admitted.

679.     With respect to the allegations contained in paragraph 679, admitted.

680.     With respect to the allegations contained in paragraph 680, admitted.

681.     With respect to the allegations contained in paragraph 681, admitted.

682.     With respect to the allegations contained in paragraph 682, admitted.

683.     With respect to the allegations contained in paragraph 683, admitted.

684.     With respect to the allegations contained in paragraph 684, admitted.

685.     With respect to the allegations contained in paragraph 685, admitted.

686.     With respect to the allegations contained in paragraph 686, admitted.

687.     With respect to the allegations contained in paragraph 687, admitted.

688.     With respect to the allegations contained in paragraph 688, admitted.

689.     With respect to the allegations contained in paragraph 689, admitted.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

690. With respect to the allegations contained in paragraph 690, admitted.

691. With respect to the allegations contained in paragraph 691, admitted.

692. With respect to the allegations contained in paragraph 692, admitted.

693. With respect to the allegations contained in paragraph 693, admitted.

694. With respect to the allegations contained in paragraph 694, denied as untrue.

695. With respect to the allegations contained in paragraph 695, denied as untrue.

696. With respect to the allegations contained in paragraph 696, denies for lack of knowledge and leaves Plaintiff to their proofs.

697. With respect to the allegations contained in paragraph 697, denies for lack of knowledge and leaves Plaintiff to their proofs.

698. With respect to the allegations contained in paragraph 698, denies for lack of knowledge and leaves Plaintiff to their proofs.

699. With respect to the allegations contained in paragraph 699, denies for lack of knowledge and leaves Plaintiff to their proofs.

700. With respect to the allegations contained in paragraph 700, denies for lack of knowledge and leaves Plaintiff to their proofs.

701. With respect to the allegations contained in paragraph 701, denied as untrue.

702. With respect to the allegations contained in paragraph 702, denied as untrue.

703. With respect to the allegations contained in paragraph 703, denied as untrue.

704. With respect to the allegations contained in paragraph 704, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Fraudulent Billing for Prolonged Evaluations**

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

705. With respect to the allegations contained in paragraph 705, denied as untrue.

706. With respect to the allegations contained in paragraph 706, admitted.

707. With respect to the allegations contained in paragraph 707, admitted.

708. With respect to the allegations contained in paragraph 708, admitted.

709. With respect to the allegations contained in paragraph 709, denies for lack of knowledge and leaves Plaintiff to their proofs.

710. With respect to the allegations contained in paragraph 710, denies for lack of knowledge and leaves Plaintiff to their proofs.

711. With respect to the allegations contained in paragraph 711, denies for lack of knowledge and leaves Plaintiff to their proofs.

712. With respect to the allegations contained in paragraph 712, denied as untrue.

713. With respect to the allegations contained in paragraph 713, denies for lack of knowledge and leaves Plaintiff to their proofs.

714. With respect to the allegations contained in paragraph 714, denies for lack of knowledge and leaves Plaintiff to their proofs.

715. With respect to the allegations contained in paragraph 715, denies for lack of knowledge and leaves Plaintiff to their proofs.

716. With respect to the allegations contained in paragraph 716, denies for lack of knowledge and leaves Plaintiff to their proofs.

717. With respect to the allegations contained in paragraph 717, denies for lack of knowledge and leaves Plaintiff to their proofs.

718. With respect to the allegations contained in paragraph 718, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

719. With respect to the allegations contained in paragraph 719, denies for lack of knowledge and leaves Plaintiff to their proofs.

720. With respect to the allegations contained in paragraph 720, denies for lack of knowledge and leaves Plaintiff to their proofs.

**Fraudulent Billing Practice of Unbundling**

721. With respect to the allegations contained in paragraph 721, admitted.

722. With respect to the allegations contained in paragraph 722, admitted.

723. With respect to the allegations contained in paragraph 723, admitted.

724. With respect to the allegations contained in paragraph 724, admitted.

725. With respect to the allegations contained in paragraph 725, admitted.

726. With respect to the allegations contained in paragraph 726, admitted.

727. With respect to the allegations contained in paragraph 727, denies for lack of knowledge and leaves Plaintiff to their proofs.

728. With respect to the allegations contained in paragraph 728, denies for lack of knowledge and leaves Plaintiff to their proofs.

729. With respect to the allegations contained in paragraph 729, denies for lack of knowledge and leaves Plaintiff to their proofs.

730. With respect to the allegations contained in paragraph 730, denies for lack of knowledge and leaves Plaintiff to their proofs.

731. With respect to the allegations contained in paragraph 731, denies for lack of knowledge and leaves Plaintiff to their proofs.

732. With respect to the allegations contained in paragraph 732, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

733. With respect to the allegations contained in paragraph 733, denies for lack of knowledge and leaves Plaintiff to their proofs.

734. With respect to the allegations contained in paragraph 734, denies for lack of knowledge and leaves Plaintiff to their proofs.

735. With respect to the allegations contained in paragraph 735, denies for lack of knowledge and leaves Plaintiff to their proofs.

736. With respect to the allegations contained in paragraph 736, denies for lack of knowledge and leaves Plaintiff to their proofs.

737. With respect to the allegations contained in paragraph 737, denies for lack of knowledge and leaves Plaintiff to their proofs.

738. With respect to the allegations contained in paragraph 738, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

## X. <u>EXCESSIVE AND UNREASONABLE CHARGES</u>

739. With respect to the allegations contained in paragraph 739, denied as untrue.

740. Paragraph 740 is a statement of law, speaks for itself, and requires no response.

741. Paragraph 741 is a statement of law, speaks for itself, and requires no response.

742. With respect to the allegations contained in paragraph 742, admitted.

743. With respect to the allegations contained in paragraph 743, denied as untrue.

### <u>Unreasonable Charges for Patient Evaluations</u>

744. With respect to the allegations contained in paragraph 744, denied as untrue.

745. With respect to the allegations contained in paragraph 745, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

746. With respect to the allegations contained in paragraph 746, denies for lack of knowledge and leaves Plaintiff to their proofs.

