# EXHIBIT A

## MICHIGAN INSURER RICO CASES

| NAME OF CASE AND CITATION | FACTUAL ALLEGATIONS | HOLDING |
|---|---|---|
| Allstate Ins. Co. v. Total Toxicology Labs, LLC, et al., 16-cv-122220-DPH-MKM, 2017 U.S. Dist. LEXIS 134517 (E.D. Mich. Aug. 23, 2017) | Allstate alleged that the RICO defendants "conspired to and engaged in a healthcare billing fraud scheme to provide unnecessary urine drug testing and to submit false and fraudulent documentation to Allstate." Id. at *3. | In denying the motion to dismiss, the court held that "Allstate has provided an 88-page description of how Defendants' alleged mail fraud works, along with charts demonstrating the types of claims submitted as part of this allegedly fraudulent enterprise." Id. at *17-*18. The court also noted that Allstate "detailed several examples of purportedly fraudulent claims and provided documentation for these exemplar claims." Id. at *18-*19. The court held that "the Complaint, read in conjunction with the exhibits, contain sufficient factual content to put Defendants on notice of the fraud that they are alleged to have committed." Id. at *19. The court denied the defendants' motion to dismiss Allstate's state law claims because "the Court finds that the civil RICO claims do not fail substantively at this pleading stage," and the court therefore "continues to exercise supplemental jurisdiction over the state law claims which are inextricably intertwined with the federal claims." Id. at *28-*29. The court also rejected the defendants' motion to dismiss the declaratory judgment claim because it "conclude[d] that the underlying claims do not fail substantively at this pleading stage." Id. at *29-*30. |
| State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc., et al., 16-cv-13040-SFC-APP. 2017 U.S. Dist. LEXIS 30826 (E.D. Mich. Mar. 6, 2017) | State Farm alleged that the RICO defendants "submit[ted] bills and supporting documentation to State Farm for chiropractic, physical therapy and medical services purportedly rendered to patients that were not actually performed or were not medically | The court denied the motion to dismiss State Farm's common law fraud claims, holding that State Farm met Rule 9(b) through "a 116-page description of how the Defendants' alleged scheme to defraud the insurer worked," along with "charts detailing the fraudulent services purportedly rendered to each patient, the dates of service and the amounts billed." Id. at *19. "A review of the allegations and exhibits makes it clear that Defendants have received sufficient notice of the fraudulent |

1

| NAME OF CASE AND CITATION | FACTUAL ALLEGATIONS | HOLDING |
|---|---|---|
| | necessary," and referred patients for medically unnecessary physical therapy and magnetic resonance imaging scans. Id. at *4-*5. State Farm alleged further that the predetermined protocol "resulted in: (1) patients not being legitimately examined, diagnosed and treated for conditions they may have had; (2) patients being subjected to treatment for conditions they may not have had; and (3) the use of fraudulent bills and related documents to inflate the value" of claims. Id. at *12. | misrepresentations they are alleged to have made." Id. The court also rejected the defendants' challenge to State Farm's civil conspiracy claim because "State Farm has sufficiently alleged fraud as the underlying tort for its conspiracy claim," and that "State Farm's 116-page complaint explains in detail each defendant's role in the overall conspiracy." Id. at *21-*22. The court also rejected the defendants' argument that State Farm's unjust enrichment claim should be dismissed due to the existence of an express contract. Id. at *24. The court held that this argument "is not persuasive and has been consistently rejected by other courts within this District." Id. |
| State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C. et al., 14-cv-11521-MAG-MKM, 2015 U.S. Dist. LEXIS 104332 (E.D. Mich. Aug. 10, 2015) [Mem. Op.] | State Farm alleged that the RICO defendants "submitted hundreds of bills and related documentation for claimed services" that were, at least in part, "not designed to legitimately examine, diagnose, and provide medically necessary services to address the unique needs of the individual defendants," including "consistently order[ing] unnecessary tests . . . that do not change the course of treatment and that are ordered regardless of patient need." Id. at *4-*5. | In denying the motion to dismiss, the court held that State Farm's "48-page, 108 paragraph Complaint" met the Rule 9(b) pleading requirements with respect to the mail fraud by alleging the defendants "charged for services that were not provided; issued standard diagnoses for patients; ordered medical tests and treatments even when unnecessary; [and] created a standardized protocol and treatment timeline for patients, regardless of individual patient need," and by attaching spreadsheets "detail[ing] the purportedly fraudulent mailings by Defendants." Id. at *20-*21.<br><br>The court further held that State Farm sufficiently alleged that the individual defendants participated in the operation of the RICO enterprise with allegations that they "designed," "implemented," and "carried out" a fraudulent, predetermined treatment protocol. Id. at *16 |

