UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ESURANCE INSURANCE COMPANY; and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> INSCRIBED PLLC; INTEGRATIVE NEUROLOGY PLLC; DIAGNOSTIC SOLUTIONS LLC; WOOK KIM, M.D., P.C. d/b/a FARMBROOK INTERVENTIONAL PAIN & EMG; DETROIT INSTITUTE OF PAIN MUSCULOSKELETAL MEDICINE PLLC; MICHIGAN INSTITUTE OF MUSCULOSKELETAL MEDICINE PLLC; ZMC PHARMACY, L.L.C.; INTEGRA LAB MANAGEMENT LLC; GIREESH VELUGUBANTI, M.D.; ARVINDER DHILLON, M.D.; BACHU ABRAHAM, M.D.; and JALAL ZAWAIDEH, R.PH., <br><br> Defendants. | C.A. No. 19-CV-13721-LVP-EAS |

**PLAINTIFFS' MOTION SEEKING LEAVE TO FILE SUR-REPLY TO DEFENDANTS ZMC PHARMACY, L.L.C. AND JALAL ZAWAIDEH'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

Plaintiffs Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company (collectively, "Allstate" and/or "plaintiffs") hereby move this Honorable Court for an Order granting Allstate leave to file a sur-reply in opposition to the motion to dismiss filed by defendants ZMC Pharmacy, L.L.C. ("ZMC") and Jalal Zawaideh ("Zawaideh") (hereinafter collectively referred to as the "Moving Defendants"). *See* Docket Nos. 38 and 49.

"A court may exercise its discretionary authority when a party that is moving for leave to file a sur-reply demonstrates that the opposing party has presented new arguments or new evidence in the reply to which it seeks to respond." Arbor Bev. Co. v. Phillips Farms, LLC, 2015 U.S. Dist. LEXIS 12904, *1 (E.D. Mich. Feb. 4, 2015), citing Eng'g & Mfg. Servs., LLC v. Ashton, 387 F. App'x 575 (6th Cir. 2010). Allstate's has good cause in filing its sur-reply attached hereto at Exhibit A because the Moving Defendants initially withheld and only now produced to this Court and Allstate via their reply brief the releases that they rely on to support their assertion that *res judicata* bars Allstate's claims (this disclosure was made only after Allstate pointed out in its opposition the failure to provide the same).

The Moving Defendants have failed to identify any reason why the releases relied upon in their motion to dismiss (*see* Docket No. 38) were not filed with their

2

motion, considering they were able to do so in their reply (*see* Docket No. 49).  The reason for the initial withholding of these releases becomes clear upon review of the same now that they have been provided to the Court and to Allstate: none supports the Moving Defendants' *res judicata* arguments, but rather each undermines the same.  Indeed, Allstate did not sign a single one of these releases, which instead are one-way releases running in Allstate's favor.  Allstate did not release anything, including not giving up any rights, claims, relief, or causes of action that it had against the Moving Defendants by these one-way releases because Allstate never signed a single one so simply could not have released anything.  The Moving Defendants tacitly concede this because they pointedly misrepresent to this Court that "Plaintiffs signed them [the releases]."  *See* Docket No. 49, PageID 2113.  This, obviously, is not true from even a cursory review of the late-produced releases and this misrepresentation further supports that Allstate has good cause to file the sur-reply attached hereto at Exhibit A.

Allstate's instant motion for leave simply requests an opportunity to respond to the Moving Defendants' recently produced releases – i.e., the documents that they claim support their motion to dismiss – and the arguments made in the Moving Defendant's reply brief related to the same, as Allstate has been deprived an opportunity to do so until after it was required to file its opposition to the motion to dismiss.  Allstate also notes that its proposed sur-reply (attached at Exhibit A) is a

modest seven (7) pages in length, the equivalent of a reply brief in this District, as Allstate is eager to conclude briefing on this baseless motion to dismiss and moving to discovery and trial so Allstate can realize redress for its injuries at the hands of the defendants.

The undersigned hereby certifies that she conferred with counsel for the defendants pursuant to Local Rule 7.1(a) regarding the subject matter of this motion, but concurrence was not forthcoming.

WHEREFORE, for the reasons set out herein, Allstate respectfully requests that this Court enter an Order permitting Allstate to file its sur-reply to the Moving Defendants' reply to Allstate's opposition to their motion to dismiss and for all other relief deemed just and proper.

[SIGNATURE PAGE FOLLOWS]

        Respectfully submitted,

        SMITH & BRINK

        */s/ Jacquelyn A. McEttrick*
        _____
        Richard D. King, Jr.
        rking@smithbrink.com
        Nathan A. Tilden (P76969)
        ntilden@smithbrink.com
        Jacquelyn A. McEttrick
        jmcettrick@smithbrink.com
        John D. Tertan
        jtertan@smithbrink.com
        350 Granite Street, Suite 2303
        Braintree, MA  02184
        617-770-2214 (phone)

        38777 Six Mile Road, Suite 314
        Livonia, MI  48152

        *Attorneys for Plaintiffs*

Dated: April 7, 2020

## **CERTIFICATE OF SERVICE**

I, Jacquelyn A. McEttrick, counsel for Plaintiffs, hereby certify that on April 7, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

SMITH & BRINK

*/s/ Jacquelyn A. McEttrick*

_____
Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
350 Granite St., Suite 2303
Braintree, MA 02184
(617) 770-2214

38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000