UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ESURANCE INSURANCE COMPANY; and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiffs,

v.

INSCRIBED PLLC; INTEGRATIVE NEUROLOGY PLLC; DIAGNOSTIC SOLUTIONS LLC; WOOK KIM, M.D., P.C. d/b/a FARMBROOK INTERVENTIONAL PAIN & EMG; DETROIT INSTITUTE OF PAIN MUSCULOSKELETAL MEDICINE PLLC; MICHIGAN INSTITUTE OF MUSCULOSKELETAL MEDICINE PLLC; ZMC PHARMACY, L.L.C.; INTEGRA LAB MANAGEMENT LLC; GIREESH VELUGUBANTI, M.D.; ARVINDER DHILLON, M.D.; BACHU ABRAHAM, M.D.; and JALAL ZAWAIDEH, R.PH.,

Defendants.

C.A. No. 19-CV-13721-LVP-EAS

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS ZMC PHARMACY, L.L.C. AND JALAL ZAWAIDEH'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................... i

Issues Presented ..................................................................................................... ii

Statement of Controlling/Most Appropriate Authorities ........................................ iii

Allstate's Sur-Reply ................................................................................................ 1

    I.     Res Judicata Does Not Bar Allstate's Claim ................................................. 1

    II.    Allstate's Unjust Enrichment Count Is Proper .............................................. 5

    III.   Allstate's Complaint Meets Rule 9(b) .......................................................... 6

## **ISSUES PRESENTED**

1.   Does *res judicata* bar any of Allstate's counts?

   Allstate answers:  No

   Defendants answer: Yes

2.   Does Allstate's Complaint sufficiently allege unjust enrichment?

   Allstate answers:  Yes

   Defendants answer:  No

3.   Does Allstate's Complaint Meet Rule 9(b)?

   Allstate answers:  Yes

   Defendants answer:  No

# STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITIES

**CASES**

Cooper v. Auto Club Ins. Ass'n
    481 Mich. 399 (2008)

Pinnacle Sur. Servs. v. Manion Stigger, LLP
    2018 U.S. Dist. LEXIS 51269 (W.D. Ky. Mar. 27, 2018)

Santos v. Farmers Ins. Exch.
    2007 U.S. Dist. LEXIS 82905 (E.D. Mich. Nov. 8, 2007)

State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC
    107 F. Supp. 3d 772 (E.D. Mich. 2015)

State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc.
    2014 U.S. Dist. LEXIS 151213 (E.D. Mich. Oct. 24, 2014)

State Farm Mut. Auto. Ins. Co. v. Vital Cmty. Care, P.C.
    2018 U.S. Dist. LEXIS 80361 (E.D. Mich. May 14, 2018)

**RULES**

Fed. R. Civ. P. 9(b)

Plaintiffs Allstate Insurance Company and its affiliates (hereinafter, "Allstate" and/or "plaintiffs") hereby submit the within sur-reply in opposition to the motion to dismiss filed by defendants ZMC Pharmacy, L.L.C. ("ZMC") and Jalal Zawaideh ("Zawaideh") (collectively, the "Moving Defendants"). *See* Docket Nos. 38 and 49.

## I.     *RES JUDICATA* DOES NOT BAR ALLSTATE'S CLAIMS

The Moving Defendants initially withheld and only now produced to this Court and Allstate via their reply brief the releases that they rely on to support their assertion that *res judicata* bars Allstate's claims (this disclosure was made only after Allstate pointed out in its opposition the failure to provide the same initially). The reason for the withholding of these releases becomes clear upon review of the same now that they have been provided to the Court and to Allstate: none supports the Moving Defendants' *res judicata* arguments, but rather undermine the same. Allstate did not release anything, including not giving up any rights, claims, relief, or causes of action that it had against the Moving Defendants by these one-way releases running in Allstate's favor because Allstate never signed a single one so simply could not have released anything. The Moving Defendants tacitly concede this because they pointedly misrepresent to this Court that "Plaintiffs signed them [the releases]." *See* Docket No. 49, PageID 2113. This is obviously not true and the only reason the Moving Defendants would have to lie to the Court is because they know these releases unsigned by Allstate are fatal to their *res judicata* argument.

1

The application of *res judicata* to matters previously resolved via settlement requires reviewing the actual settlement agreements themselves. Indeed, courts must "'attempt to effectuate the parties' intent' in determining the *res judicata* effect of an order of dismissal based upon a settlement agreement." Pinnacle Sur. Servs. v. Manion Stigger, LLP, 2018 U.S. Dist. LEXIS 51269, *14 (W.D. Ky. Mar. 27, 2018), quoting Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1287 (11th Cir. 2004). Here, the intent of Allstate and ZMC is clear: Allstate could not possibly have intended to waive or release any claim it had or that may arise against ZMC because Allstate did not sign a single one of these releases and ZMC never asked Allstate to. Moreover, the releases make clear that they only release specific demands for insurance payments by ZMC related to the one patient at issue in each release. There is no release of any claim by Allstate.

