UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ESURANCE
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

No: 19-cv-13721
Hon. Linda V. Parker

   Plaintiffs,

vs.

INSCRIBED PLLC; INTEGRATIVE
NEUROLOGY PLLC; DIAGNOSTIC
SOLUTIONS LLC; WOOK KIM, M.D.,
P.C. d/b/a FARMBROOK
INTERVENTIONAL PAIN & EMG;
DETROIT INSTITUTE OF PAIN
MUSCULOSKELETAL MEDICINE
PLLC; MICHIGAN INSTITUTE OF
MUSCULOSKELETAL MEDICINE
PLLC; ZMC PHARMACY, L.L.C.;
INTEGRA LAB MANAGEMENT
LLC; GIREESH VELUGUBANTI,
M.D.; ARVINDER DHILLON, M.D.;
BACHU ABRAHAM, M.D.; AND
JALAL ZAWAIDEH, R.PH.,

   Defendants.
_____/

**ZMC PHARMACY, L.L.C. AND JALAL ZAWAIDEH'S
<u>MOTION TO FILE RESPONSE TO SUR-REPLY</u>**

Defendants ZMC Pharmacy, L.L.C. and Jalal Zawaideh (together "ZMC") respectfully seek leave to file a Response to the Sur-Reply filed by Plaintiffs on April 8, 2020 (ECF No. 54), in order to respond to newly-raised factual assertions and legal arguments. The proposed Response is attached as Exhibit 1.

Allstate asserts that it needed to file a sur-reply because: ZMC "initially withheld and only now produced to this Court and Allstate via their reply brief the releases that they rely on to support their assertion that res judicata bars Allstate's claims (this disclosure was made only after Allstate pointed out in its opposition the failure to provide the same initially) …." Allstate Sur-Reply at 1. Allstate then makes the incredible assertion that counsel for ZMC intentionally withheld the documents because none of the Settlement Agreements "supports the Moving Defendants' res judicata arguments, but rather undermine the same." *Id.*

ZMC's proposed Brief responds to Allstate's assertions by demonstrating that Allstate's new assertions are false. The Settlement Agreements *were* produced on February 28, 2020 via a dropbox folder. The proposed Response includes Exhibits demonstrating that the documents at issue were placed in dropbox folders on February 28, 2020, that Allstate downloaded those folders on the same date, and that

accepting Allstate's assertion that the folders appeared empty, the only explanation is that there was an error *on Allstate's* end.[1]

The proposed Response also responds to Allstate's *new* arguments regarding *res judicata*. Specifically, the Response addresses the fact that Allstate is relying on 11th Circuit law regarding federal res judicata jurisprudence, even though Michigan law applies to the dispute. Under Michigan law, the only time the language of a "release" or the fact that a case was resolved via settlement is relevant under Michigan's "broad rule" of *res judicata* is when the settlement agreement release and subsequent judgment expressly provide that certain claims will survive the judgment (which is not the case here). *See, In re Estate of Dickinson*, No. 339212, 2018 WL 3479264, at *6 (Mich. Ct. App. July 19, 2018). Otherwise, a "voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes." *Limbach v. Oakland Co. Bd. of Rd. Comm'rs*, 226 Mich. App. 389, 395 (1997). In other words, the language of the releases in this matter is immaterial; instead, *res judicata* applies because the state court lawsuits were dismissed with prejudice.

---

[1] Allstate did not notify ZMC that it believed the folders were empty, opting instead to first make the assertion in its Response brief. Additionally, Allstate's entire argument borders on the absurd, because there is no doubt that Allstate has had every Settlement Agreement since long before this case was filed. Plaintiffs were parties to each and every Agreement.

The proposed Brief also responds to Allstate's new argument that *res judicata* does not bar its claims against ZMC because the causes of action in this case are different than the actions resolved in state court. Under Michigan's "broad approach" to *res judicata*, all claims and defenses relating to the transaction that *could have been* litigated in state court cannot be pursued in a subsequent action. Here, the *only* transactions between Allstate and ZMC relate to payment for prescriptions. ZMC sent invoices and Allstate paid or did not pay, in which case ZMC sued (either via assignment from the covered patient or via a direct suit). Allstate's claims in this matter arise, exclusively, from those same transactions. Each one of Allstate's legal theories arises from the assertion that ZMC is liable – under theories of RICO, fraud, unjust enrichment, payment under mistake of fact, etc. – for improperly inducing or accepting the payments.

There is no question that Allstate *could have* asserted fraud, RICO and any of its other claims in state court; therefore, Allstate cannot bring the claims here. There is no fraudulent concealment exception to *res judicata* that could possibly apply here, because the "fraud" alleged by Allstate is not extrinsic to the state court litigation.[2]

---

[2] The proposed Brief expands on these arguments and includes rguments in addition to those identified in this Motion.

The undersigned hereby certifies that on April 10, 2020, he conferred with counsel for Plaintiffs pursuant to Local Rule 7.1(a) regarding the subject matter of this Motion, but concurrence was not obtained.

WHEREFORE, for the reasons set forth herein, Defendants ZMC Pharmacy L.L.C. and Jalal Zawaideh respectfully request that this Court enter an Order permitting them to file the Response brief attached hereto as Exhibit 1.

Respectfully submitted,

April 13, 2020

**FINK BRESSACK**

By: /s/ Darryl Bressack
David H. Fink (P28235)
Darryl Bressack (P67820)
John L. Mack (P80710)
Attorneys for Defendants ZMC Pharmacy, L.L.C. and Jalal Zawaideh
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
Fax: (248) 971-2600
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
jmack@finkbressack.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

                                          FINK BRESSACK
                                        By: /s/ Darryl Bressack
                                        Darry Bressack (P67820)
                                        38500 Woodward Ave, Suite 350
                                        Bloomfield Hills, MI  48304
                                        (248) 971-2500
                                        dbressack@finkbressack.com