UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ESURANCE INSURANCE COMPANY; and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>              Plaintiffs,<br><br>v.<br><br>INSCRIBED PLLC; INTEGRATIVE NEUROLOGY PLLC; DIAGNOSTIC SOLUTIONS LLC; WOOK KIM, M.D., P.C. d/b/a FARMBROOK INTERVENTIONAL PAIN & EMG; DETROIT INSTITUTE OF PAIN MUSCULOSKELETAL MEDICINE PLLC; MICHIGAN INSTITUTE OF MUSCULOSKELETAL MEDICINE PLLC; ZMC PHARMACY, L.L.C.; INTEGRA LAB MANAGEMENT LLC; GIREESH VELUGUBANTI, M.D.; ARVINDER DHILLON, M.D.; BACHU ABRAHAM, M.D.; and JALAL ZAWAIDEH, R.PH.,<br><br>              Defendants. | C.A. No. 19-CV-13721-LVP-EAS |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS ZMC PHARMACY, L.L.C. AND JALAL ZAWAIDEH'S MOTION FOR LEAVE TO FILE A SUR-SUR-REPLY

1

Plaintiffs Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company (hereinafter, "Allstate" and/or "plaintiffs") hereby submit the within opposition to the motion for leave to file yet another pleading related to the motion to dismiss filed by defendants ZMC Pharmacy, L.L.C. ("ZMC") and Jalal Zawaideh ("Zawaideh") (hereinafter collectively referred to as the "Moving Defendants"). *See* Docket No. 55.

Enough is enough. Faced with the overwhelming conclusion that their motion to dismiss is a failure, the Moving Defendants ask the Court to allow even further briefing to try to resuscitate the same. Against the weight of all authority, the Moving Defendants chose to bring their motion to dismiss; they should have briefed it thoroughly from the start. While Allstate acknowledges that it sought leave to file a sur-reply, this was only because the Moving Defendants attached 83 pages of documents to their reply brief to which Allstate obviously had no prior chance to respond. The Moving Defendants still have not explained why they did not simply attach these documents to their original motion, which Allstate could have then responded to in its opposition brief. The Moving Defendants' improper actions have already led to a sur-reply that could have been avoided. The Moving Defendants now ask the Court for a sur-sur-reply (and a request for a sur-sur-sur-reply that

2

Allstate is constrained to seek).  The very names of these pleadings confirm the ridiculousness of the Moving Defendants' request.

To their credit, the Moving Defendants now concede that they did misrepresent to the Court about Allstate signing the one-way releases running in favor of Allstate when the Moving Defendants falsely stated that "Plaintiffs signed them [the releases]."  *See* Docket No. 49, PageID 2113 (the misrepresentation) and Docket No. 55-1, PageID 2443 n.2 (the admission of the misrepresentation).  Thus, there is no reason to believe the Moving Defendants when they try to argue that they previously produced these one-way releases to Allstate, which simply did not happen.  Allstate tried to access the folders (as confirmed at Docket No. 55-1, PageID 2456), but all were empty.  It is not Allstate's obligation to fix the Moving Defendants' Dropbox mistakes.  This dispute is also irrelevant because there is no question that the Moving Defendants did not provide these releases to the Court until their reply brief (which is improper, as reply briefs are not the place to add 83 pages of documents).  The Moving Defendants still have not explained why they did not attach these documents to their original motion, which has now led to double the amount of pleadings being filed.  The only reason for this refusal is because the Moving Defendants know that the one-way releases do not support their dismissal arguments.

"There must be some end to pleadings; otherwise, pleadings could continue ad infinitum and the court could never rule.  If the court were to allow a sur-sur-reply, [the other party], in all fairness, would have to be given another opportunity to respond." Allen v. Howmedica Leibinger, Inc., 190 F.R.D. 518, 519 (W.D. Tenn. 1999) (declining to consider sur-sur-reply).  This mandate that there be some end to pleadings is especially applicable here because this Court is very familiar with insurer RICO/fraud actions, including issuing several lengthy decisions in the past few years that have considered (and rejected) the exact same dismissal arguments made by the Moving Defendants here. *See, e.g.,* Allstate Ins. Co. v. Universal Health Group, Inc., 13-cv-15108-LVP-EAS, Docket No. 229 (E.D. Mich. March 26, 2015), and State Farm Mut. Auto. Ins. Co. v. Vital Community Care, P.C., 2018 U.S. Dist. LEXIS 80361 (E.D. Mich. May 14, 2018).  It is disappointing that the Moving Defendants did not review this Court's extensive prior decisions before bringing their motion to dismiss in the first instance; it is absurd that the Moving Defendants now seek to add fifth and sixth rounds of briefing on the exact same arguments that the Court has already ruled on in analogous cases.  Instead, this extensive briefing smacks more of a delay tactic and of defendants desperate for a stay of execution as they increasingly realize the futility of their motion to dismiss.  "Although there may be an extraordinary case that calls for six rounds of argument on a single motion, the

Court is satisfied that this is not such a case." Greene v. IPA/UPS Sys. Bd. of Adjournment, 2016 U.S. Dist. LEXIS 160904, *7 (W.D. Ky. Nov. 21, 2016).

For all of the reasons stated herein, Allstate respectfully requests that the Court deny the Moving Defendants' motion for leave to file a sur-sur-reply.  In the alternative, if the Court does grant the Moving Defendants' motion for leave to file a sur-sur-reply, then Allstate respectfully requests that it be given a chance to file a response thereto in the form annexed at Exhibit A.

Respectfully submitted,

SMITH & BRINK

/s/ Jacquelyn A. McEttrick
_____
Richard D. King, Jr.
rking@smithbrink.com
Nathan A. Tilden (P76969)
ntilden@smithbrink.com
Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
John D. Tertan
jtertan@smithbrink.com
350 Granite Street, Suite 2303
Braintree, MA  02184
617-770-2214 (phone)

38777 Six Mile Road, Suite 314
Livonia, MI  48152

Attorneys for Plaintiffs

Dated: April 14, 2020

## <u>CERTIFICATE OF SERVICE</u>

I, Jacquelyn A. McEttrick, counsel for Plaintiffs, hereby certify that on April 14, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

SMITH & BRINK

*/s/ Jacquelyn A. McEttrick*

_____

Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
350 Granite St., Suite 2303
Braintree, MA 02184
(617) 770-2214

38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

6