# EXHIBIT B

| From: | Morgan Schut |
|---|---|
| To: | Jacquelyn A. McEttrick; David Fink; Nate Fink |
| Cc: | Nathan Tilden; John Tertan; Brian M. Epstein |
| Subject: | RE: Allstate v. ZMC -- Discovery Deficiencies |
| Date: | Wednesday, June 16, 2021 5:06:29 PM |
| Attachments: | image003.png |
| | image004.png |
| | image001.png |
| | ZMC2011251-ZMC2011283.pdf |

Please find attached the remaining patient progress notes that we discussed yesterday.

We need more time to connect with our client on the other items included in your June 3 email and addressed in our conversation yesterday.  I will follow up as soon as possible.

Thanks,
-Morgan



**Morgan D. Schut**
Associate Attorney
Office: 248-971-2500
Cell:   269-217-1664
E: mschut@finkbressack.com | W: https://www.finkbressack.com

A: 38500 Woodward Ave., Suite 350, Bloomfield Hills, MI 48304
A: 535 Griswold St., Suite 1000, Detroit, MI 48226

NOTICE: This is a communication from Fink Bressack and is intended for the named recipient(s) only. It may contain information which is privileged, confidential and/or protected by the attorney-client privilege or attorney work product doctrine. If you received this by mistake, please destroy it and notify us of the error. Thank you.

---

**From:** Morgan Schut
**Sent:** Monday, June 14, 2021 1:24 PM
**To:** Jacquelyn A. McEttrick <jmcettrick@smithbrink.com>; David Fink <dfink@finkbressack.com>; Nate Fink <nfink@finkbressack.com>
**Cc:** Nathan Tilden <NTilden@smithbrink.com>; John Tertan <jtertan@smithbrink.com>; Brian M. Epstein <bepstein@smithbrink.com>
**Subject:** RE: Allstate v. ZMC -- Discovery Deficiencies

2pm works.

Thanks,
-Morgan



**Morgan D. Schut**
Associate Attorney
Office: 248-971-2500
Cell:   269-217-1664
E: mschut@finkbressack.com | W: https://www.finkbressack.com

A: 38500 Woodward Ave., Suite 350, Bloomfield Hills, MI 48304
A: 535 Griswold St., Suite 1000, Detroit, MI 48226

NOTICE: This is a communication from Fink Bressack and is intended for the named recipient(s) only. It may contain information which is privileged, confidential and/or protected by the attorney-client privilege or attorney work product doctrine. If you received this by mistake, please destroy it and notify us of the error. Thank you.

**From:** Jacquelyn A. McEttrick <jmcettrick@smithbrink.com>
**Sent:** Monday, June 14, 2021 12:08 PM
**To:** Morgan Schut <mschut@finkbressack.com>; David Fink <dfink@finkbressack.com>; Nate Fink <nfink@finkbressack.com>
**Cc:** Nathan Tilden <NTilden@smithbrink.com>; John Tertan <jtertan@smithbrink.com>; Brian M. Epstein <bepstein@smithbrink.com>
**Subject:** RE: Allstate v. ZMC -- Discovery Deficiencies

Allstate can do tomorrow at 2 or 3.

Jacquelyn A. McEttrick, Esquire
Director
Smith & Brink, P.C.
350 Granite Street, Suite 2204
Braintree, MA  02184
617-770-2214 (office)
617-842-7716 (cell)
617-774-1714 (fax)
jmcettrick@smithbrink.com

**From:** Morgan Schut <mschut@finkbressack.com>
**Sent:** Monday, June 14, 2021 11:59 AM
**To:** Jacquelyn A. McEttrick <jmcettrick@smithbrink.com>; David Fink <dfink@finkbressack.com>; Nate Fink <nfink@finkbressack.com>
**Cc:** Nathan Tilden <NTilden@smithbrink.com>; John Tertan <jtertan@smithbrink.com>; Brian M. Epstein <bepstein@smithbrink.com>
**Subject:** RE: Allstate v. ZMC -- Discovery Deficiencies

Hi Jacqui,

As you alluded to below, we agreed in our May 27 phone call to hold off on discovery items until the settlement conference in the event that the parties settled.  In follow up to that phone call, you provided a detailed email (below) about Allstate's discovery concerns. I am picking up on the conversation about discovery since the parties did not settle this morning.

