# EXHIBIT I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ESURANCE
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

No: 19-cv-13721
Hon. Linda V. Parker

        Plaintiffs,

vs.

ZMC PHARMACY, L.L.C.;
AND JALAL ZAWAIDEH,

        Defendants.

_____/

**JALAL ZAWAIDEH'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT JALAL ZAWAIDEH**

Defendant Jalal Zawaideh ("Zawaideh"), by and through counsel, hereby responds and objects to Plaintiffs' First Interrogatories to Defendant Jalal Zawaideh as follows:

All such Responses and Objections are made without waiving or intending or waive, but rather preserving and intending to preserve:

(a) All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in the trial of this or any other action or any subsequent proceedings;

(b) The right to object on any ground to the use of any of the information or documents provided herein in the trial of this or any other action, any subsequent proceedings;

(c) The right to object on any ground at any time to a demand for further responses or other discovery;

(d) The right to further supplement and/or amend these Responses and Objections if further factual developments or analysis so warrants;

(e) The attorney-client privilege, attorney work product or any other privilege, doctrine or immunity; and,

(f) The confidentiality and/or proprietary nature of any information or documents, including the confidentiality of sensitive and/or privileged personal information or documents.

## **GENERAL OBJECTIONS**

1. Zawaideh objects to each and every Request to the extent it seeks information or documents that: (i) are not in Zawaideh's possession, custody, or control; (ii) are publicly or otherwise available to Plaintiffs; (iii) are more appropriately obtained from other sources; or (iv) are already in Plaintiffs' possession, control, or control.

2. Zawaideh objects to each and every Request to the extent it seeks to impose discovery obligations not specified in the Federal Rules of Civil Procedure.

3. Zawaideh objects to each and every Request to the extent it purports to require Zawaideh to respond on behalf of other persons, or to provide documents that are not in the possession, custody, or control of Zawaideh.

4. Zawaideh objects to each and every Request to the extent that it seeks a legal conclusion, opinion, or argument in response.

5. Zawaideh objects to each and every Request to the extent that it is vague, ambiguous, unreasonable, overbroad, unduly burdensome, or seeks irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence.

6. Zawaideh objects to each and every Request to the extent it seeks the discovery of information or documents protected by the attorney-client privilege, the attorney work-product doctrine or any other privilege, doctrine, or immunity.

By responding to the Request, Zawaideh does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, doctrine or immunity protecting any information from disclosure. Zawaideh will not disclose any such privileged information and does not waive any privilege through an inadvertent disclosure. Accordingly, any response inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection.

7. Zawaideh objects to each and every Request to the extent it seeks information or documents which are not relevant to any party's claim or defense and is not proportional to the needs of the case when considering the importance of the issues at stake in this action, the amount in controversy, Plaintiffs' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8. Zawaideh objects to each and every Request to the extent it would require Zawaideh to search for or reveal documents information for any time period after this lawsuit was filed and objects to the creation of a privilege log for any time period after this lawsuit was filed

9. Zawaideh expressly reserves the right to amend or supplement these Responses and Objections.

## INTERROGATORIES

1.  Please identify all entities in which you held an interest of any type, including an ownership or financial interest, during the relevant period. A responsive answer shall include, but not be limited to, the identification of each entity by name and address, the nature of your interest, the date of acquisition of your interest in each entity, the nature of your duties at each entity, and the amount of compensation received by you from each entity per year.

**Zawaideh objects to this Request because it seeks information that is not relevant to any party's claim or defense, because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources and the importance of the discovery in resolving the issues and because the burden or expense of gathering the proposed discovery outweighs its likely benefit. Subject to the foregoing, with respect to pharmacies, Zawaideh states that he has a minority passive ownership interest in CustomCare Pharmacy and in Gabe Care Direct Rx, Inc. Zawaideh also has ownership interests as passive investments in various other companies, but, does not now, nor has he ever, had any ownership interest in any of the former co-Defendants.**

2.  Please identify all individuals and/or entities you employed and/or contracted with for the referral of patients to entities you owned, managed, and/or

controlled during the relevant period. A responsive answer will identify the individuals or entities by name, the period of time referrals were rendered, and the source of the referrals.

**None.**

3. Please identify the person(s) responsible for creating the bills submitted to Allstate by each entity you owned, managed, or controlled during the relevant period. A responsive answer shall include, but not be limited to, identification of the person responsible for selecting the billing and diagnosis codes included in each bill submitted to Allstate during the relevant period, and the entity for whom those bills were sent.

**Zawaideh objects to this Request because it seeks information that is not relevant to any party's claim or defense, because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources and the importance of the discovery in resolving the issues and because the burden or expense of gathering the proposed discovery outweighs its likely benefit.**

4. Please describe how you tracked and/or recorded the source of each patient referral to you and/or the entities you owned or controlled during the relevant period.

**Zawaideh did not track or record the source of patient referrals.**

5. Please provide the gross annual revenue of each entity you owned or controlled for each year of the relevant period, including the percentage of the revenue for each year that was received from automobile insurers.

**Zawaideh objects to this Request because it seeks information that is not relevant to any party's claim or defense, because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources and the importance of the discovery in resolving the issues and because the burden or expense of gathering the proposed discovery outweighs its likely benefit. Subject to the foregoing, Zawaideh will produce his tax returns and the tax returns for ZMC.**

6. Please describe how ZMC Pharmacy obtained business during the relevant period. A responsive answer will include describing all marketing materials and identifying all physicians who wrote prescriptions for medications that were dispensed by ZMC Pharmacy during the relevant period.

