UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY          No: 19-cv-13721
INSURANCE COMPANY; ESURANCE        Hon. Linda V. Parker
INSURANCE COMPANY; and             Mag. Judge Elizabeth Stafford
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Plaintiffs,

vs.

INSCRIBED PLLC; INTEGRATIVE
NEUROLOGY PLLC; DIAGNOSTIC
SOLUTIONS LLC; WOOK KIM, M.D.,
P.C. d/b/a FARMBROOK
INTERVENTIONAL PAIN & EMG;
DETROIT INSTITUTE OF PAIN
MUSCULOSKELETAL MEDICINE
PLLC; MICHIGAN INSTITUTE OF
MUSCULOSKELETAL MEDICINE
PLLC; ZMC PHARMACY, L.L.C.;
INTEGRA LAB MANAGEMENT
LLC; GIREESH VELUGUBANTI,
M.D.; ARVINDER DHILLON, M.D.;
BACHU ABRAHAM, M.D.; AND
JALAL ZAWAIDEH, R.PH.,

    Defendants.

## DEFENDANTS ZMC PHARMACY, L.L.C. AND JALAL ZAWAIDEH'S MOTION TO QUASH PLAINTIFFS' SUBPOENAS TO LBF GROUP PLLC, TOMA & ASSOCIATES, INC., GOOGLE, LLC AND ELPAM, LLC AND/OR FOR PROTECTIVE ORDER

Defendants ZMC Pharmacy, L.L.C. and Jalal Zawaideh, R.Ph., by and through their attorneys, Fink Bressack, hereby move this Honorable Court pursuant to Fed. R. Civ. P. 26 and 45 for an order quashing the subpoenas Plaintiffs served on LBF Group PLLC., Toma & Associates, Inc., Google, LLC and Elpam, LLC, or, in the alternative, for a protective order forbidding Allstate from seeking irrelevant discovery from unrelated third parties.

The undersigned certifies that she has conferred with counsel for the Plaintiffs pursuant to E.D. Mich. LR 7.1 regarding the subject matter of this motion but concurrence was denied.

For the reasons set forth in the accompanying brief, ZMC Pharmacy, L.L.C. and Jalal Zawaideh, R.Ph. respectfully request that this court enter an order quashing the subpoenas Plaintiffs on LBF Group PLLC., Toma & Associates, C.P.A., P.C., Google, LLC and Elpam, LLC.

Dated:  July 29, 2021

Respectfully submitted,

**FINK BRESSACK**

By:    /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
Morgan D. Schut (P81009)
*Attorneys for Defendants ZMC*
*Pharmacy, L.L.C. and Jalal Zawaideh*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com

2

nfink@finkbressack.com
mschut@finkbressack.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY        No: 19-cv-13721
INSURANCE COMPANY; ESURANCE       Hon. Linda V. Parker
INSURANCE COMPANY; and            Mag. Judge Elizabeth Stafford
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

                    Plaintiffs,

vs.

INSCRIBED PLLC; INTEGRATIVE
NEUROLOGY PLLC; DIAGNOSTIC
SOLUTIONS LLC; WOOK KIM, M.D.,
P.C. d/b/a FARMBROOK
INTERVENTIONAL PAIN & EMG;
DETROIT INSTITUTE OF PAIN
MUSCULOSKELETAL MEDICINE
PLLC; MICHIGAN INSTITUTE OF
MUSCULOSKELETAL MEDICINE
PLLC; ZMC PHARMACY, L.L.C.;
INTEGRA LAB MANAGEMENT
LLC; GIREESH VELUGUBANTI,
M.D.; ARVINDER DHILLON, M.D.;
BACHU ABRAHAM, M.D.; AND
JALAL ZAWAIDEH, R.PH.,

                    Defendants.


