# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ESURANCE INSURANCE COMPANY; and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> ZMC PHARMACY, L.L.C. and JALAL ZAWAIDEH, R.PH., <br><br> Defendants. | C.A. No. 19-cv-13721-LVP-EAS |

## NOTICE OF SUBPOENA TO LBF GROUP PLLC TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISE IN A CIVIL ACTION

**TO:**

David H. Fink
Nathan J. Fink
Morgan D. Schut
FINK BRESSACK
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
mschut@finkbressack.com

Pursuant to Fed. R. Civ. P. 45(a)(4), please take notice that on **Thursday, August 5, 2021 at 11:00 a.m., LBF Group PLLC** shall produce the documents requested in the attached Schedule A by mail or electronic mail to **Smith & Brink, P.C., 350 Granite Street, Suite 2204, Braintree, MA 02184, ADeNinno@smithbrink.com, LHackett@smithbrink.com** or physically produce to Smith & Brink, 38777 Six Mile Road, Suite 314, Livonia, MI 48152.

[SIGNATURE PAGE FOLLOWS]

Served on you this day,

*/s/ Andrew H. DeNinno*

Richard D. King, Jr.
rking@smithbrink.com
Nathan A. Tilden (P76969)
ntilden@smithbrink.com
Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
Andrew H. DeNinno
adeninno@smithbrink.com
38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214

*Attorneys for Plaintiffs*

Dated: July 15, 2021

## **CERTIFICATE OF SERVICE**

     I, Andrew H. DeNinno, attorney for the plaintiffs, hereby certify that I served a copy of the following documents via electronic mail only:

1. Notice of Subpoena to LBF Group PLLC to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action;
2. Subpoena to LBF Group PLLC to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; and
3. Certificate of Service.

     I hereby certify that I served the foregoing documents on the parties of record through their counsel:

David H. Fink
Nathan J. Fink
Morgan D. Schut
FINK BRESSACK
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
mschut@finkbressack.com

                                      Served on you this day,

                                      */s/ Andrew H. DeNinno*

                                      Richard D. King, Jr.
                                      rking@smithbrink.com
                                      Nathan A. Tilden (P76969)
                                      ntilden@smithbrink.com
                                      Jacquelyn A. McEttrick
                                      jmcettrick@smithbrink.com
                                      Andrew H. DeNinno
                                      adeninno@smithbrink.com
                                      38777 Six Mile Road, Suite 314
                                      Livonia, MI 48152
                                      (734) 521-9000

                                      350 Granite Street, Suite 2204
                                      Braintree, MA 02184
                                      (617) 770-2214
Dated: July 15, 2021                     *Attorneys for Plaintiffs*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| Allstate Insurance Company, et al.<br>*Plaintiff*<br>v.<br>ZMC Pharmacy, L.L.C., et al.<br>*Defendant* | )<br>)<br>) Civil Action No. 19-cv-13721-LVP-EAS<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: LBF Group PLLC c/o Gordon Leff, Registered Agent, 6960 Orchard Lake Rd., Suite 120, W. Bloomfield, MI 48322

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see attached Schedule A.

| Place: Produce by mail or electronic mail to: Smith & Brink, P.C., 350 Granite St., Suite 2204, Braintree, MA 02184, ADeNinno@smithbrink.com, LHackett@smithbrink.com, or physically produce to Smith & Brink, 38777 Six Mile Road, Suite 314, Livonia, MI 48152 | Date and Time:<br>08/05/2021 11:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/15/2021

*DAVID J. WEAVER, CLERK OF COURT*

OR  _/s/ signature_

*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Allstate Insurance Company, et al.                                , who issues or requests this subpoena, are:

Andrew H. DeNinno, Esq., Smith & Brink, P.C., 350 Granite Street, Suite 2204, Braintree, MA 02184, (617) 770-2214, ADeNinno@smithbrink.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-cv-13721-LVP-EAS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **LBF Group PLLC**
on *(date)*              .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## LBF GROUP PLLC

### I. INSTRUCTIONS

A. In the event that you withhold from production any information or document on the grounds of privilege, you must identify the document or information withheld, identify the present custodian of the document or information, and include an identification and description of the nature of the privilege claimed, and the subject matter of the withheld information or document.

