UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ESURANCE
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

No: 19-cv-13721
Hon. Linda V. Parker
Mag. Judge Elizabeth Stafford

        Plaintiffs,

vs.

INSCRIBED PLLC; INTEGRATIVE
NEUROLOGY PLLC; DIAGNOSTIC
SOLUTIONS LLC; WOOK KIM, M.D.,
P.C. d/b/a FARMBROOK
INTERVENTIONAL PAIN & EMG;
DETROIT INSTITUTE OF PAIN
MUSCULOSKELETAL MEDICINE
PLLC; MICHIGAN INSTITUTE OF
MUSCULOSKELETAL MEDICINE
PLLC; ZMC PHARMACY, L.L.C.;
INTEGRA LAB MANAGEMENT
LLC; GIREESH VELUGUBANTI,
M.D.; ARVINDER DHILLON, M.D.;
BACHU ABRAHAM, M.D.; AND
JALAL ZAWAIDEH, R.PH.,

        Defendants.

**DEFENDANTS ZMC PHARMACY, L.L.C. AND JALAL ZAWAIDEH'S EMERGENCY MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY PENDING THIS COURT'S EVIDENTIARY HEARING AND DISPOSITION OF ECF NO. 110**

Defendants ZMC Pharmacy, L.L.C. and Jalal Zawaideh, PharmD, by and through their attorneys, Fink Bressack, hereby move this Honorable Court for a protective order pursuant to Fed. R. Civ. P. 26(c) and consistent with E.D. Mich. L.R. 26.4. Defendants rely upon the facts and law set forth herein and in their pending Emergency Motion to Disqualify Smith & Brink, for Sanctions, and for Stay (ECF No. 110) in support of their present Emergency Motion.

Defendants file this as an "Emergency Motion," and respectfully request that this motion be heard on an expedited basis in light of the August 31, 2021 Evidentiary Hearing on ECF No. 110 and the numerous depositions scheduled to be taken before this Court's evidentiary hearing on ECF No. 110. The next deposition is scheduled for this Thursday, August 26, 2021 at 10:00 a.m. Therefore, Defendants respectfully request this Court enter an immediate, short term stay until the Court has ruled on the pending Motion to Disqualify.

The undersigned certifies that he has requested concurrence in the relief sought herein from counsel for the Plaintiffs pursuant to E.D. Mich. LR 7.1 regarding the subject matter of this motion but concurrence was not obtained.

For the reasons set forth in the accompanying brief, ZMC Pharmacy, L.L.C. and Jalal Zawaideh, PharmD respectfully request that this court enter an order immediately staying the proceedings until the Court rules on the pending Motion to Disqualify.

Dated: August 24, 2021

Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
Morgan D. Schut (P81009)
*Attorneys for Defendants ZMC Pharmacy, L.L.C. and Jalal Zawaideh*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
mschut@finkbressack.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ESURANCE
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Plaintiffs,

vs.

INSCRIBED PLLC; INTEGRATIVE
NEUROLOGY PLLC; DIAGNOSTIC
SOLUTIONS LLC; WOOK KIM, M.D.,
P.C. d/b/a FARMBROOK
INTERVENTIONAL PAIN & EMG;
DETROIT INSTITUTE OF PAIN
MUSCULOSKELETAL MEDICINE
PLLC; MICHIGAN INSTITUTE OF
MUSCULOSKELETAL MEDICINE
PLLC; ZMC PHARMACY, L.L.C.;
INTEGRA LAB MANAGEMENT
LLC; GIREESH VELUGUBANTI,
M.D.; ARVINDER DHILLON, M.D.;
BACHU ABRAHAM, M.D.; AND
JALAL ZAWAIDEH, R.PH.,

        Defendants.

No: 19-cv-13721
Hon. Linda V. Parker
Mag. Judge Elizabeth Stafford

**<u>DEFENDANTS ZMC PHARMACY, L.L.C. AND JALAL ZAWAIDEH'S BRIEF IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY PENDING THIS COURT'S EVIDENTIARY HEARING AND DISPOSITION OF ECF NO. 110</u>**

# TABLE OF CONTENTS

**ISSUES PRESENTED** ................................................................................. **iii**
**STATEMENT OF MOST APPROPRIATE AUTHORITIES** .......................... **iv**
**TABLE OF AUTHORITIES** ........................................................................ **v**
**INTRODUCTION AND FACTUAL BACKGROUND** ..................................... **1**
**STANDARD OF REVIEW** ........................................................................... **2**
**ARGUMENT** ............................................................................................... **2**
**CONCLUSION** ........................................................................................... **4**

## ISSUES PRESENTED

1. Should the Court enter an immediate stay of discovery pending its decision on Defendants' Emergency Motion to Disqualify Smith & Brink, ECF No. 110?

    Defendants Answer: Yes.

