UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ESURANCE
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Plaintiffs,

vs.

INSCRIBED PLLC; INTEGRATIVE
NEUROLOGY PLLC; DIAGNOSTIC
SOLUTIONS LLC; WOOK KIM, M.D.,
P.C. d/b/a FARMBROOK
INTERVENTIONAL PAIN & EMG;
DETROIT INSTITUTE OF PAIN
MUSCULOSKELETAL MEDICINE
PLLC; MICHIGAN INSTITUTE OF
MUSCULOSKELETAL MEDICINE
PLLC; ZMC PHARMACY, L.L.C.;
INTEGRA LAB MANAGEMENT
LLC; GIREESH VELUGUBANTI,
M.D.; ARVINDER DHILLON, M.D.;
BACHU ABRAHAM, M.D.; AND
JALAL ZAWAIDEH, R.PH.,

        Defendants.

No: 19-cv-13721
Hon. Linda V. Parker
Mag. Judge Elizabeth Stafford

**NON-PARTY SHARI PAVLOVICH'S
<u>MOTION TO QUASH SUBPOENA</u>**

## NON-PARTY SHARI PAVLOVICH'S
## <u>MOTION TO QUASH SUBPOENA</u>

Non-party Shari Pavlovich, through her attorneys, Mantese Honigman, P.C., moves this Court to quash the subpoena prepared by Fink Bressack, attorneys for Defendants, on August 20, 2021 and emailed to Fortz Legal Support, LLC on August 23, 2021. The subpoena, attached as Exhibit 2 to Ms. Pavlovich's Brief, was served on Ms. Pavlovich at approximately 5:30 PM on August 24, 2021, though it relates to an evidentiary hearing scheduled to take place in only six days on August 31, 2021. Ms. Pavlovich requests entry of an Order quashing the subpoena as it subjects her to undue burden and expense, and, moreover, fails to provide a reasonable time to comply. In the alternative, if the Court is not inclined to quash the subpoena, Ms. Pavlovich requests entry of an Order requiring Defendants to compensate her for lost earnings, as she will lose the opportunity to provide the court reporting services that she is currently scheduled to provide on August 31, 2021. In either event, Ms. Pavlovich also requests entry of an Order requiring Defendants to pay her reasonable attorney fees incurred in relation to Defendants' subpoena.

|  |  |
|---|---|
|  | Respectfully Submitted, <br> **MANTESE HONIGMAN, P.C.** <br> *Attorney for Non-Party Shari Pavlovich* <br><br> /s/ *Ian M. Williamson* <br> Ian M. Williamson (P65056) <br> iwilliamson@manteselaw.com <br> 1361 E. Big Beaver Road, Troy, MI 48083 |
| Dated: August 27, 2021 | (248) 457-9200 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ESURANCE
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

No: 19-cv-13721
Hon. Linda V. Parker
Mag. Judge Elizabeth Stafford

        Plaintiffs,

vs.

INSCRIBED PLLC; INTEGRATIVE
NEUROLOGY PLLC; DIAGNOSTIC
SOLUTIONS LLC; WOOK KIM, M.D.,
P.C. d/b/a FARMBROOK
INTERVENTIONAL PAIN & EMG;
DETROIT INSTITUTE OF PAIN
MUSCULOSKELETAL MEDICINE
PLLC; MICHIGAN INSTITUTE OF
MUSCULOSKELETAL MEDICINE
PLLC; ZMC PHARMACY, L.L.C.;
INTEGRA LAB MANAGEMENT
LLC; GIREESH VELUGUBANTI,
M.D.; ARVINDER DHILLON, M.D.;
BACHU ABRAHAM, M.D.; AND
JALAL ZAWAIDEH, R.PH.,

        Defendants.