747. With respect to the allegations contained in paragraph 747, denied as untrue.

748. With respect to the allegations contained in paragraph 748, denied as untrue.

749. With respect to the allegations contained in paragraph 749, denied as untrue.

750. With respect to the allegations contained in paragraph 750, denied as untrue.

751. With respect to the allegations contained in paragraph 751, denied as untrue.

752. With respect to the allegations contained in paragraph 752, denied as untrue.

753. With respect to the allegations contained in paragraph 753, denied as untrue.

754. With respect to the allegations contained in paragraph 754, denies for lack of knowledge and leaves Plaintiff to their proofs.

755. With respect to the allegations contained in paragraph 755, denies for lack of knowledge and leaves Plaintiff to their proofs.

756. With respect to the allegations contained in paragraph 756, denies for lack of knowledge and leaves Plaintiff to their proofs.

757. With respect to the allegations contained in paragraph 757, denied as untrue.

758. With respect to the allegations contained in paragraph 758, denied as untrue.

759. With respect to the allegations contained in paragraph 759, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Unreasonable Charges for Xeomin Injections**

760. With respect to the allegations contained in paragraph 760, denied as untrue.

761. With respect to the allegations contained in paragraph 761, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

762. With respect to the allegations contained in paragraph 762, denies for lack of knowledge and leaves Plaintiff to their proofs.

763. With respect to the allegations contained in paragraph 763, denies for lack of knowledge and leaves Plaintiff to their proofs.

764. With respect to the allegations contained in paragraph 764, denied as untrue.

765. With respect to the allegations contained in paragraph 765, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Unreasonable Charges for Diagnostic Testing**

766. With respect to the allegations contained in paragraph 766, denied as untrue.

767. With respect to the allegations contained in paragraph 767, denied as untrue.

768. With respect to the allegations contained in paragraph 768, denies for lack of knowledge and leaves Plaintiff to their proofs.

769. With respect to the allegations contained in paragraph 769, denies for lack of knowledge and leaves Plaintiff to their proofs.

770. With respect to the allegations contained in paragraph 770, denies for lack of knowledge and leaves Plaintiff to their proofs.

771. With respect to the allegations contained in paragraph 771, denies for lack of knowledge and leaves Plaintiff to their proofs.

772. With respect to the allegations contained in paragraph 772, denies for lack of knowledge and leaves Plaintiff to their proofs.

773. With respect to the allegations contained in paragraph 773, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

774. With respect to the allegations contained in paragraph 774, denies for lack of knowledge and leaves Plaintiff to their proofs.

775. With respect to the allegations contained in paragraph 775, denies for lack of knowledge and leaves Plaintiff to their proofs.

776. With respect to the allegations contained in paragraph 776, denies for lack of knowledge and leaves Plaintiff to their proofs.

777. With respect to the allegations contained in paragraph 777, denies for lack of knowledge and leaves Plaintiff to their proofs.

778. With respect to the allegations contained in paragraph 778, denies for lack of knowledge and leaves Plaintiff to their proofs.

779. With respect to the allegations contained in paragraph 779, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Unreasonable Charges for Neurofeedback Therapy**

780. With respect to the allegations contained in paragraph 780, denied as untrue.

781. With respect to the allegations contained in paragraph 781, denies for lack of knowledge and leaves Plaintiff to their proofs.

782. With respect to the allegations contained in paragraph 782, denies for lack of knowledge and leaves Plaintiff to their proofs.

783. With respect to the allegations contained in paragraph 783, denies for lack of knowledge and leaves Plaintiff to their proofs.

784. With respect to the allegations contained in paragraph 784, denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

785. With respect to the allegations contained in paragraph 785, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Unreasonable Charges for Issuing DME**

786. With respect to the allegations contained in paragraph 786, denied as untrue.

787. With respect to the allegations contained in paragraph 787, denied as untrue.

788. With respect to the allegations contained in paragraph 788, denies for lack of knowledge and leaves Plaintiff to their proofs.

789. With respect to the allegations contained in paragraph 789, denies for lack of knowledge and leaves Plaintiff to their proofs.

790. With respect to the allegations contained in paragraph 790, denies for lack of knowledge and leaves Plaintiff to their proofs.

791. With respect to the allegations contained in paragraph 791, denies for lack of knowledge and leaves Plaintiff to their proofs.

792. With respect to the allegations contained in paragraph 792, denies for lack of knowledge and leaves Plaintiff to their proofs.

793. With respect to the allegations contained in paragraph 793, denies for lack of knowledge and leaves Plaintiff to their proofs.

794. With respect to the allegations contained in paragraph 794, denies for lack of knowledge and leaves Plaintiff to their proofs.

795. With respect to the allegations contained in paragraph 795, denies for lack of knowledge and leaves Plaintiff to their proofs.

796. With respect to the allegations contained in paragraph 796, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

797. With respect to the allegations contained in paragraph 797, denies for lack of knowledge and leaves Plaintiff to their proofs.

798. With respect to the allegations contained in paragraph 798, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

**Unreasonable Charges for Dispensing Medication**

799. With respect to the allegations contained in paragraph 799, denies for lack of knowledge and leaves Plaintiff to their proofs.

800. With respect to the allegations contained in paragraph 800, denies for lack of knowledge and leaves Plaintiff to their proofs.

801. With respect to the allegations contained in paragraph 801, denies for lack of knowledge and leaves Plaintiff to their proofs.

802. With respect to the allegations contained in paragraph 802, denies for lack of knowledge and leaves Plaintiff to their proofs.

803. With respect to the allegations contained in paragraph 803, denies for lack of knowledge and leaves Plaintiff to their proofs.

804. With respect to the allegations contained in paragraph 804, denies for lack of knowledge and leaves Plaintiff to their proofs.

805. With respect to the allegations contained in paragraph 805, denies for lack of knowledge and leaves Plaintiff to their proofs.

806. With respect to the allegations contained in paragraph 806, denies for lack of knowledge and leaves Plaintiff to their proofs.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

807. With respect to the allegations contained in paragraph 807, denies for lack of knowledge and leaves Plaintiff to their proofs.

808. With respect to the allegations contained in paragraph 808, denies for lack of knowledge and leaves Plaintiff to their proofs.