2

| **Name of Case and Citation** | **Factual Allegations** | **Holding** |
|---|---|---|
| State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, et al., 14-cv-11700-PDB-SDD, 107 F. Supp. 3d 772 (E.D. Mich. 2015) | State Farm alleged the RICO defendants comprised a scheme "involving rehabilitation facilities, prescribing clinics and physicians, and a diagnostic testing facility." Id. at 778. Several of the individual defendants owned and/or controlled physical therapy clinics that charged for services not rendered or performed according to a predetermined treatment protocol, physician practices provided prescriptions for unnecessary physical and occupational therapy and MRIs, and an MRI facility that performed unnecessary testing. Id. at 779-780. | The court denied the motion to dismiss State Farm's RICO claims, holding that State Farm satisfied Rule 9(b) and sufficiently pleaded mail fraud where they alleged "hundreds of fraudulent claims and documentation" comprising false representations in relation to treatment, testing, and other services rendered to the patients, including that they were medically necessary and tailored to the patients' individual needs. Id. at 787, 789-791. The court held that the "Plaintiff has sufficiently put each Defendant on notice of the misrepresentations allegedly made so that each can reasonably know where to begin the task of responding to the allegations," including through allegations of specific misrepresentations and charts identifying the false services by dates of service. Id. at 789-791.<br><br>The plaintiff's unjust enrichment claim survived dismissal because State Farm disputed existence of any express contract that might bar the cause of action. Id. at 796. |
| Allstate Ins. Co., et al. v. Universal Health Group, Inc. et al., 13-cv-15108-LVP-EAS, Docket No. 229 (E.D. Mich. Mar. 26, 2015) | Allstate sought damages from the defendants because they submitted claims to Allstate for "unneeded medical services and treatment for individuals who were motor vehicle accident victims." Id., slip op. at 4. | The court denied the defendants' motion to dismiss, observing that "Allstate provide[d] specific examples of each Defendant's activities related to the fraud," and "explain[ed] in detail how the bills and medical documentation submitted to it by and/or with the knowledge and consent of Defendants contained false representations." Id. at 18. The court also noted that Allstate "identified[ ] in detail" the defendants' course of conduct with regard to the entities, "indicat[ing] that Defendants operated and/or managed the enterprises' affairs." Id., slip op. at 26-27.<br><br>Further, the court held that Allstate's complaint adequately pleaded proximate causation because the "Defendants' |

3

| <u>Name of Case and Citation</u> | <u>Factual Allegations</u> | <u>Holding</u> |
|---|---|---|
| | | fraudulent conduct was directed at Allstate and other No-Fault insurance providers." <u>Id.</u>, slip op. at 30. |
| <u>State Farm Mut. Auto. Ins. Co. v. Radden</u>, 14-cv-13299-JCO-SDD, 2015 U.S. Dist. LEXIS 17788 (E.D. Mich. Feb. 13, 2015) | State Farm's complaint alleged the defendants made false representations that treatment they performed was "legitimate" and "medically necessary," and submitted various inappropriate charges, including certain procedures reported with multiple billing codes. <u>Id</u>. at *3-*4. | The court held that State Farm adequately pleaded mail fraud, including through the submission of charts "identify[ing] the specific misrepresentations regarding exams, injections and related services purportedly rendered to each payment . . . . Courts in this district have repeatedly held that complaints with these details satisfy Rule 9(b)." <u>Id</u>. at *4. |
| <u>State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, et al.</u>, 14-cv-11700-PDB-SDD, 68 F. Supp. 3d 744 (E.D. Mich. 2014) | State Farm alleged the RICO defendants comprised a scheme "involving rehabilitation facilities, prescribing clinics and physicians, and a diagnostic testing facility." <u>Id</u>. at 747. Several of the individual defendants owned and/or controlled physical therapy clinics that charged for services not rendered or performed according to a predetermined treatment protocol, physician practices provided prescriptions for unnecessary physical and occupational therapy and MRIs, and an MRI facility that performed unnecessary testing. <u>Id</u>. at 747-749. | Denying the defendants' motion to dismiss, the court held that the plaintiff's RICO claims were not reverse-preempted under the federal McCarran-Ferguson Act, 15 U.S.C. § 1012(a). <u>Id</u>. at 754. The Court further denied a motion to dismiss the plaintiff's declaratory judgment claim against one of the RICO claimants, as the declaratory judgment claim related only to pending bills and was "inextricably dependent on" the underlying substantive counts. <u>Id</u>. at 756. Further, the declaratory judgment action involved an "actual controversy" because "State Farm does not seek a declaratory judgment as to claims that have not yet been submitted but only as to claims that have been submitted and remain unpaid," and abstention was not appropriate because the declaratory judgment cause of action was related to underlying substantive claims (for purposes of <u>Wilton</u> analysis). <u>Id</u>. at 757-759. |