Instead, these releases relate solely to one-off No-Fault cases brought by ZMC. The Michigan Supreme Court has unequivocally held that a No-Fault claim is entirely different than a claim for fraud (as alleged by Allstate in its Complaint): "[a] fraud claim is clearly distinct from a no-fault claim." Cooper v. Auto Club Ins. Ass'n, 481 Mich. 399, 408 (2008). The Michigan Supreme Court's reasons why demonstrate the futility of the Moving Defendants' *res judicata* arguments here: "[a] fraud action is conceptually distinct from a no-fault action because: (1) a fraud action requires a[] [plaintiff] to prove several elements that are different from those

2

required in a no-fault action; (2) a fraud action accrues at a different time than a no-fault action; and (3) a fraud action permits a[] [plaintiff] to recover a wide range of damages that are not available in a no-fault action." Id. at 407. The Michigan Supreme Court has thus made clear that the same facts and damages were not at issue in these No-Fault cases as are at issue in Allstate's Complaint. For example, how could Allstate presently assert payment under mistake of fact or unjust enrichment before it paid any money to ZMC, which happened via these No-Fault cases. Moreover, fraud is inherently deceptive by its nature, which means that Allstate could not have known it was being defrauded at the time it tendered any payment to ZMC. As aptly held by this District (Levy, J.) in denying the motion to dismiss brought by defendants in a similar insurer fraud/unjust enrichment case:

> There is no reasonable interpretation of Michigan law that punishes, for instance, the submission of "false information concerning any fact or thing material to [an insurance] claim, M.C.L. § 500.4503(c)," but only if the claim is unpaid. In effect, defendants' interpretation of the law would only punish those who were incompetent fraudsters, letting their more intelligent or devious colleagues off the hook.

State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc., 2014 U.S. Dist. LEXIS 151213, *27 (E.D. Mich. Oct. 24, 2014) (brackets original).

Allstate did not and could not know that it was being defrauded at the time of these No-Fault cases, which only dealt with claims brought by ZMC alone for benefits under insurance policies, and thus Allstate could not have raised its RICO, fraud, unjust enrichment, and payment under mistake of fact counts in these cases.

3

*See, e.g.,* Docket No. 1, ¶¶ 333, 820, 823, 824(h), 836-843, 845, 897-899, 913, 928-930, 944, 987-989, 1003, 1069, 1077, 1078, 1091.[1]  Nor are the same facts at issue in these No-Fault cases and Allstate's instant Complaint.  As just one example, Allstate alleges that Zawaideh committed a substantive RICO violation under 18 U.S.C. § 1962(c) and engaged in a RICO conspiracy in violation of 18 U.S.C. § 1962(d) related to RICO enterprise Inscribed PLLC.  Id. at Counts I and II.  Neither Zawaideh, Inscribed PLLC, nor RICO counts were involved at all in a single case covered by the releases signed by ZMC.  This is fatal to the Moving Defendants' *res judicata* arguments.  As explained by this District in a factually analogous case involving later claims of fraud and misrepresentation:

> Plaintiffs' misrepresentation claim does not arise out of the same transaction as their claims under the insurance policies.  Although Plaintiffs would not have a misrepresentation claim but for the existence of the policies and their inquiries into coverage, the misrepresentation claim is premised on different facts and legal theories.  Whereas Plaintiffs' contract claim involves Mrs. Santos's auto accident, the extent of her injuries, and whether the policies provide coverage for those injuries, their misrepresentation claim involves Farmers' representations to Plaintiffs concerning coverage, the veracity of those representations and Farmers' intent in making them, and Plaintiffs' reliance on those representations.  Consequently, each claim involves different proofs and different operative facts. Most importantly, the harm caused by the alleged misrepresentations did not occur until the final judgment was entered in the first cause of action, barring any claim under the umbrella policy. As such, Plaintiffs could not have stated a claim for misrepresentation during the first cause of action. Mazzola v. Vineyard Homes, Inc., 54 Mich. App. 608, 615, 221 N.W.2d 406 (1974) ("The law is clear in this state that for actionable fraud to exist the plaintiff must have suffered damage."); *see*

---

[1] The Moving Defendants concede this point.  In their reply brief, the Moving Defendants admit that it is only where "the cause of action could have been litigated if all facts were known" that could potentially constitute *res judicata*. *See* Docket No. 49, PageID 2114 (emphasis added).

> *also* Novak v. Nationwide Mut. Ins. Co., 235 Mich. App. 675, 688, 599 N.W.2d 546 (1999) (listing damages as a necessary element of a misrepresentation claim). Therefore, the Court finds that Plaintiffs' misrepresentation claim is not barred by *res judicata* . . . .

Santos v. Farmers Ins. Exch., 2007 U.S. Dist. LEXIS 82905, *10-*12 (E.D. Mich. Nov. 8, 2007). There is simply no privity of parties, facts, or legal causes of action between a case brought by just ZMC relating to a single claim for insurance policy benefits under the No-Fault Act and the multimillion dollar fraud and conspiracy case that is Allstate's Complaint. Notably, not a single one of Allstate's causes of action here is brought under the No-Fault Act or pursuant to a policy of insurance.