I spoke with our client about Allstate's discovery concerns described below, and I'd like to setup a call with you to discuss further.  Let me know what works for you this week.

-Morgan

**Morgan D. Schut**



Associate Attorney

Office: 248-971-2500
Cell: 269-217-1664
E: mschut@finkbressack.com | W: https://www.finkbressack.com

A: 38500 Woodward Ave., Suite 350, Bloomfield Hills, MI 48304
A: 535 Griswold St., Suite 1000, Detroit, MI 48226

NOTICE: This is a communication from Fink Bressack and is intended for the named recipient(s) only. It may contain information which is privileged, confidential and/or protected by the attorney-client privilege or attorney work product doctrine. If you received this by mistake, please destroy it and notify us of the error. Thank you.

**From:** Jacquelyn A. McEttrick <jmcettrick@smithbrink.com>
**Sent:** Thursday, June 3, 2021 11:44 AM
**To:** Morgan Schut <mschut@finkbressack.com>; David Fink <dfink@finkbressack.com>; Nate Fink <nfink@finkbressack.com>
**Cc:** Nathan Tilden <NTilden@smithbrink.com>; John Tertan <jtertan@smithbrink.com>; Brian M. Epstein <bepstein@smithbrink.com>
**Subject:** Allstate v. ZMC -- Discovery Deficiencies

Good morning:

Per our conference last week, Allstate sends written notice of the defendants' continued discovery deficiencies and violations of Judge Stafford's Order.

Your clients have continuously failed to engage in good faith in their discovery production and representations to the Court. The latest responses and documents produced by ZMC Pharmacy, L.L.C. ("ZMC Pharmacy") to Allstate's Third Set of Requests for Production of Documents are deficient and must be corrected immediately. For example, Request No. 1 seeks "[d]ocuments, agreements, and communications … relating to management fees paid by [ZMC Pharmacy] during the relevant period as exemplified by the invoice attached hereto as Exhibit A." ZMC Pharmacy's production of "an email chain … relating to the management fee attached as Exhibit A" is not responsive to Allstate's request. However, the email chain produced does state that the management fee was "for Mike Gill for [sic] doing [ZMC Pharmacy's] books." As such, all documents utilized by Mike Gill to do ZMC Pharmacy's books relating to the management fee paid by ZMC Pharmacy are responsive to this request and must be produced.

ZMC Pharmacy's objection to Request No. 2 is improper. ZMC Pharmacy's objection is nothing more than a restatement of the scope of discovery allowed under Rule 26 that fails to identify how Allstate's request seeks information that is not relevant and not proportional to the needs of the case. "Simply quoting the Federal Rules is obviously not a legitimate objection, as it fails to actually identify anything objectionable about the discovery requests." Se. Mich. Surgical Hosp., LLC v. Little, 2019 U.S. Dist. LEXIS 225321, *3 (E.D. Mich. Dec. 13, 2019). A party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect. See, e.g., Four Fibers, L.L.C. v. Keps Techs., Inc., 2019 U.S. Dist. LEXIS 205930, *4 (E.D. Mich. Nov. 27, 2019) (collecting cases); see also Siser N. Am., Inc. v. Herika G. Inc., 325 F.R.D. 200, 209-10 (E.D. Mich.

2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection"). Moreover, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(c).  Additionally, Magistrate Judge Stafford has previously held that "[a] party objecting to a request for production of documents as burdensome must submit affidavits or other evidence to substantiate its objections."  Cratty v. City of Wyandotte, 2017 U.S. Dist. LEXIS 200194, *6 (E.D. Mich. Nov. 8, 2017), citing In Re Heparin Products Liab. Litig., 273 F.R.D. 399, 410-411 (N.D. Ohio 2011).  ZMC Pharmacy has failed to provide a single affidavit or any other evidence to substantiate its assertion that "the burden or expense of gathering the proposed discovery outweighs its likely benefit."  Thus, ZMC Pharmacy cannot support a claim that it will incur an undue burden in responding to Allstate's discovery request.  Judge Stafford has also expressly rejected this argument from your clients before.