**Zawaideh objects to this Request because it seeks information that is not relevant to any party's claim or defense, because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources and the importance**

**of the discovery in resolving the issues and because the burden or expense of gathering the proposed discovery outweighs its likely benefit.**

7.      Please identify any and all email addresses created, controlled, and/or otherwise used by you (both personal and business) during any part of the relevant period.

>  jalal@zmcrx.com
>
>  jzawaideh@zmcroyaloak.com
>
>  jalal@zmcroyaloak.com
>
>  jzawaideh@directrx.com

8.      Please describe the relationship between you and each of the following during the relevant period. A responsive answer shall include, but is not limited to, the nature of the relationship, how the relationship began, the length of the relationship, and any financial and/or referral agreements between you and each of the following:

> a. ZMC Pharmacy – **Owner from creation of ZMC to present.**
>
> b. Inscribed – **None.**
>
> c. Integrative Neurology – **None.**
>
> d. Diagnostic Solutions – **None.**
>
> e. Gireesh Velugubanti, M.D. – **None.**
>
> f. Strategic Revenue Solutions, LLC – **Unknown.**

g. Employee Health Insurance Management, Inc. – **None, but see response by ZMC.**

h. Elevate Provider Network - **None, but see response by ZMC.**

i. Elias Lynn LLC d/b/a Endless Destinations Delivery Plus - **None, but see response by ZMC.**

j. Endless Destinations, LLC - **None, but see response by ZMC.**

k. Bridgeport Claims, LLC d/b/a Bridgeport Pharmacy Services - **None, but see response by ZMC.**

l. Outsource Management Group, LLC - **None, but see response by ZMC.**

m. Gabe Care Direct Rx, Inc. d/b/a DirectRx Specialty Pharmacy- **Zawaideh has held a minority passive ownership interest in the company at all times during the relevant period. He receives distributions from the company, but has no involvement in its management or operations.**

n. CustomCare Pharmacy, Inc. – **Zawaideh has held a minority passive ownership interest in the company at all times during the relevant period. He receives distributions from the company, but has no involvement in its management or operations.**

o. AmerisourceBergen Drug Corporation - **None, but see response by ZMC.**

p. Cardinal Health, Inc. - **None, but see response by ZMC.**

q. Case Management Services By Nicole Nowicki R.N. LLC d/b/a Rehab Innovations - **None, but see response by ZMC.**

r. Andrew Khurana – **Khurana serves as a lawyer for ZMC and has done so throughout the relevant period. Khurana is paid based on his representation of ZMC.**

9. Please identify all persons and/or entities (including but not limited to marketers, other healthcare providers, and law firms) with whom you had a patient referral agreement during the relevant period. A responsive answer shall include the name, address, phone number of the other party(ies) to the referral agreement(s), and the terms of such agreement(s).

**None.**

10. Please identify all licenses issued to you by the State of Michigan that were in effect during the relevant period.

**Pharmacist License; Controlled Substance License; all other licensure necessary to act as a pharmacist in the State of Michigan and dispense controlled substances.**

11. Please describe any disciplinary actions taken against you by any state or federal agency. A responsive answer will identify the agency which enforced the

disciplinary action, the date said disciplinary action was administered, and the basis for said disciplinary action.

**None.**

12. Please identify all accountants and/or accounting firms that have provided services to you during the relevant period, including but not limited to, any bookkeeping functions and preparation of tax documents.

**Zawaideh objects to this Request because it seeks information that is not relevant to any party's claim or defense.**

13. Please identify all bank and financial accounts you owned or had access to and the individual(s) or entity(ies) with signing authority related to each account during the relevant period. A responsive answer will include the name of the financial institution, the type of account, and the account number.

**Zawaideh objects to this Request because it seeks information that is not relevant to any party's claim or defense.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving the above objections, Defendant refers Allstate to the documents it produced in response to this Interrogatory.**

14. Please identify any and all phone numbers created, controlled, and/or otherwise used by you (both personal and business), including identification of the carrier for each number, during any part of the relevant period.

    **Personal Cell phone: 248-225-2424; ATT**

    **ZMC number: 248-280-6401; ATT**

    **DID number at ZMC:  248-280-6409; ATT**

15. Please identify any entity to which you or any entity in which you held an ownership interest sold, conveyed, transferred, and/or advanced accounts receivable during the relevant period. A responsive answer shall describe the relationship with each entity and include, but is not limited to, how the relationship began, the length of the relationship, the terms of any agreement with such entity, and any financial and/or patient referral agreements between you and such entity.

**Zawaideh objects to this Request because it seeks information that is not relevant to any party's claim or defense, because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources and the importance of the discovery in resolving the issues and because the burden or expense of gathering the proposed discovery outweighs its likely benefit. Subject to the foregoing, Zawaideh states that ZMC did not sell, convey, transfer, and/or advance accounts receivable during the relevant period and he is not aware of whether any entity he has an ownership interest in did so, because he is not involved in the management or control of such entities.**

- 11 -

Respectfully submitted,

**FINK BRESSACK**

Dated: March 31, 2021

/s/ Lindsay Long
David H. Fink (P28235)
Lindsay Long (P69436)
Attorneys for Defendants
38500 Woodward Ave.; Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
llong@finkbressack.com

## VERIFICATION

I declare under the penalties of perjury that this document has been examined by me and although the answers do not necessarily reflect the undersigned's personal knowledge, its contents are true to the best of my information, knowledge, and belief.

/s/ *Jalal Zawaideh*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2021, I served the foregoing on all counsel of record via email.

/s/ Lindsay Long
Lindsay Long (P69436)
38500 Woodward Ave.; Suite 350

- 13 -

                        Bloomfield Hills, MI 48304
                        Tel: (248) 971-2500
                        llong@finkbressack.com