**DEFENDANTS ZMC PHARMACY, L.L.C. AND JALAL ZAWAIDEH'S
BRIEF IN SUPPORT OF MOTION TO QUASH PLAINTIFFS'
SUBPOENAS TO LBF GROUP PLLC, TOMA & ASSOCIATES, INC.,
GOOGLE, LLC AND ELPAM, LLC AND/OR FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS

ISSUES PRESENTED ............................................................................................ iii

STATEMENT OF MOST APPROPRIATE AUTHORITIES .................................... iv

TABLE OF AUTHORITIES ................................................................................. v

INTRODUCTION AND FACTUAL BACKGROUND ............................................ 1

STANDARD OF REVIEW .................................................................................. 2

ARGUMENT ..................................................................................................... 4

   I.   Allstate's subpoenas to LBF Group PLLC and Toma & Associates, C.P.A., P.C. seek ZMC and Zawaideh's privileged and confidential information. ............................................... 4

   II.   Allstate's subpoenas to Google, LLC and Elpam, LLC should be quashed, or alternatively a protective order should be entered, because Allstate is improperly using Fed. R. Civ. P. 45 to request irrelevant information. .............................................................................. 7

      a.   Elpam, LLC ............................................................................................... 8

      b.   Google, LLC ............................................................................................. 10

CONCLUSION .................................................................................................. 11

## ISSUES PRESENTED

1.  Should the Court quash the subpoenas served by Allstate on LBF Group PLLC and Toma & Associates, C.P.A., P.C. because the subpoenas seek documents that require disclosure of ZMC Pharmacy, L.L.C. and Jalal Zawaideh's privileged and protected matters?

Allstate Answers:  No.

Defendants Answer: Yes.


2.  Should the Court quash, or alternatively enter a protective order forbidding and/or restricting inquiry into, the requests contained in the subpoenas served upon Google, LLC and Elpam, LLC that seek irrelevant information?

Allstate Answers: No.

Defendants Answer: Yes.

## STATEMENT OF MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 45(d)(3)(a)(iii-iv)

Fed. R. Civ. P. 26(c)(1)

# TABLE OF AUTHORITIES

**Cases**

*Arndt v. Ford Motor Co.,* No. 2:15-CV-11108, 2016 WL 1161444 (E.D. Mich. Mar. 24, 2016) ...................................................................................3, 9

*Laethem Equip. Co. v. Deere & Co.,* No. 2:05-CV-100113, 2008 WL 11355559 (E.D. Mich. May 5, 2008). ........................................................................6

*PCA-Corr., LLC v. Akron Healthcare LC*, No. 1:20-CV-428, 2021 WL 2043118 (S.D. Ohio May 21, 2021). .....................................................................7

*Shukh v. Seagate Technology, LLC,* 295 F.R.D. 228 (D. Minn. 2013). ...................8

*State Farm Mut. Auto Ins. Co. v. Physimatrix, Inc.,* No. 12-CV-11500, 2013 WL 10572229 (E.D. Mich. Aug. 13, 2013)...............................................2, 3

*State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC.,* No. 14-11700, 2016 WL 7042201 (E.D. Mich. June 16, 2016).................................4, 7

*Sys. Prods. & Sols., Inc. v. Scramlin,* No. 13-cv-14947, 2014 WL 3894385 (E.D. Mich. Aug. 8, 2014)..............................................................................3

*Underwood v. Riverview of Ann Arbor,* 2008 WL 5235992 (E.D. Mich. 2008).......8

**Statutes**

*Berdon v. McDuff,* 15 F.R.D. 29 (E.D. Mich. 1953 .............................................5, 6

M.C.L. 339.732(1 .................................................................................................5, 6

**Rules**

Fed. R. Civ. P. 26.....................................................................................................8

Fed. R. Civ. P. 26(b)(1).............................................................................................9

Fed. R. Civ. P. 26(c)..................................................................................................3

Fed. R. Civ. P. 26(c)(1)...........................................................................................11

Fed. R. Civ. P. 45(d)(3)(A)(iii). .......................................................................2, 5, 7

Fed. R. Civ. P. 45(d)(3)(A)(iv) .................................................................................2

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company ("Allstate") filed this lawsuit against twelve individuals and entities, including Defendants ZMC Pharmacy, L.L.C. ("ZMC") and Jalal Zawaideh, R.Ph. ("Zawaideh"), for their alleged involvement in a conspiracy to submit improper claims to Allstate under the Michigan No-Fault Act.