B. In answering each request, you are requested to identify and produce all documents in your possession, custody, or control, or in the possession, custody, or control of your employees or agents, and other individuals purporting to act on your behalf.

C. Produce any non-identical copies of any documents or materials responsive to any of these requests.

D. If documents exist and are not produced, the substance of such documents should be set forth and an explanation given as to why the document or documents are not being produced.

### II. DEFINITIONS

A. The words **"and"** and **"or"** shall be deemed to mean **"and/or"**.

B. The term **"communication"** means any act or instance of transferring, transmitting, passing, delivering, or giving information, by oral, written or electronic means, including, but not limited to, notes, letter, telegram, telephone, facsimile, tape, electronic mail, voice mail, or otherwise.

C. **"Create," "created,"** or **"creating"** means to cause to exist, originate, produce, or cause the creation of.

D. As used herein, the terms **"document"** or **"documents"** are defined to be synonymous in meaning and equal in scope to the usage of this term in Rules 34(a) and 45(a) of

1

the Federal Rules of Civil Procedure, including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term. This definition also includes all copies, reproductions, and facsimiles of documents. If copies of documents are not identical for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within the meaning of this definition.

E. The term **"relating to"** means referring to, describing, concerning, evidencing, or constituting.

F. **"Relevant Period"** shall mean the period of time at issue in Allstate's Complaint (January 30, 2013 through the present).

G. **"You"** and/or **"your"** shall mean LBF Group PLLC, its predecessors, present and former parents, subsidiaries and affiliates, as well as all present and former owners, officers, directors, members, employees, agents, assigns, representatives and all other persons or entities under its control or acting on its behalf.

H. The use of the singular form of any word includes the plural and vice versa.

I. For any word or phrase used below that is not specifically defined herein, use the common and usual understanding of said word or phrase in responding to the request.

### III. DOCUMENTS REQUESTED

1. Tax filings prepared for ZMC Pharmacy, L.L.C. from January 30, 2013 to the present.

2. Documents used to prepare tax filings for ZMC Pharmacy, L.L.C. from January 30, 2013 to the present.

3. Communications between you and ZMC Pharmacy, L.L.C. or its employees, agents, or representatives acting on its behalf from January 30, 2013 to the present related to:

      a. The preparation of tax filings for ZMC Pharmacy, L.L.C.;

      b. The identification or calculation of all revenue, income, or assets of ZMC Pharmacy, L.L.C.; and

      c. The identification or calculation of costs, expenses, payments, or transfers by ZMC Pharmacy, L.L.C.

4. Ledgers, profit/loss calculations, records of accounts receivable, billing reports, or other financial reports or summaries in your possession related to ZMC Pharmacy, L.L.C.

5. Documents that contain information identifying assets owned or controlled, in whole or in part, by ZMC Pharmacy, L.L.C., including but not limited to real property, personal property, intangible property, motor vehicles, investments, bank accounts, insurance policies, stock certificates, bonds, trusts, and/or shares in any current or former legal entity.

6. Documents that contain information identifying assets owned or controlled, in whole or in part, by any entity for which you have reason to believe ZMC Pharmacy, L.L.C. had or has any ownership interest or management authority since January 30, 2013.

7. Tax filings prepared for Jalal Zawaideh, R.Ph. from January 30, 2013 to the present.

8. Documents used to prepare tax filings for Jalal Zawaideh, R.Ph. from January 30, 2013 to the present.

9. Tax filings, and documents used to prepare such tax filings, prepared for any entity in which Jalal Zawaideh, R.Ph. held an interest from January 30, 2013 to the present.

10. Documents that contain information identifying assets owned or controlled, in whole or in part, by Jalal Zawaideh, R.Ph. since January 30, 2013, including but not limited to real property, personal property, intangible property, motor vehicles, investments, bank accounts,

insurance policies, stock certificates, bonds, trusts, and/or shares in any current or former legal entity.

11. Communications between you and Jalal Zawaideh, R.Ph or any person acting on his behalf from January 30, 2013 to the present related to the preparation of any tax filings.