## STATEMENT OF MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 26(c)

E.D. Mich. L.R. 26.4

# TABLE OF AUTHORITIES

**Cases**
*In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919 (6th Cir. 2019) ........................2
**Rules**
Fed. R. Civ. P. 26(c)..............................................................................................2

## INTRODUCTION AND FACTUAL BACKGROUND

On August 16, 2021, ZMC and Mr. Zawaideh filed their Emergency Motion to Disqualify Smith & Brink, for Sanctions and for Stay ("Emergency Motion to Disqualify Smith & Brink").  *See* ECF No. 110.  The Court set the Emergency Motion to Disqualify for an evidentiary hearing on Tuesday, August 31, 2021 at 1:00 p.m.  *See* ECF No. 113.  Plaintiffs' response is due on August 25, 2021 and Defendants' Reply is due on August 30, 2021.  *See* Docket Text entered on August 18, 2021 at 9:54am. Between now and August 31, 2021, Plaintiffs have five depositions scheduled and they are unwilling to adjourn these depositions pending the Court's ruling on ECF No. 110.  These depositions include the depositions of one former co-defendant in this case.

Defendants' Emergency Motion to Disqualify Smith & Brink arises from Plaintiffs' counsels' conduct on August 5, 2021, wherein Plaintiffs' counsels, Ms. Jacquelyn McEttrick and Mr. Nathan Tilden, engaged in substantive discussions with named Defendant, Mr. Zawaideh, about Plaintiffs' expert and the claims and defenses in this case outside the presence of Mr. Zawaideh's counsel.  *See* ECF No. 110, PageID.3888-90.

If the depositions proceed before the Court rules on the Motion to Disqualify, Allstate will have an unfair advantage in that they will have the ability use the information that they improperly obtained on August 5, 2021.  A protective order is

necessary to limit the damage caused by the communications on August 5, 2021. Proceeding with the depositions with the Motion to Disqualify still pending presents the risk of significant prejudice to Defendants. In contrast, if the Court temporarily stays discovery, and then ultimately denies the Motion to Disqualify, Allstate will not be prejudiced, because it can simply reschedule the depositions.

## STANDARD OF REVIEW

For "good cause," Fed. R. Civ. P. 26(c) allows the issuance of protective orders in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To show good cause for a protective order, the moving party is required to make a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (internal citations omitted).

## ARGUMENT

Good cause exists for the issuance of a protective order staying discovery until this Court's decision on ZMC and Mr. Zawaideh's Emergency Motion to Disqualify Smith & Brink because ZMC and Mr. Zawaideh will be prejudiced if Smith & Brink is permitted to use information improperly obtained by Smith & Brink from Mr. Zawaideh.

Before a deposition on August 5, 2021, and during a break in that deposition, Ms. McEttrick engaged in substantive discussions with Mr. Zawaideh about this case while Mr. Tilden sat nearby and listened. *See* ECF No. 110 and ECF No. 110-2. Mr. Zawaideh shared information about his and ZMC's defenses and defense strategy, in part by explaining the details of ZMC's business practices and the reasonableness of ZMC's fees charged to Plaintiffs' counsel. *See* ECF No. 110-2, PageID. 3910-14. Discovery should be temporarily stayed until this Court rules on the pending Motion to Disqualify.

Allstate has scheduled five depositions between now and the evidentiary hearing on the Motion to Disqualify on August 31, 2021. If those depositions proceed before the Court rules on the pending Motion to Disqualify, there is a serious risk of prejudice to Defendants. Allstate will be able to use the information improperly obtained on August 5 to its unfair advantage during the depositions. Allstate could use the information gained from Smith & Brink's improper *ex-parte* communications with Mr. Zawaideh to formulate their questions of third party witnesses, including one former Co-Defendant (and alleged co-conspirator in a RICO conspiracy) in this case.  In addition, Allstate's attorneys have made themselves necessary witnesses in this case as a result of these communications. *See* ECF No. 110, PageID.3900-03. Without an immediate stay of discovery, if the Court ultimately grants the Motion to Disqualify, Defendants could suffer irreparable harm

3

because Allstate will benefit from an unfair advantage by Smith & Brink using improperly-obtained information in their questions and strategy in the depositions.

In light of these circumstances, this Court should immediately, temporarily stay discovery, until it rules on the pending Motion to Disqualify. While Defendants could face irreparable harm if these depositions proceed as scheduled, Allstate will face no prejudice. The depositions can, of course, be taken after the Court rules on the pending Motion to Disqualify. The risk of prejudice to ZMC and Mr. Zawaideh far outweighs any risk of prejudice to Allstate.

## CONCLUSION

ZMC and Mr. Zawaideh respectfully request the issuance of a protective order in this case immediately, temporarily staying discovery while their Emergency Motion to Disqualify Smith & Brink remains pending.

Dated:  August 24, 2021

Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
Morgan D. Schut (P81009)
*Attorneys for Defendants ZMC Pharmacy, L.L.C. and Jalal Zawaideh*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com

nfink@finkbressack.com
mschut@finkbressack.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2021 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send such notification to all ECF attorneys of record.

**FINK BRESSACK**

By: /s/ Morgan D. Schut
Morgan D. Schut (P81009)
38500 Woodward Ave.; Suite 350
Bloomfield Hills, Michigan 48304
Tel: (248) 971-2500
mschut@finkbressack.com