## BRIEF IN SUPPORT OF
## NON-PARTY SHARI PAVLOVICH'S
## <u>MOTION TO QUASH SUBPOENA</u>

# ISSUES PRESENTED

I. Should the Court quash a subpoena issued to a non-party court reporter demanding her appearance at an evidentiary hearing where the subpoena would unduly burden the non-party by causing her to lose income from a previously scheduled deposition, the non-party has offered to provide testimony via an affidavit in order to avoid losing income, and the subpoena was served on the non-party only seven days prior to the evidentiary hearing at issue?

    Plaintiffs' response:    Unknown.

    Defendants' response:    No.

    Non-party's response:    Yes.

II. In the alternative, should the Court order that Defendants compensate the non-party for the income she will lose if she is forced to attend and provide testimony at the August 31, 2021 evidentiary hearing where the non-party stands to lose income of up to $1,000 or more and the non-party's work as a court reporter is not a steady, salaried position but rather is dependent on taking court reporting jobs as they become available?

    Plaintiffs' response:    Unknown.

    Defendants' response:    No.

    Non-party's response:    Yes.

III. In either event, should the Court order Defendants to pay the non-party's reasonable attorney fees arising out of Defendants' issuance of their subpoena?

    Plaintiffs' response:    Unknown.

    Defendants' response:    No.

    Non-party's response:    Yes.

## STATEMENT OF CONTROLLING
## OR MOST APPROPRIATE AUTHORITY

The controlling and most appropriate authority in this matter is Fed. R. Civ. P. 45(d)(1), which requires parties or attorneys issuing subpoenas to take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena, and *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018), which notes that courts should factor in the status of a person as a non-party when determining whether a subpoena presents an undue burden.

## RELEVANT FACTS

Non-Party Shari Pavlovich is a court reporter who frequently works through Fortz Legal Support, LLC. Ms. Pavlovich was the court reporter during a deposition that took place in this case on August 5, 2021. The parties are currently engaged in a dispute regarding a conversation that occurred off the record during a break in the deposition proceedings on that date. Ms. Pavlovich was present in the room when the conversation took place, though she was not a participant and was not paying close attention to the conversation. (**Ex 1**, *Affidavit of Shari Pavlovich*, ¶¶ 4-8).

After the deposition, counsel for Defendants contacted Ms. Pavlovich, recited several statements that were allegedly made during the deposition, and asked Ms. Pavlovich whether she had heard the statements. (**Ex 1**, ¶¶ 9, 10, 12). Ms. Pavlovich recalled hearing a few of the words recited by Defendants' counsel but did not recall the specific phrases as she was working on editing the transcript at the time and was not involved in the conversation. (**Ex 1**, ¶¶ 11, 13, 14). Defendants' counsel nevertheless asked Ms. Pavlovich to sign an affidavit stating that she recalled hearing Plaintiffs' counsel make several specific statements. Ms. Pavlovich was not willing to sign the proposed affidavit because she did not recall those specific statements.

On August 20, 2021, counsel for Defendants prepared a subpoena seeking to compel Ms. Pavlovich to appear and provide testimony at an evidentiary hearing

scheduled for Tuesday, August 31, 2021. (**Ex 2**, *Subpoena*). On August 23, 2021, counsel for Defendants emailed the subpoena to Fortz Legal. The subpoena was not served on Ms. Pavlovich until approximately 5:30 PM on August 24, 2021.

Ms. Pavlovich is currently scheduled as court reporter for a deposition taking place on Tuesday, August 31, 2021. (**Ex 3**, *Affidavit of Shaun Fitzpatrick*, ¶ 5). The deponent in that case has a strong accent, and Ms. Pavlovich is familiar with it as she has provided court reporting services on the matter before. (**Ex 3**, ¶ 6). Depending on the length of the deposition, Ms. Pavlovich will lose income that could exceed $1,000 if she is not available to cover it on August 31st. (**Ex 3**, ¶ 7).