809. With respect to the allegations contained in paragraph 809, denies for lack of knowledge and leaves Plaintiff to their proofs.

810. With respect to the allegations contained in paragraph 810, denies for lack of knowledge and leaves Plaintiff to their proofs.

811. With respect to the allegations contained in paragraph 811, denies for lack of knowledge and leaves Plaintiff to their proofs.

812. With respect to the allegations contained in paragraph 812, denies for lack of knowledge and leaves Plaintiff to their proofs.

813. With respect to the allegations contained in paragraph 813, denies for lack of knowledge and leaves Plaintiff to their proofs.

814. With respect to the allegations contained in paragraph 814, denies for lack of knowledge and leaves Plaintiff to their proofs.

815. With respect to the allegations contained in paragraph 815, denies for lack of knowledge and leaves Plaintiff to their proofs.

816. With respect to the allegations contained in paragraph 816, denies for lack of knowledge and leaves Plaintiff to their proofs.

817. With respect to the allegations contained in paragraph 817, denies for lack of knowledge and leaves Plaintiff to their proofs.

818. With respect to the allegations contained in paragraph 818, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

819. With respect to the allegations contained in paragraph 819, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

## XI. MISREPRESENTATIONS MADE BY THE DEFENDANTS AND RELIED UPON BY ALLSTATE

### Misrepresentations by the Defendants

820. With respect to the allegations contained in paragraph 820, denied as untrue.

821. Paragraph 821 is a statement of law, speaks for itself, and requires no response.

822. Paragraph 822 is a statement of law, speaks for itself, and requires no response.

823. With respect to the allegations contained in paragraph 823, admitted.

824. With respect to the allegations contained in paragraph 824, denied as untrue.

a. Denied as untrue.

b. Denied as untrue.

c. Denied as untrue.

d. Denied as untrue.

e. Denied as untrue.

f. Denied as untrue.

g. Denied as untrue.

h. Denied as untrue.

i. Denied as untrue.

j. Denied as untrue.

k. Denied as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

l. Denied as untrue.

m. Denied as untrue.

825. With respect to the allegations contained in paragraph 825, denied as untrue.

826. With respect to the allegations contained in paragraph 826, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

827. With respect to the allegations contained in paragraph 827, denied as untrue.

828. With respect to the allegations contained in paragraph 828, denied as untrue.

829. With respect to the allegations contained in paragraph 829, denied as untrue.

830. With respect to the allegations contained in paragraph 830, denied as untrue.

831. With respect to the allegations contained in paragraph 831, admitted.

832. With respect to the allegations contained in paragraph 832, admitted.

833. With respect to the allegations contained in paragraph 833, denied as untrue.

834. With respect to the allegations contained in paragraph 834, admitted.

835. With respect to the allegations contained in paragraph 835, denied as untrue.

**Allstate's Justifiable Reliance**

836. With respect to the allegations contained in paragraph 836, denied as untrue.

837. With respect to the allegations contained in paragraph 837, denied as untrue.

838. With respect to the allegations contained in paragraph 838, denied as untrue.

839. With respect to the allegations contained in paragraph 839, denied as untrue.

840. With respect to the allegations contained in paragraph 840, denied as untrue.

841. With respect to the allegations contained in paragraph 841, denied as untrue.

842. With respect to the allegations contained in paragraph 842, denies for lack of knowledge

and leaves Plaintiff to their proofs.

843.    With respect to the allegations contained in paragraph 842, denies for lack of knowledge

and leaves Plaintiff to their proofs.

## XII.    MAIL AND WIRE FRAUD RACKETEERING ACTIVITY

844.    With respect to the allegations contained in paragraph 844, denied as untrue.

845.    With respect to the allegations contained in paragraph 845, denied as untrue.

846.    With respect to the allegations contained in paragraph 846, denied as untrue.

847.    With respect to the allegations contained in paragraph 847, denied as untrue.

848.    With respect to the allegations contained in paragraph 848, denied as untrue.

849.    With respect to the allegations contained in paragraph 849, denied as untrue.

850.    With respect to the allegations contained in paragraph 850, denied as untrue.

851.    With respect to the allegations contained in paragraph 851, denied as untrue.

852.    With respect to the allegations contained in paragraph 852, denied as untrue.

853.    With respect to the allegations contained in paragraph 853, denied as untrue.

854.    With respect to the allegations contained in paragraph 854, denied as untrue.

855.    With respect to the allegations contained in paragraph 855, denied as untrue.

856.    With respect to the allegations contained in paragraph 856, denied as untrue.

857.    With respect to the allegations contained in paragraph 857, denied as untrue.

858.    With respect to the allegations contained in paragraph 858, denied as untrue.

859.    With respect to the allegations contained in paragraph 859, denied as untrue.

860.    With respect to the allegations contained in paragraph 860, denied as untrue.

861.    With respect to the allegations contained in paragraph 861, denied as untrue.

862.    With respect to the allegations contained in paragraph 862, such allegations call for a

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

863. With respect to the allegations contained in paragraph 863, such allegations call for a conclusion of law pursuant to MCL 500.3157, thus Defendant can neither admit nor deny the allegations as currently formulated.

864. With respect to the allegations contained in paragraph 864, denied as untrue.

865. With respect to the allegations contained in paragraph 865, denied as untrue.

**XIII. DAMAGES**

866. With respect to the allegations contained in paragraph 866, denied as untrue.

867. With respect to the allegations contained in paragraph 867, denied as untrue.

868. With respect to the allegations contained in paragraph 868, denies for lack of knowledge and leaves Plaintiff to their proofs.

869. With respect to the allegations contained in paragraph 869, denies for lack of knowledge and leaves Plaintiff to their proofs.

870. With respect to the allegations contained in paragraph 870, denies for lack of knowledge and leaves Plaintiff to their proofs.

871. With respect to the allegations contained in paragraph 871, denies for lack of knowledge and leaves Plaintiff to their proofs.

872. With respect to the allegations contained in paragraph 872, denies for lack of knowledge and leaves Plaintiff to their proofs.

873. With respect to the allegations contained in paragraph 873, denies for lack of knowledge and leaves Plaintiff to their proofs.