4

| NAME OF CASE AND CITATION | FACTUAL ALLEGATIONS | HOLDING |
|---|---|---|
| State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc., et al., 14-cv-10266-JEL-DRG, 2014 U.S. Dist. LEXIS 151213 (E.D. Mich. Oct. 24, 2014) | State Farm sought damages from the defendants in relation to a scheme comprised of "a group of doctors and their respective medical businesses, each of which work in concert to maximize billing for allegedly unnecessary treatment," including "falsely diagnosing patients with injuries," "conducting sham examinations," "control[ling facilities that] . . . performed medically unnecessary magnetic resonance imaging ("MRI") tests," and "performing unnecessary electrodiagnostic ("EDX") tests, which further increased the stream of billable procedures submitted to plaintiff." Id. at *3-*4. | The court denied the defendants' motion to dismiss. Id. at *29. Observing that "[a] party that causes a fraudulent bill to be submitted to an insurer may be as liable for fraud as the person whose name was on the fraudulent submission," the court held that allegations and itemized charts listing claims to which the defendants "contributed to or orchestrated" provided each defendant with notice of the claims at issue. Id. at *8. The court held that the plaintiff had alleged a RICO enterprise / association-in-fact, as the complaint set forth specific roles and relationships between defendants functioning with a common purpose since 2007. Id. at *11-*12. Additionally, the complaint sufficiently alleged a course of conduct engaged in by each defendant with regard to conducting the enterprise. Id. at *14.<br><br>Further, the court held that State Farm did not waive its right to challenge claims it paid simply because it failed to investigate within the 30-day no-fault payment window. Id. at *27 ("In effect, defendants' interpretation of the law would only punish those who were incompetent fraudsters, letting their more intelligent or devious colleagues off the hook"). The court also held that unjust enrichment claims were not barred, as State Farm disputed any express contract with the defendants. Id. |

| NAME OF CASE AND CITATION | FACTUAL ALLEGATIONS | HOLDING |
|---|---|---|
| Allstate Ins. Co. v. Med. Evaluations, P.C., et al., 13-cv-14682-MFL, 2014 U.S. Dist. LEXIS 76969 (E.D. Mich. June 6, 2014) | Allstate alleged that the "Defendants engage[d] in a scheme to defraud Allstate by submitting, or causing to be submitted, false and fraudulent medical records, bills, and invoices . . . for treatment and services that were not actually provided, were medically unnecessary, and were not lawfully rendered." Id. at *2. | After declining to dismiss Allstate's RICO claims, the court noted that the Defendants' alternative subject-matter jurisdiction argument with regard to Allstate's state law causes of action was "devoid of merit" and "patently without merit," and that it "would not have hesitated to impose sanctions" on defendants "[h]ad this baseless argument caused the Court, or Plaintiffs, to extend any meaningful effort": "Allstate's Complaint specifically alleges two separate bases on which this Court has subject-matter jurisdiction, and only one of those bases would be impacted had the Court dismissed Allstate's RICO claims. . . . There is no reasonable argument that the dismissal of Allstate's RICO claims would have had any impact upon this Court's diversity jurisdiction." Id. at *9. |
| Allstate Ins. Co. v. Awan & Associates, P.C., 11-cv-11988-AC-MJH, Docket No. 20 (E.D. Mich. Apr. 3, 2013) | Allstate alleged a scheme involving a physician who conducted and referred patients for unnecessary electrodiagnostic studies, based on fabricated symptoms and with fabricated results. The physician self-referred many of these patients to a pain management and physical therapy clinic in which he had ownership interests. | The Court allowed Allstate to proceed with claims for common law fraud, payment under mistake of fact, violation of the no-fault act (unreasonable charges), unjust enrichment, and RICO / RICO conspiracy. |
| State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc., No. 12-cv-11500-JCO-DRG, 2013 U.S. Dist. LEXIS 18501 (E.D. Mich. Feb. 12, 2013) | State Farm alleged that defendant physicians and physical therapists fraudulently diagnosed, treated, and referred patients for unnecessary treatment. Id. at *3. | The court denied a motion to dismiss filed by the defendants, holding that an auto insurer's common law fraud and unjust enrichment claims against medical providers are not superseded by the Michigan No-Fault Act. Id. at *6-*7. Further, the court held that State Farm adequately alleged a RICO enterprise conducted by a defendant individual physician, where it set forth "(1) |