The Moving Defendants do not offer any explanation of how Allstate could have asserted this fraud and conspiracy case involving twelve defendants, hundreds of patients, and millions of dollars in the one-off No-Fault cases that are the subjects of the releases signed by ZMC in favor of Allstate (almost all of which were brought in Michigan's District Courts, where the subject matter jurisdictional limits are $25,000). The answer, of course, is that Allstate could not. This ends the *res judicata* analysis and the Moving Defendants' motion to dismiss must be denied.

## II. ALLSTATE'S UNJUST ENRICHMENT COUNT IS PROPER

The Moving Defendants newly argue in their reply that Allstate's unjust enrichment count must be dismissed because of their bare allegation that they provided medications. There is no authority cited for this proposition, which runs counter to established law where unjust enrichment claims are routinely brought and

5

survive dispositive motions on the issue of billing for medically unnecessary treatment (even if the treatment was actually provided). *See, e.g.*, State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, 107 F. Supp. 3d 772 (E.D. Mich. 2015). The Moving Defendants also continue to advance the erroneous notion that Zawaideh shares an identity with ZMC such that Allstate's claims should be barred as to both. *See* Docket No. 49, PageID 2114.[2] This argument has been explicitly rejected by this Court specifically with respect to a claim for unjust enrichment:

> Defendants cite no authority to support their argument that an unjust enrichment claim can only be brought against a defendant who received a direct payment from the victim of fraud. A number of courts in fact have found that individual participants in a fraud scheme who benefitted indirectly can be liable under an unjust enrichment theory. In any event, State Farm's Complaint does identify direct benefits to Defendants from State Farm in that State Farm paid for the services billed by Defendants and/or for which Defendants were paid for performing.

State Farm Mut. Auto. Ins. Co. v. Vital Cmty. Care, P.C., 2018 U.S. Dist. LEXIS 80361, *24 (E.D. Mich. May 14, 2018) (citations omitted).

### III. ALLSTATE'S COMPLAINT MEETS RULE 9(b)

Ironically, the Moving Defendants continue to make conclusory statements that the allegations in Allstate's Complaint are merely "conclusory." *See, e.g.*, Docket No. 49, PageID 2110. In addition to extensive allegations regarding the entire scheme to defraud, Allstate's Complaint set out no less than 50 paragraphs

---

[2] Allstate clearly explains how that notion is legally insufficient in its opposition to the Motion to Dismiss. *See* Docket No. 48, Page D 2080-2081.

6

detailing exactly how the Moving Defendants specifically participated in the same.[3] While the Moving Defendants may disagree with the facts alleged in the Complaint, that does not mean they were not properly alleged. The Moving Defendants admit as much by conceding that "Allstate identifies specific allegations as purportedly supporting the causes of action." Id. at PageID 2111. Thus, the Moving Defendants concede that they are on notice as to the allegations against them, which is all that is required at the pleading stage.[4]

                    Respectfully submitted,
                    SMITH & BRINK
                    /s/ Jacquelyn A. McEttrick
                    _____
                    Richard D. King, Jr.
                    rking@smithbrink.com
                    Nathan A. Tilden (P76969)
                    ntilden@smithbrink.com
                    Jacquelyn A. McEttrick
                    jmcettrick@smithbrink.com
                    John D. Tertan
                    jtertan@smithbrink.com
                    350 Granite Street, Suite 2303
                    Braintree, MA  02184
                    617-770-2214 (phone)

                    38777 Six Mile Road, Suite 314
                    Livonia, MI  48152

Dated:  April 8, 2020              *Attorneys for Plaintiffs*

---

[3] Just some of the allegations of fraudulent behavior specific to the Moving Defendants are contained in Allstate's Complaint at ¶¶ 1, 2, 6, 8, 17, 58, 75, 127, 322-324, 325, 326, 342, 460-462, 739, 799, 800, 801-810, 812, 820, 821, 823, 824, 832-835, 862, 863, 886, 887, 918, 928, 978, 987, 1069, 1074, and 1078. *See* Docket No. 1.

[4] The Moving Defendants argue that "if this case must proceed to discovery, it will be clear that ZMC did not abuse the no-fault law, and Allstate has zero evidence against our client." *See* Docket No. 49, PageID 2109. The Moving Defendants are again attempting to dismiss this case based on the notion that they simply disagree with Allstate's allegations. That is not an appropriate consideration at this point in the proceedings.

7

## **CERTIFICATE OF SERVICE**

I, Jacquelyn A. McEttrick, counsel for Plaintiffs, hereby certify that on April 8, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

    SMITH & BRINK

    */s/ Jacquelyn A. McEttrick*

    _____
    Jacquelyn A. McEttrick
    jmcettrick@smithbrink.com
    350 Granite St., Suite 2303
    Braintree, MA 02184
    (617) 770-2214

    38777 Six Mile Road, Suite 314
    Livonia, MI 48152
    (734) 521-9000