Your clients have failed to remedy ongoing discovery issues such as producing complete patient files to Allstate.  For example, not a single patient file that was produced to Allstate on January 5, 2021 contains the "Progress Notes" document that was produced with each patient file on March 31, 2021 and April 16, 2021.  The progress notes that have been produced to date are each on ZMC Pharmacy letterhead and identify notes authored by ZMC Pharmacy employees relating to the patient at issue.  As such, these are part of the patient file and must be produced.

Allstate has also identified numerous misrepresentations by Jalal Zawaideh ("Zawaideh") in his discovery responses.  For example, in response to Allstate's request for "documents related to ZMC Pharmacy's utilization of revenue, including general ledgers, balance sheets, profit and loss statements, income statements, annual budgets, and disbursement logs, during the relevant period," Zawaideh advised his previous counsel that "ZMC doesn't generate the information requested.  ZMC will produce the general ledgers for the relevant time period from which the requested information may be derived."  See ECF No. 86, PageID3402.  Despite the representation made to the Court that ZMC Pharmacy does not generate balance sheets, Zawaideh received a balance sheet dated November 30, 2018 from Michael Gill on December 19, 2018 (attached).  This also confirms the existence of documents that were utilized by Michael Gill when he was paid for "doing [ZMC Pharmacy's] books" as discussed above.

As another example, in response to Allstate's first set of requests for production of documents No. 16 seeking "documents tracking the referral sources of Allstate Insureds to you during the relevant period," Zawaideh responded that "neither he nor ZMC have 'referral sources'[.]"  Zawaideh also objected to Allstate's Interrogatory No. 6 asking Zawaideh to "describe how ZMC Pharmacy obtained business during the relevant period" using the same improper objection that simply restates the scope of discovery allowed under Rule 26.  Allstate's discovery to date has identified several case management companies that have referred patients at issue in Allstate's Complaint to ZMC Pharmacy.  See representative examples of referrals attached.  In fact, Allstate has also identified a substantial amount of text messages by and between Zawaideh and several individuals who were identified as case managers who referred patients to ZMC Pharmacy.  Moreover, Allstate has obtained an email from Zawaideh that references his "case management referral team" in addition to a presentation that ZMC Pharmacy was asked to sponsor in which Zawaideh further stated "[t]he audience will be about 40 docs that treat auto" (Email dated May 31, 2016 attached).  Thus, Zawaideh is well aware that ZMC Pharmacy utilizes case management companies and other referral

sources yet failed to produce this information to Allstate.

Allstate has obtained additional evidence identifying "misrepresentations" in your clients' responses that it will use in the forthcoming motion to compel if your clients do not immediately supplement their responses (again) to provide truthful answers to Allstate's discovery requests served upon them to date.

As you know, the parties have already conferred on these issues.  Allstate will give the defendants until after the settlement conference to resolve these issues, then Allstate will proceed with a motion for contempt and motion to compel.

Thanks,

Jacqui


Jacquelyn A. McEttrick, Esquire
Director
Smith & Brink, P.C.
350 Granite Street, Suite 2204
Braintree, MA  02184
617-770-2214 (office)
617-842-7716 (cell)
617-774-1714 (fax)
jmcettrick@smithbrink.com


This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. If you have received this email in error, please notify the sender immediately. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of Smith & Brink. The recipient should check this email and any attachments for the presence of viruses. Smith & Brink accepts no liability for any damage caused by any virus transmitted by this email. This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. If you have received this email in error, please notify the sender immediately. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of Smith & Brink. The recipient should check this email and any attachments for the presence of viruses. Smith & Brink accepts no liability for any damage caused by any virus transmitted by this email. This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. If you have received this email in error, please notify the sender immediately. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of Smith & Brink. The recipient should check this email and any attachments for the presence of viruses. Smith & Brink accepts no liability for any damage caused by any virus transmitted by this email. This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. If you have received this email in error, please notify the sender immediately. Please note that any views or opinions presented in this

email are solely those of the author and do not necessarily represent those of Smith & Brink. The recipient should check this email and any attachments for the presence of viruses. Smith & Brink accepts no liability for any damage caused by any virus transmitted by this email.