ZMC and Zawaideh are the last defendants standing in this RICO action. Because ZMC and Zawaideh have refused to settle on Allstate's terms, Allstate's new tactic appears to be to attempt to bury ZMC and Zawaideh with impermissible requests for discovery to needlessly increase litigation costs.

In their Fed. R. Civ. P. 45 subpoenas to third-parties at issue in this motion served on July 15, 2021 (**Exhibits 1-4**), Allstate requested, among other things, all communications between ZMC and Zawaideh and their accountants from January 30, 2013 to present, documents related to ZMC's commercial landlord agreement and surveillance of ZMC's storefront property, and usage records and metadata from email addresses belonging to Zawaideh's siblings and one of their unrelated businesses.

1

The requests at issue in this motion demonstrate that Allstate is using the discovery process to harass the remaining Defendants and unrelated third-parties, to force Defendants to expend additional resources.  These requests are nothing more than a fishing expedition. Allstate, a company with seemingly unlimited resources, is using this discovery tactic not to develop its case, but try to pressure ZMC and Zawaideh into settlement.   These tactics should not be condoned and the subpoenas at issue should be quashed.

## STANDARD OF REVIEW

A court "<u>must</u> quash or modify a subpoena that […] requires disclosure of privileged or other protected matter, if no exception or waiver applies[] or if the subpoena subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv) (emphasis added).

This court has held that parties have standing to challenge a non-party subpoena in at least two instances.  These two instances are the exceptions to the general rule that a party does not have standing to quash a subpoena that is directed to a non-party. *See State Farm Mut. Auto Ins. Co. v. Physiomatrix, Inc.,* No. 12-CV-11500, 2013 WL 10572229. at *2 (E.D. Mich. Aug. 13, 2013) (internal citation omitted)[1].

---

[1] This case cites Fed R. Civ. P 45(c)(3)(A), prior to the Federal Rules of Civil Procedure 2013 Amendments.  The Amendments do not substantively alter the content.

The first exception applies when a party can "demonstrate a personal interest or claim of privilege" in the documents at issue. *Physiomatrix, supra*, at *2. *See also Sys. Prods. & Sols., Inc. v. Scramlin,* No. 13-cv-14947, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) ("personal interest" exception applied when requests sought a party's "personal—as opposed to work—emails and phone records"); *Arndt v. Ford Motor Co.,* No. 2:15-CV-11108, 2016 WL 1161444 (E.D. Mich. Mar. 24, 2016) (internal citation omitted) ("personal interest" exception has been found in a "variety of circumstances", including when party demonstrated a personal interest "in employment records, personnel files and personal address[es], and in banking records.").

The second exception "applies where the subpoena requires disclosure of confidential commercial information." *Physiomatrix, Inc., supra*, at *2.. (internal citations omitted). Courts analyze whether either of these exceptions apply under a test of relevance, upon which "the initial burden is placed on the party seeking to quash to show that (1) the information falls into a protected category and (2) disclosure may be harmful." *Id.* After meeting this burden, the burden then shifts to the requesting party to "establish both (1) relevance and (2) need for the information." *Id.*

Fed. R. Civ. P. 26(c) provides in relevant part:

> A party. . . may move for a protective order in the court where the action is pending. . . . The court may, **for good**

3

> **cause**, issue an order to protect a party or person from
> annoyance, embarrassment, oppression, or undue burden
> or expense, including one or more of the following: (A)
> forbidding the disclosure or discovery; (B) specifying
> terms, including time and place or the allocation of
> expenses, for the disclosure or discovery; (C) prescribing
> a discovery method other than the one selected by the
> party seeking discovery; (D) forbidding inquiry into
> certain matters, or limiting the scope of disclosure or
> discovery to certain matters; (E) designating the persons
> who may be present while the discovery is conducted; (F)
> requiring that a deposition be sealed and opened only on
> court order; (G) requiring that a trade secret or other
> confidential research, development, or commercial
> information not be revealed or be revealed only in a
> specified way[.] (emphasis added).