If Ms. Pavlovich is required to appear and testify at a hearing on August 31, 2021, she will not be able to handle the deposition scheduled for that date and will lose the income that she would otherwise have earned through providing court reporting services for that deposition. (**Ex 3**, ¶ 9). In order to preserve her income, Ms. Pavlovich offered to sign an affidavit reflecting her anticipated testimony in lieu of appearing at the evidentiary hearing. (*See* **Ex 1**; **Ex 4**, *Williamson Email 8/23/2021*). Defendants' counsel refused to withdraw the subpoena.

## LEGAL ARGUMENT

Fed. R. Civ. P. 45(d)(1) requires that a party or attorney responsible for issuing and serving a subpoena take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. When determining whether an undue

burden exists, courts must balance the need for the discovery against the burden imposed on the person from which it is sought, and the status of that person as a non-party is a factor to be considered. *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018). Here, the testimony that Ms. Pavlovich would provide has already been supplied via her affidavit. (*See* **Ex 1**). To the extent that the parties are fighting over whether specific phrases were uttered, Ms. Pavlovich cannot resolve the dispute. She recalls hearing certain words that may be consistent with Defendants' allegations, but she was focused on editing the transcript and checking her emails at the time and was not a participant in the conversation at issue.

As a non-party with very limited information to offer, Ms. Pavlovich has no stake in the parties' dispute. However, she does stand to lose income if she is forced to attend the evidentiary hearing on August 31, 2021. Court reporting is not a regular salaried job, and many court reporters have seen significant reductions in income over the past 17 months due to disruptions in litigation scheduling relating to the COVID-19 pandemic. Ms. Pavlovich is no exception. While Defendants' attorneys suggest that she simply "schedule" her testimony in the middle of a deposition in another case, there is absolutely no guarantee that the timing for the hearing will allow for this, and it is unreasonable to expect the attorneys in the unrelated case to have their deposition subject to sudden interruption whenever Ms. Pavlovich's testimony becomes "necessary" at the hearing. In short, if she cannot be available to

3

provide uninterrupted court reporting services as scheduled on August 31, 2021, Ms. Pavlovich will lose the opportunity to handle the deposition, along with the income that would come with it.

Moreover, In addition to Ms. Pavlovich's presence, the subpoena also demands that Ms. Pavlovich produce "any recordings, notes, or documents related to the deposition of Jla Monet Devereaux on August 5, 2021, including any such materials related [sic] the breaks that occurred during said deposition." (**Ex 1**). Accordingly, not only will Ms. Pavlovich lose income if she is forced to comply with the subpoena, she will also be forced to spend additional time combing through her notes and compiling recordings and raw deposition materials for production to Defendants, without compensation.

## CONCLUSION

Under the circumstances, Defendants' subpoena, if enforced, will interfere with Ms. Pavlovich's employment and cause her to lose needed income in exchange for information that is rudimentary at best and has already been provided through her affidavit. This is an undue burden, and the subpoena was only served a week before the hearing, which is an inadequate time for compliance (by way of comparison, the Michigan Court Rules require no less than 14 days for compliance for non-party subpoenas). Ms. Pavlovich requests that this Court enter an Order quashing Defendants' subpoena dated August 20, 2021 and served on August 24,

4

2021, or, in the alternative, requiring that Defendants pay to Ms. Pavlovich a sum equal to the income that she will lose if she is required to attend the August 31, 2021 evidentiary hearing. In either case, Ms. Pavlovich also requests entry of an Order requiring that Defendants pay for the reasonable attorney fees and costs incurred in responding to Defendants' subpoena.

        Respectfully Submitted,
        **MANTESE HONIGMAN, P.C.**
        *Attorney for Non-Party Shari Pavlovich*

        /s/ *Ian M. Williamson*
        Ian M. Williamson (P65056)
        iwilliamson@manteselaw.com
        1361 E. Big Beaver Road
        Troy, MI 48083
        (248) 457-9200

Dated: August 27, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of the same to all counsel of record.

By: */s/ Sherri Sikorski*
Sherri Sikorski, Legal Assistant
ssikorski@manteselaw.com
**MANTESE HONIGMAN P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200