874. With respect to the allegations contained in paragraph 874, denies for lack of knowledge

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and leaves Plaintiff to their proofs.

875. With respect to the allegations contained in paragraph 875, denies for lack of knowledge and leaves Plaintiff to their proofs.

876. With respect to the allegations contained in paragraph 876, denies for lack of knowledge and leaves Plaintiff to their proofs.

877. With respect to the allegations contained in paragraph 877, denies for lack of knowledge and leaves Plaintiff to their proofs.

878. With respect to the allegations contained in paragraph 878, denies for lack of knowledge and leaves Plaintiff to their proofs.

879. With respect to the allegations contained in paragraph 879, denies for lack of knowledge and leaves Plaintiff to their proofs.

880. With respect to the allegations contained in paragraph 880, denies for lack of knowledge and leaves Plaintiff to their proofs.

881. With respect to the allegations contained in paragraph 881, denies for lack of knowledge and leaves Plaintiff to their proofs.

882. With respect to the allegations contained in paragraph 882, denies for lack of knowledge and leaves Plaintiff to their proofs.

883. With respect to the allegations contained in paragraph 883, denies for lack of knowledge and leaves Plaintiff to their proofs.

## XIV. CAUSES OF ACTION

### COUNT 1
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Inscribed Enterprise)**
**Against Diagnostic Solutions, LLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.;**

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**Bachu Ambraham, M.D.; and Jalal Zawaideh, R.Ph.**

884. With the respect to the allegations contained in paragraph 884, denies each and every allegation not specifically admitted to.

885. With respect to the allegations contained in paragraph 885, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

886. With respect to the allegations contained in paragraph 886, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

887. With respect to the allegations contained in paragraph 887, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

888. With respect to the allegations contained in paragraph 888, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

889. With respect to the allegations contained in paragraph 889, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

890. With respect to the allegations contained in paragraph 890, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

891. With respect to the allegations contained in paragraph 891, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

892. With respect to the allegations contained in paragraph 892, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

893. With respect to the allegations contained in paragraph 893, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

894. With respect to the allegations contained in paragraph 894, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

895. With respect to the allegations contained in paragraph 895, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

896. With respect to the allegations contained in paragraph 896, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

897. With respect to the allegations contained in paragraph 897, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

898. With respect to the allegations contained in paragraph 898, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

899. With respect to the allegations contained in paragraph 899, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue.

900. With respect to the allegations contained in paragraph 900, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

901. With respect to the allegations contained in paragraph 901, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

902. With respect to the allegations contained in paragraph 902, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

903. With respect to the allegations contained in paragraph 903, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

904. With respect to the allegations contained in paragraph 904, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

905. With respect to the allegations contained in paragraph 905, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

906. With respect to the allegations contained in paragraph 906, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

907. With respect to the allegations contained in paragraph 907, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT II**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Inscribed Enterprise)**
**Against Diagnostic Solutions, LLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; Bachu Ambraham, M.D.; and Jalal Zawaideh, R.Ph.**

908. With the respect to the allegations contained in paragraph 908, denies each and every allegation not specifically admitted to.

909. With respect to the allegations contained in paragraph 909, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

910. With respect to the allegations contained in paragraph 910, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

911. With respect to the allegations contained in paragraph 911, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

912. With respect to the allegations contained in paragraph 912, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

913. With respect to the allegations contained in paragraph 913, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

914. With respect to the allegations contained in paragraph 914, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

915. With respect to the allegations contained in paragraph 915, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT III**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Integrative Neurology Enterprise)**
**Against Diagnostic Solutions, LLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

916. With the respect to the allegations contained in paragraph 916, denies each and every allegation not specifically admitted to.

917. With respect to the allegations contained in paragraph 917, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

918. With respect to the allegations contained in paragraph 918, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

919. With respect to the allegations contained in paragraph 919, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

920. With respect to the allegations contained in paragraph 920, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

921. With respect to the allegations contained in paragraph 921, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

922. With respect to the allegations contained in paragraph 922, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

923. With respect to the allegations contained in paragraph 923, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

924. With respect to the allegations contained in paragraph 924, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

925. With respect to the allegations contained in paragraph 925, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

926. With respect to the allegations contained in paragraph 926, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

927. With respect to the allegations contained in paragraph 927, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

928. With respect to the allegations contained in paragraph 928, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

929. With respect to the allegations contained in paragraph 929, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

930. With respect to the allegations contained in paragraph 930, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

931. With respect to the allegations contained in paragraph 931, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

932. With respect to the allegations contained in paragraph 932, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

933. With respect to the allegations contained in paragraph 933, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

934. With respect to the allegations contained in paragraph 934, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

935. With respect to the allegations contained in paragraph 935, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

936. With respect to the allegations contained in paragraph 936, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

937. With respect to the allegations contained in paragraph 937, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

938. With respect to the allegations contained in paragraph 938, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT IV**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Integrative Neurology Enterprise)**
**Against Diagnostic Solutions, LLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

939. With the respect to the allegations contained in paragraph 939, denies each and every allegation not specifically admitted to.

940. With respect to the allegations contained in paragraph 940, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

941. With respect to the allegations contained in paragraph 941, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

942. With respect to the allegations contained in paragraph 942, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

943. With respect to the allegations contained in paragraph 943, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

944. With respect to the allegations contained in paragraph 944, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

945. With respect to the allegations contained in paragraph 945, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

946. With respect to the allegations contained in paragraph 946, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT V**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Diagnostic Solutions Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; and Gireesh Velugubanti, M.D.**

947. With the respect to the allegations contained in paragraph 947, denies each and every allegation not specifically admitted to.