6

| Name of Case and Citation | Factual Allegations | Holding |
|---|---|---|
| | | the purpose of the enterprise (the submission of fraudulent claims); (2) the relationships between those associated with the enterprise (the doctors, physical therapy clinics, and the personal injury attorneys with whom they had quid pro quo cross-referral relationships); and (3) sufficient longevity to permit the enterprise's purpose (from October 2007 to the present), as well as the physician's 'essential' role in providing unnecessary physical therapy prescriptions pursuant to a predetermined diagnosis." Id. at *14-*15.<br><br>The court also held that State Farm alleged mail fraud with particularity in compliance with Fed. R. Civ. P. 9(b), as: State Farm described the overall fraudulent scheme and attached charts of pertinent claims, the dates the claims were mailed, examples of fraudulent documents, and initial exam findings. Id. at *15-*16 ("In complex civil RICO actions involving multiple defendants, Rule 9(b) does not require that the temporal or geographic particulars of each mailing made in furtherance of the fraudulent scheme be stated with particularity, but only that the plaintiff delineate, with adequate particularity in the body of the complaint, the specific circumstances constituting the overall fraudulent scheme."). |
| Allstate Ins. Co. v. Utica Physical Therapy, Inc., 2018 U.S. Dist. LEXIS 101768 (E.D. Mich. June 19, 2018) | Allstate alleged that fourteen (14) defendants engaged in a fraudulent scheme to defraud the insurer of No-Fault benefits. Id. at *2-*5. | Several of the defendants filed motions to dismiss, which the court denied without oral argument. Id. at *3. In addressing each argument raised by the defendants, the court expressly noted that the same arguments have been repeatedly raised and rejected in this District. Id. at *15 ("[a]s numerous other courts in this district have concluded in numerous similar cases, 'such documentation and explanation of the fraudulent scheme satisfies Rule 9(b) |

7

| NAME OF CASE AND CITATION | FACTUAL ALLEGATIONS | HOLDING |
|---|---|---|
| | | because it sufficiently puts the defendants on notice of the claims against which they will have to defend"); id. at *11-*12 ("[d]efendants in several other factually analogous and similarly pleaded cases in this district have unsuccessfully raised [a failure to plead RICO causes of action] argument"); id. at *8 (argument that RICO claims are prohibited by the No-Fault Act "has been raised, and rejected, in numerous factually analogous cases in this district"). |
| State Farm Mut. Auto Ins. Co. v. Vital Cmty. Care, P.C., 2018 U.S. Dist. LEXIS 80361 (E.D. Mich. May 14, 2018) | State Farm alleged that the defendants used a predetermined protocol of treatment to induce "the maximum possible payments from insurance companies, rather than their necessity to address the unique medical needs of the patient." Id. at *6. | The court denied the defendants' motion to dismiss State Farm's complaint, noting that the arguments raised by the defendants "are challenges other defendants have raised unsuccessfully in several similar cases" in the Eastern District of Michigan, including four (4) such cases identified and summarized by the court. Id. at *19-*20. The court held that State Farm's complaint "describes in detail a complex, multi-layered scheme by the fifteen defendants to devise, facilitate, and/or participate in a plan to defraud State Farm of monies through the submission of fraudulent bills. The Complaint places each defendant on notice of their role in alleged scheme…." Id. at *20.<br><br>In rejecting the defendants' many abstention arguments, the court noted that the "Defendants do not specifically identify a single state administrative proceeding or order with which the pending matter would interfere. In any event, as many district courts have found when rejecting the application of Burford abstention in cases similar to the present one, 'federal courts regularly decide issues concerning Michigan's no-fault scheme without raising the conflict issues Burford abstention is intended to address.'" Id. at *10. The court also noted that "[a] number of courts |

8

| NAME OF CASE AND CITATION | FACTUAL ALLEGATIONS | HOLDING |
|---|---|---|
| | | considering the question in cases factually indistinguishable from the present matter have concluded that the application of RICO would not impair, invalidate, or supersede [Michigan's] insurance code" in ruling that "State Farm's RICO claims are not reverse preempted under the McCarran-Ferfuson Act." Id. at *15-*16. The court further noted that "[a]s recognized by several judges in this District and throughout the United States when resolving this same challenge on indistinguishable facts, the damages State Farm alleges satisfies RICO's 'business or property' injury requirement" in ruling that "*Jackson* does not bar State Farm's RICO claims." Id. at *17-*18.<br><br>In denying the defendants' motion to dismiss, the court further noted that "liability is not limited to those with primary responsibility for the fraudulent scheme, nor to those with a formal position in the enterprise. Instead, one needs to have had only some part in directing the enterprise's affairs." Id. at *21. |

9