"[I]rrelevancy can satisfy the good cause requirement of Rule 26(c)(1)." *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC.,* No. 14-11700, 2016 WL 7042201, *3 (E.D. Mich. June 16, 2016) (internal citation omitted).

## ARGUMENT

**I.   Allstate's subpoenas to LBF Group PLLC and Toma & Associates, C.P.A., P.C. seek ZMC and Zawaideh's privileged and confidential information.**

Allstate's subpoena to LBF Group PLLC requests "tax filings prepared for ZMC;" "documents used to prepare tax filings;" "ledgers, profit/loss calculations, records of accounts receivable, billing reports;" "documents that contain information identifying assets owned or controlled, in whole or in part, by [ZMC and Zawaideh]." **Exhibit 1**.  Allstate served identical requests to another accounting firm, Toma & Associates, C.P.A., P.C. *See* **Exhibit 2**.

4

In January 2021, ZMC and Zawaideh, subject to certain objections, produced their Form 1040 and Form 1065 filings and all related Schedules for tax years 2013 to 2019. In its subpoenas to LBF Group and Toma & Associates, Allstate is requesting duplicative information already produced by ZMC and Zawaideh and is requesting confidential and privileged communications with their accountants, which ZMC and Zawaideh have not consented to. ZMC and Zawaideh have a personal interest and a claim of privilege to the subpoenaed information. Thus, this Court should quash Allstate's subpoenas because the "subpoena…seeks disclosure of 'privileged or other protected matter.'" Fed. R. Civ. P. 45(d)(3)(A)(iii).

Michigan law recognizes a privileged relationship between a certified public accountant and client under M.C.L. 339.732(1), which provides, in relevant part, that "the information derived from or as the result of professional service rendered by a certified public accountant is confidential and privileged."[2]

This Court has a history of upholding privileges granted by a Michigan statute. In *Berdon v. McDuff,* 15 F.R.D. 29 (E.D. Mich. 1953), this Court recognized the accountant-client privilege in Michigan as sufficient grounds to deny a motion to compel answers at deposition that pertained to "working papers of the accountants,

---

[2] None of the exceptions under this statute can conceivably apply to the circumstances of this litigation. *See* M.C.L. 339.732(2)-(3). Exceptions include accountants "whose professional competence has been challenged," when information must be disclosed in the course of a monitoring program, or when law enforcement is conducting an investigation. M.C.L. 339.732(2)(a)-(c).

5

conversations and conferences with other persons relative thereto, and similar matters" as well as production of documents related to an audit the certified public accountant had done. *Id.* at 30.  More recently, this court recognized the Michigan accountant-client privilege in *Laethem Equip. Co. v. Deere & Co.,* No. 2:05-CV-100113, 2008 WL 11355559 (E.D. Mich. May 5, 2008). In *Laethem*, the court analyzed whether testimony and document production by plaintiffs' certified public accountant was protected by accountant-client privilege pursuant to Michigan law. The court ultimately determined that the privilege had been waived, but extensively analyzed the statutory privilege to determine if such privilege had been waived. *Id* at *13-14.