948. With respect to the allegations contained in paragraph 948, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

949. With respect to the allegations contained in paragraph 949, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

950. With respect to the allegations contained in paragraph 950, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

951. With respect to the allegations contained in paragraph 951, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

952. With respect to the allegations contained in paragraph 952, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

953. With respect to the allegations contained in paragraph 953, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

954. With respect to the allegations contained in paragraph 954, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

955. With respect to the allegations contained in paragraph 955, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

956. With respect to the allegations contained in paragraph 956, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

957. With respect to the allegations contained in paragraph 957, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue.

958. With respect to the allegations contained in paragraph 958, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

959. With respect to the allegations contained in paragraph 959, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

960. With respect to the allegations contained in paragraph 960, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

961. With respect to the allegations contained in paragraph 961, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

962. With respect to the allegations contained in paragraph 962, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

963. With respect to the allegations contained in paragraph 963, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

964. With respect to the allegations contained in paragraph 964, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

965.    With respect to the allegations contained in paragraph 965, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

966.    With respect to the allegations contained in paragraph 966, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

967.    With respect to the allegations contained in paragraph 967, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT VI**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Diagnostic Solutions Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; and Gireesh Velugubanti, M.D.**

968.    With the respect to the allegations contained in paragraph 968, denies each and every allegation not specifically admitted to.

969.    With respect to the allegations contained in paragraph 969, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

970.    With respect to the allegations contained in paragraph 970, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

971.    With respect to the allegations contained in paragraph 971, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

972. With respect to the allegations contained in paragraph 972, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

973. With respect to the allegations contained in paragraph 973, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

974. With respect to the allegations contained in paragraph 974, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

975. With respect to the allegations contained in paragraph 975, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT VII**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Farmbrook Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

976. With the respect to the allegations contained in paragraph 976, denies each and every allegation not specifically admitted to.

977. With respect to the allegations contained in paragraph 977, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

978. With respect to the allegations contained in paragraph 978, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

979. With respect to the allegations contained in paragraph 979, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

980. With respect to the allegations contained in paragraph 980, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

981. With respect to the allegations contained in paragraph 981, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

982. With respect to the allegations contained in paragraph 982, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

983. With respect to the allegations contained in paragraph 983, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

984. With respect to the allegations contained in paragraph 984, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

985. With respect to the allegations contained in paragraph 985, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

986. With respect to the allegations contained in paragraph 986, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

987. With respect to the allegations contained in paragraph 987, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

988. With respect to the allegations contained in paragraph 988, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

989. With respect to the allegations contained in paragraph 989, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

990. With respect to the allegations contained in paragraph 990, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

991. With respect to the allegations contained in paragraph 991, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

992. With respect to the allegations contained in paragraph 992, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

993. With respect to the allegations contained in paragraph 993, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

994. With respect to the allegations contained in paragraph 994, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue.

995. With respect to the allegations contained in paragraph 995, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

996. With respect to the allegations contained in paragraph 996, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

997. With respect to the allegations contained in paragraph 997, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT VIII**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Farmbrook Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

998. With the respect to the allegations contained in paragraph 998, denies each and every allegation not specifically admitted to.

999. With respect to the allegations contained in paragraph 999, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1000. With respect to the allegations contained in paragraph 1,000, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1001. With respect to the allegations contained in paragraph 1,001, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue.

1002. With respect to the allegations contained in paragraph 1,002, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1003. With respect to the allegations contained in paragraph 1,003, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1004. With respect to the allegations contained in paragraph 1,004, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1005. With respect to the allegations contained in paragraph 1,005, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT IX**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(DIPMM Enterprise)**
**Against Inscribed, PLLC; Integra Lab Management, LLC; Gireesh Velugubanti, M.D.; and Bachu Ambraham, M.D.**

1006. With the respect to the allegations contained in paragraph 1,006, denies each and every allegation not specifically admitted to.

1007. With respect to the allegations contained in paragraph 1,007, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1008. With respect to the allegations contained in paragraph 1,0008, calls for a legal conclusion

and requires no response. For the sake that a response is required, Defendant denies as untrue.

1009.   With respect to the allegations contained in paragraph 1,009, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1010.   With respect to the allegations contained in paragraph 1,010, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1011.   With respect to the allegations contained in paragraph 1,011, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1012.   With respect to the allegations contained in paragraph 1,012, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1013.   With respect to the allegations contained in paragraph 1,013, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1014.   With respect to the allegations contained in paragraph 1,014, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1015.   With respect to the allegations contained in paragraph 1,015, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

1016. With respect to the allegations contained in paragraph 1,016, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1017. With respect to the allegations contained in paragraph 1,017, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1018. With respect to the allegations contained in paragraph 1,018, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1019. With respect to the allegations contained in paragraph 1,019, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1020. With respect to the allegations contained in paragraph 1,020, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1021. With respect to the allegations contained in paragraph 1,021, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1022. With respect to the allegations contained in paragraph 1,022, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1023. With respect to the allegations contained in paragraph 1,023, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

1024. With respect to the allegations contained in paragraph 1,024, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1025. With respect to the allegations contained in paragraph 1,025, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1026. With respect to the allegations contained in paragraph 1,026, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1027. With respect to the allegations contained in paragraph 1,027, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT X**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(DIPMM Enterprise)**
**Against Inscribed, PLLC; Integra Lab Management, LLC; Gireesh Velugubanti, M.D.; and Bachu Ambraham, M.D.**

1028. With the respect to the allegations contained in paragraph 1,028, denies each and every allegation not specifically admitted to.

1029. With respect to the allegations contained in paragraph 1,029, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1030. With respect to the allegations contained in paragraph 1,030, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

1031. With respect to the allegations contained in paragraph 1,031, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1032. With respect to the allegations contained in paragraph 1,032, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1033. With respect to the allegations contained in paragraph 1,033, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1034. With respect to the allegations contained in paragraph 1,034, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1035. With respect to the allegations contained in paragraph 1,035, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XI**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(MIMM Enterprise)**
**Against Inscribed, PLLC; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Integra Lab Management, LLC; Gireesh Velugubanti, M.D.; and Bachu Ambraham, M.D.**

1036. With the respect to the allegations contained in paragraph 1,036, denies each and every allegation not specifically admitted to.

1037. With respect to the allegations contained in paragraph 1,037, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

1038. With respect to the allegations contained in paragraph 1,038, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1039. With respect to the allegations contained in paragraph 1,039, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1040. With respect to the allegations contained in paragraph 1,040, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1041. With respect to the allegations contained in paragraph 1,041, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1042. With respect to the allegations contained in paragraph 1,042, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1043. With respect to the allegations contained in paragraph 1,043, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1044. With respect to the allegations contained in paragraph 1,044, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1045. With respect to the allegations contained in paragraph 1,045, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue.