As in *Berdon*, because Allstate asks LBF Group and Toma & Associates to produce privileged information it obtained during its engagement with ZMC and Zawaideh to prepare their tax filings, the requests should be quashed.  The disclosures requested by Allstate in their subpoenas attached as **Exhibits 1** and **2** would require LBF Group and Toma & Associates[3] to violate the privileged and confidential protections under M.C.L. 339.732(1).  This Court has recognized a distinction between tax and banking records, finding the former to be subject to a

---

[3] Upon information and belief, Toma & Associates, C.P.A., P.C. have already produced documents in response to the subpoena attached as **Exhibit 2.** ZMC and Zawaideh request that Allstate be ordered to return and/or destroy any produced records and attest to the same.

higher level of privacy.  *See PCA-Corr., LLC v. Akron Healthcare LC*, No. 1:20-CV-428, 2021 WL 2043118, at * 5 (S.D. Ohio May 21, 2021).  In addition, they impose an undue burden and expense on these third parties because ZMC and Zawaideh have produced tax records to Allstate from 2013 to 2019.

Allstate's requests go beyond the bounds of Rule 26 and are not relevant to this matter. There are no claims by Allstate that will turn on the facts underlying the preparation of ZMC and Zawaideh's taxes or the confidential communications between ZMC and Zawaideh and their accountants.  Allstate is simply on a fishing expedition and using the discovery process to harass ZMC and Zawaideh and non-parties to this lawsuit.  Allstate's subpoena to LBF Group PLLC and Toma & Associates, C.P.A., P.C. should be quashed by this Court under Rule 45(d)(3)(A)(iii).

## II.   Allstate's subpoenas to Google, LLC and Elpam, LLC should be quashed, or alternatively a protective order should be entered, because Allstate is improperly using Fed. R. Civ. P. 45 to request irrelevant information.

"[A] party has standing to object to discovery under the provisions of Rule 26(c), which permit the court to issue a protective order based on a request of 'a party or by a person from whom discovery is sought.'" *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC.,* No. 14-11700, 2016 WL 7042201, *2 (E.D. Mich. June 16, 2016). "This provision allows a party to contest discovery sought

from third-parties." *Id.,* citing *Underwood v. Riverview of Ann Arbor,* 2008 WL 5235992 (E.D. Mich. 2008).

The court in *Pointe* determined that a motion for a protective order was not necessary to apply the Rule 26 standard in a Rule 45 motion to quash. *Id.* At issue in the case was a "Phase I" discovery order that limited discovery to "RICO Events" in the complaint, and defendants objected when plaintiffs subpoenaed third-party banks. *Id.* at *1-2. The court analyzed "whether the scope of the requested production exceed[ed] the scope of discovery." *Id.* at *3. The court reasoned, in denying the ability to serve the subpoena, that "allowing a party to object to subpoenas served on non-parties, or third parties, is not necessarily permitting the party to assert the rights of the non-party, but rather, it permits the party to vindicate its 'own right to reasonable discovery and efficient disposition of the case'" and that "irrelevancy can satisfy the good cause requirement of Rule 26(c)(1)." *Id.* at *3, citing *Shukh v. Seagate Technology, LLC,* 295 F.R.D. 228 (D. Minn. 2013).

ZMC and Zawaideh also move to quash in full the subpoena served by Allstate upon Elpam, LLC and, in part, the subpoena served upon Google, LLC because they exceed the scope of discovery permitted by Fed. R. Civ. P. 26 and seek irrelevant information.

### a. Elpam, LLC

8

Elpam, LLC is the owner of the commercial property that ZMC occupies in Royal Oak.  In its subpoena to Elpam, LLC, Allstate seeks, among other things,: communications between Elpam and "any of the defendants, including employees, agents, and representatives thereof;" "invoices related to leases, security services, and/or property surveillance;" "documents pertaining to any restricted use areas of any premise leased to or used by the defendants;" and "communications between you and any individual or entity relating to the business operations of any defendant" from January 30, 2013 to present.  *See* **Exhibit 3**.