1046. With respect to the allegations contained in paragraph 1,046, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1047. With respect to the allegations contained in paragraph 1,047, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1048. With respect to the allegations contained in paragraph 1,048, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1049. With respect to the allegations contained in paragraph 1,049, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1050. With respect to the allegations contained in paragraph 1,050, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1051. With respect to the allegations contained in paragraph 1,051, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1052. With respect to the allegations contained in paragraph 1,052, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

1053. With respect to the allegations contained in paragraph 1,053, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1054. With respect to the allegations contained in paragraph 1,054, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1055. With respect to the allegations contained in paragraph 1,055, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1056. With respect to the allegations contained in paragraph 1,056, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1057. With respect to the allegations contained in paragraph 1,057, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1058. With respect to the allegations contained in paragraph 1,058, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XII**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(MIMM Enterprise)**
**Against Inscribed, PLLC; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Integra Lab Management, LLC; Gireesh Velugubanti, M.D.; and Bachu Ambraham, M.D.**

1059. With the respect to the allegations contained in paragraph 1,059, denies each and every allegation not specifically admitted to.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

1060. With respect to the allegations contained in paragraph 1,060, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1061. With respect to the allegations contained in paragraph 1,061, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1062. With respect to the allegations contained in paragraph 1,062, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1063. With respect to the allegations contained in paragraph 1,063, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1064. With respect to the allegations contained in paragraph 1,064, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1065. With respect to the allegations contained in paragraph 1,065, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1066. With respect to the allegations contained in paragraph 1,066, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XIII**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(ZMC Pharmacy Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; Wook Kim, M.D., P.C. d/b/a**

**Farmbrook Interventional Pain & EMG; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

1067.   With the respect to the allegations contained in paragraph 1,067, denies each and every allegation not specifically admitted to.

1068.   With respect to the allegations contained in paragraph 1,068, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1069.   With respect to the allegations contained in paragraph 1,069, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1070.   With respect to the allegations contained in paragraph 1,070, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1071.   With respect to the allegations contained in paragraph 1,071, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1072.   With respect to the allegations contained in paragraph 1,072, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1073.   With respect to the allegations contained in paragraph 1,073, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1074.   With respect to the allegations contained in paragraph 1,074, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue.

1075.   With respect to the allegations contained in paragraph 1,075, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1076.   With respect to the allegations contained in paragraph 1,076, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1077.   With respect to the allegations contained in paragraph 1,077, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1078.   With respect to the allegations contained in paragraph 1,078, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1079.   With respect to the allegations contained in paragraph 1,079, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1080.   With respect to the allegations contained in paragraph 1,080, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1081.   With respect to the allegations contained in paragraph 1,081, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

1082. With respect to the allegations contained in paragraph 1,082, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1083. With respect to the allegations contained in paragraph 1,083, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1084. With respect to the allegations contained in paragraph 1,084, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1085. With respect to the allegations contained in paragraph 1,085, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1086. With respect to the allegations contained in paragraph 1,086, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XIV**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(ZMC Pharmacy Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

1087. With the respect to the allegations contained in paragraph 1,087, denies each and every allegation not specifically admitted to.

1088. With respect to the allegations contained in paragraph 1,088, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

1089. With respect to the allegations contained in paragraph 1,089, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1090. With respect to the allegations contained in paragraph 1,090, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1091. With respect to the allegations contained in paragraph 1,091, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1092. With respect to the allegations contained in paragraph 1,092, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1093. With respect to the allegations contained in paragraph 1,093, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1094. With respect to the allegations contained in paragraph 1,094, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XV**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Integra Enterprise)**
**Against Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Michigan Institute of Musculoskeletal Medicine, PLLC; and Bachu Ambraham, M.D.**

1095. With the respect to the allegations contained in paragraph 1,095, denies each and every allegation not specifically admitted to.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

1096. With respect to the allegations contained in paragraph 1,096, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1097. With respect to the allegations contained in paragraph 1,097, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1098. With respect to the allegations contained in paragraph 1,098, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1099. With respect to the allegations contained in paragraph 1,099, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1100. With respect to the allegations contained in paragraph 1,100, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1101. With respect to the allegations contained in paragraph 1,101, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1102. With respect to the allegations contained in paragraph 1,102, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1103. With respect to the allegations contained in paragraph 1,103, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

for lack of knowledge concerning the actions of other parties outside of their control.

1104. With respect to the allegations contained in paragraph 1,104, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1105. With respect to the allegations contained in paragraph 1,105, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1106. With respect to the allegations contained in paragraph 1,106, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1107. With respect to the allegations contained in paragraph 1,107, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1108. With respect to the allegations contained in paragraph 1,108, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1109. With respect to the allegations contained in paragraph 1,109, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1110. With respect to the allegations contained in paragraph 1,110, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1111. With respect to the allegations contained in paragraph 1,111, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1112. With respect to the allegations contained in paragraph 1,112, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1113. With respect to the allegations contained in paragraph 1,113, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

**COUNT XVI**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Integra Enterprise)**
**Against Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Michigan Institute of Musculoskeletal Medicine, PLLC; and Bachu Ambraham, M.D.**

1114. With the respect to the allegations contained in paragraph 1,114, denies each and every allegation not specifically admitted to.

1115. With respect to the allegations contained in paragraph 1,115, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1116. With respect to the allegations contained in paragraph 1,116, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1117. With respect to the allegations contained in paragraph 1,117, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1118. With respect to the allegations contained in paragraph 1,118, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1119. With respect to the allegations contained in paragraph 1,119, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1120. With respect to the allegations contained in paragraph 1,120, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

1121. With respect to the allegations contained in paragraph 1,121, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue for lack of knowledge concerning the actions of other parties outside of their control.

**COUNT XVII**
**COMMON LAW FRAUD**
**Against All Defendants**

1122. With the respect to the allegations contained in paragraph 1,122, denies each and every allegation not specifically admitted to.