Fed. R. Civ. P. 26(b)(1) provides that the scope of discovery must be limited to material that is relevant to a party's claim and that the discovery must be proportional to the needs of the case. The requirements of Fed. R. Civ. P. 26 "define[] the scope of discovery for a subpoena issued pursuant to Rule 45." *Arndt v. Ford Motor Co*., No. 2:15-CV-11108, 2016 WL 1161444 (E.D. Mich. Mar. 24, 2016).

The subpoena served upon Elpam does not seek relevant information and the overly broad requests are not proportional to the needs of the case.  Allstate has brought a RICO claim and certain state law claims against ZMC and Zawaideh and 10 other defendants.  There are no allegations in Allstate's 788-page Complaint that implicate the real property or rental agreement between ZMC and its commercial landlord, nor is there any allegation that would legitimize Allstate's request for

9

"communications between [Elpam] and any individual or entity relating the to the business operations of any defendant." Allstate knows that Elpam is owned by Zawaideh's mother, Santa Zawaideh.  Santa Zawaideh is also a pharmacist, as are Zawaideh's three siblings.  Requesting Elpam, LLC to identify these broad communications is beyond unduly burdensome and, more importantly, irrelevant. Allstate's overreaching requests into ZMC and Zawaideh's irrelevant conversations with family members are not an attempt to retrieve legitimate discovery.  Instead, Allstate's overly broad and unduly burdensome requests to Elpam can only be seen as a tactic to harass ZMC and Zawaideh and Zawaideh's family; it is not a legitimate use of discovery.  Allstate's subpoena to Elpam, LLC should be quashed, or alternatively, a protective order should be entered forbidding discovery into these irrelevant matters.

### b.  Google, LLC

Allstate's strategy to harass ZMC and Zawaideh with excessive discovery requests becomes more transparent in their subpoena to Google LLC.  In that subpoena, attached as **Exhibit 4**, Allstate seeks the metadata and usage records and IP activity, among other things, for the private email addresses of two of Zawaideh's brothers:  Gablan Zawaideh  (gzawaideh@gmail.com)  and  Louis  Zawaideh (lzawaideh@gmail.com).   Allstate seeks the same information from Louis

10

Zawaideh's professional account, connected to an unrelated pharmacy (mycustomcare@gmail.com).

None of the three persons or entities who own the gmail addresses described in Allstate's subpoena are mentioned – or even alluded to – in Allstate's Complaint. Yet, its subpoena to Google, LLC requests all of their private information from January 30, 2013 to the present and seeks *all* communication. The requests related to Gablan and Louis Zawaideh's personal and professional email accounts seek irrelevant information and are not proportional to the needs of this case. This court should quash the subpoena to Google, LLC as it relates to lzawaideh@gmail.com, gzawaideh@gmail.com, and mycustomcare@gmail.com. Alternatively, this court should modify the subpoena or enter a protective order pursuant to Fed. R. Civ. P. 26(c)(1) forbidding Allstate's overreaching inquiry into the irrelevant private and professional lives of these non-parties.

## CONCLUSION

In sum, this Court should quash Allstate subpoenas to third parties LBF Group PLLC and Toma & Associates, C.P.A., P.C. because the requests seek disclosure of privileged and irrelevant information that is not permissible pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii). This Court should also quash Allstate's subpoenas as to Elpam, LLC and Google, LLC or enter a protective order under Fed. R. Civ. P. 26(c) because the scope of the requests are irrelevant and not proportional to the needs of the case.

11

Dated:  July 29, 2021

Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
Morgan D. Schut (P81009)
*Attorneys for Defendants ZMC*
*Pharmacy, L.L.C. and Jalal Zawaideh*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
mschut@finkbressack.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2021 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send such notification to all ECF attorneys of record.

**FINK BRESSACK**

By:   /s/ Morgan D. Schut
       Morgan D. Schut (P81009)
       38500 Woodward Ave.; Suite 350
       Bloomfield Hills, Michigan 48304
       Tel: (248) 971-2500
       mschut@finkbressack.com

13