1123. With respect to the allegations contained in paragraph 1,123, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1124. With respect to the allegations contained in paragraph 1,124, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1125. With respect to the allegations contained in paragraph 1,125, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

1126. With respect to the allegations contained in paragraph 1,126, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1127. With respect to the allegations contained in paragraph 1,127, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1128. With respect to the allegations contained in paragraph 1,128, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1129. With respect to the allegations contained in paragraph 1,129, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XVIII**
**CIVIL CONSPIRACY**
**Against All Defendants**

1130. With the respect to the allegations contained in paragraph 1,130, denies each and every allegation not specifically admitted to.

1131. With respect to the allegations contained in paragraph 1,131, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1132. With respect to the allegations contained in paragraph 1,132, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1133. With respect to the allegations contained in paragraph 1,133, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1134. With respect to the allegations contained in paragraph 1,134, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1135. With respect to the allegations contained in paragraph 1,135, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1136. With respect to the allegations contained in paragraph 1,136, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1137. With respect to the allegations contained in paragraph 1,137, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1138. With respect to the allegations contained in paragraph 1,138, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XIX**
**PAYMENT UNDER MISTAKE OF FACT**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; Diagnostic Solutions, LLC; Wook Kim, M.D., P.C d/b/a Farmbrook Interventional Pain & EMG; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Michigan Institute of Musculoskeletal Medicine, PLLC; ZMC Pharmacy, LLC; and Integra Lab Management, LLC**

1139. With the respect to the allegations contained in paragraph 1,139, denies each and every allegation not specifically admitted to.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

1140. With respect to the allegations contained in paragraph 1,140, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1141. With respect to the allegations contained in paragraph 1,141, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1142. With respect to the allegations contained in paragraph 1,142, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1143. With respect to the allegations contained in paragraph 1,143, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XX**
**UNJUST ENRICHMENT**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; Diagnostic Solutions, LLC; Wook Kim, M.D., P.C d/b/a Farmbrook Interventional Pain & EMG; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Michigan Institute of Musculoskeletal Medicine, PLLC; ZMC Pharmacy, LLC; and Integra Lab Management, LLC**

1144. With the respect to the allegations contained in paragraph 1,144, denies each and every allegation not specifically admitted to.

1145. With respect to the allegations contained in paragraph 1,145, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1146. With respect to the allegations contained in paragraph 1,146, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

1147. With respect to the allegations contained in paragraph 1,147, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1148. With respect to the allegations contained in paragraph 1,148, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1149. With respect to the allegations contained in paragraph 1,149, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

**COUNT XXI**
**DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201**

1150. With the respect to the allegations contained in paragraph 1,150, denies each and every allegation not specifically admitted to.

1151. With respect to the allegations contained in paragraph 1,151, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1152. With respect to the allegations contained in paragraph 1,152, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1153. With respect to the allegations contained in paragraph 1,153, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1154. With respect to the allegations contained in paragraph 1,154, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

untrue.

1155. With respect to the allegations contained in paragraph 1,155, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1156. With respect to the allegations contained in paragraph 1,156, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1157. With respect to the allegations contained in paragraph 1,157, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1158. With respect to the allegations contained in paragraph 1,158, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1159. With respect to the allegations contained in paragraph 1,159, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1160. With respect to the allegations contained in paragraph 1,160, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1161. With respect to the allegations contained in paragraph 1,161, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1162. With respect to the allegations contained in paragraph 1,162, calls for a legal conclusion

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

and requires no response. For the sake that a response is required, Defendant denies as untrue.

1163. With respect to the allegations contained in paragraph 1,163, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

1164. With respect to the allegations contained in paragraph 1,164, calls for a legal conclusion and requires no response. For the sake that a response is required, Defendant denies as untrue.

## XV. DEMAND FOR RELIEF

WHEREFORE, Defendant Inscribed, PLLC respectfully pray that judgment enter in their favor as follows:

**COUNT 1**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Inscribed Enterprise)**
**Against Diagnostic Solutions, LLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; Bachu Ambraham, M.D.; and Jalal Zawaideh, R.Ph.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT I with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT II**

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Inscribed Enterprise)**
**Against Diagnostic Solutions, LLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; Bachu Ambraham, M.D.; and Jalal Zawaideh, R.Ph.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT II with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT III**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Integrative Neurology Enterprise)**
**Against Diagnostic Solutions, LLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT III with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT IV**
**VIOLATION OF 18 U.S.C. § 1962(d)**

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**(Integrative Neurology Enterprise)**
**Against Diagnostic Solutions, LLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT IV with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT V**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Diagnostic Solutions Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; and Gireesh Velugubanti, M.D.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT V with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT VI**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Diagnostic Solutions Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; and Gireesh Velugubanti,**

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**M.D.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT VI with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT VII**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Farmbrook Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT VII with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT VIII**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Farmbrook Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; ZMC Pharmacy, LLC; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT VIII with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT IX**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(DIPMM Enterprise)**
**Against Inscribed, PLLC; Integra Lab Management, LLC; Gireesh Velugubanti, M.D.; and Bachu Ambraham, M.D.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT IX with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT X**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(DIPMM Enterprise)**
**Against Inscribed, PLLC; Integra Lab Management, LLC; Gireesh Velugubanti, M.D.; and Bachu Ambraham, M.D.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT X with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT XI**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(MIMM Enterprise)**
**Against Inscribed, PLLC; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Integra Lab Management, LLC; Gireesh Velugubanti, M.D.; and Bachu Ambraham, M.D.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT XI with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT XII**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(MIMM Enterprise)**
**Against Inscribed, PLLC; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Integra Lab Management, LLC; Gireesh Velugubanti, M.D.; and Bachu Ambraham, M.D.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT XII with prejudice along with any other relief this Honorable Court

deems just and equitable.

**COUNT XIII**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(ZMC Pharmacy Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT XIII with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT XIV**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(ZMC Pharmacy Enterprise)**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; Wook Kim, M.D., P.C. d/b/a Farmbrook Interventional Pain & EMG; Gireesh Velugubanti, M.D.; Arvinder Dhillon, M.D.; and Jalal Zawaideh, R.Ph.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT XIV with prejudice along with any other relief this Honorable Court deems just and equitable.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**COUNT XV**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(Integra Enterprise)**
**Against Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Michigan Institute of Musculoskeletal Medicine, PLLC; and Bachu Ambraham, M.D.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT XV with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT XVI**
**VIOLATION OF 18 U.S.C. § 1962(d)**
**(Integra Enterprise)**
**Against Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Michigan Institute of Musculoskeletal Medicine, PLLC; and Bachu Ambraham, M.D.**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

(c) DENY Allstate its requested relief of injunctive relief for enjoinment of defendants;

(d) DISMISS COUNT XVI with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT XVII**
**COMMON LAW FRAUD**
**Against All Defendants**

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for investigative costs, together with interest, costs, and attorney's fees;

(c) DISMISS COUNT XVII with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT XVIII**
**CIVIL CONSPIRACY**
**Against All Defendants**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DENY Allstate its requested relief for investigative costs, together with interest, costs, and attorney's fees;

(c) DISMISS COUNT XVIII with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT XIX**
**PAYMENT UNDER MISTAKE OF FACT**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; Diagnostic Solutions, LLC; Wook Kim, M.D., P.C d/b/a Farmbrook Interventional Pain & EMG; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Michigan Institute of Musculoskeletal Medicine, PLLC; ZMC Pharmacy, LLC; and Integra Lab Management, LLC**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DISMISS COUNT XIX with prejudice along with any other relief this Honorable Court deems just and equitable.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

**COUNT XX**
**UNJUST ENRICHMENT**
**Against Inscribed, PLLC; Integrative Neurology, PLLC; Diagnostic Solutions, LLC; Wook Kim, M.D., P.C d/b/a Farmbrook Interventional Pain & EMG; Detroit Institute of Pain Musculoskeletal Medicine, PLLC; Michigan Institute of Musculoskeletal Medicine, PLLC; ZMC Pharmacy, LLC; and Integra Lab Management, LLC**

(a) DENY Allstate its request relief for actual and consequential damages in any amount articulated herein or as calculated at trial;

(b) DISMISS COUNT XX with prejudice along with any other relief this Honorable Court deems just and equitable.

**COUNT XXI**
**DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201**

(a) DENY Allstate's request for declaratory jurdgment that they have no obligation to pending and previously denied No-Fault Insurance claims submitted by the answering Defendant herein;

(b) DENY Allstate's request for declaratory judgment that the answering Defendant herein cannot seek payment from Allstate for benefits under Michigan's No-Fault Act, any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment;

(c) DENY Allstate's request for declaratory judgment that the answering Defendant herein cannot balance bill or otherwise seek payment from any person insured under an Allstate policy or for whom Allstate is the responsible payor; and

(d) DISMISS COUNT XXI with prejudice along with any other relief this Honorable Court deems just and equitable.

**XVI. RELIANCE UPON JURY DEMAND**

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

Defendant hereby relies upon the Jury Demand made by Plaintiff pursuant to Fed. R. Civ. P. 38(b).

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1165. By way of first affirmative defense, Defendant pleads accord and satisfaction.

1166. By way of second affirmative defense, Defendant pleads duress.

1167. By way of third affirmative defense, Defendant pleads payment.

1168. By way of fourth affirmative defense, Defendant pleads release.

1169. By way of fifth affirmative defense, Defendant pleads res judicata.

1170. By way of six affirmative defense, Defendant pleads that statute of limitations bar Plaintiff's claims.

1171. By way of seventh affirmative defense, Defendant pleads judicial estoppel.

1172. By way of eighth affirmative defense, Defendant pleads estoppel by contract.

1173. By way of ninth affirmative defense, Defendant pleads quasi-estoppel.

1174. By way of tenth affirmative defense, Defendant pleads that the claims asserted by Plaintiffs are barred, in whole or in part, because the conduct of parties not named of which Defendant had no knowledge or information was the sole proximate cause, superseding and or intervening causes of the damages alleged by Plaintiff.

1175. By way of twelfth affirmative defense, Defendant pleads that Plaintiff lacks standing to bring a RICO cause of action.

1176. By way of thirteenth affirmative defense, Defendant pleads that Plaintiff has failed to properly plead proximate cause sufficient to maintain a RICO cause of action.

1177. By way of fourteenth affirmative defense, Defendant pleads that Plaintiff has failed to properly comply with Fed. R. Civ. P. 9(b) in failing to plead such with the required

specificity. See *Slaney v. Int'l Amateur*, 244 F.3d 580, 599 (7th Cir. 2001) .

1178. By way of fifteenth affirmative defense, Defendant pleads lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

1179. By way of sixteenth affirmative defense, Defendant pleads lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

1180. By way of seventeenth affirmative defense, Defendant pleads improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

1181. By way of eighteenth affirmative defense, Defendant pleads insufficient process pursuant to Fed. R. Civ. P. 12(b)(4).

1182. By way of nineteenth affirmative defense, Defendant pleads insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

1183. By way of twentieth affirmative defense, Defendant pleads failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) as to each and every Cause of action brought by Plaintiff in their Complaint, specifically, but not limited to Plaintiff's Count I through Count XXI.

1184. By way of twenty-first affirmative defense, Defendant pleads that their inclusion in this above plead cause of action are without merit as they failed to engage in "conduct" as defined by the RICO Act.

1185. By way of the twenty-second affirmative defense, Defendant pleads that their inclusion in the above plead causes of action are without merit as they failed to qualify as "part of an enterprise" as defined by the RICO Act.

1186. By way of the twenty-third affirmative defense, Defendant pleads that their inclusion in the above plead causes of action are without merit as Plaintiff has failed to properly plead

**AT LAW GROUP, PLLC**
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

with sufficient particularity that they engaged in sufficient "pattern" as defined by the RICO Act.

Respectfully Submitted,

/s/ ***Dewnya A. Bazzi***

Dewnya A. Bazzi (P75310)
Attorney for Defendant Inscribed
3 Parklane Blvd, West Tower, Ste 1500
Dearborn, MI 48126
(313) 406-7606
db@atlawgroup.com

Dated: March 5, 2020